MARIO A. MOYA (State Bar No. 262059)
MOYA LAW FIRM
1300 Clay Street, Suite 600
Oakland, California 94612
Tel: 510.926.6521
Fax: 510.340.9055
Email: mmoya@moyalawfirm.com

Attorneys for Defendant
DASAGROUP HOLDINGS CORP.
   d/b/a KICKHASS AVOCADOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFERIES FUNDING, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>DASAGROUP HOLDINGS CORP. (d/b/a KICKHASS AVOCADOS) and LONDON FRUIT, INC.,<br><br>        Defendants. | Case No. 3:24-cv-05639-TLT<br><br>**DEFENDANT DASAGROUP HOLDINGS CORP. (d/b/a KICKHASS AVOCADOS)'S FIRST AMENDED ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM**<br><br>JURY TRIAL DEMANDED |
| DASAGROUP HOLDINGS CORP. (d/b/a KICKHASS AVOCADOS),<br><br>        Counter- and Cross-Claimant,<br><br>    v.<br><br>JEFFERIES FUNDING, LLC,<br><br>        Counter-Defendant,<br><br>and LONDON FRUIT, INC.,<br><br>        Cross-Defendant | |

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Dasagroup Holdings Corp. d/b/a Kickhass Avocados ("Defendant") hereby responds to the complaint filed by Plaintiff Jefferies Funding, LLC.

## NATURE OF THE DISPUTE

1.    Defendant is without information sufficient to admit or deny any commercial relationship between Plaintiff, on the one hand, and Silo Technologies, Inc. or any of its affiliates, on the other, and on that basis denies such allegation, but admits that Silo Technologies appears to have been in the business of purchasing agricultural trade receivables.  Defendant denies the remainder of the allegations in Paragraph 1.

2.    The Master Services Agreement between Silo Technologies and Defendant speaks for itself and does not require a response.  To the extent that it does, Defendant admits the first two sentences of Paragraph 2.   Defendant is without information sufficient to admit or deny the third sentence of Paragraph 2, as it does not have knowledge of whether the Affected Receivables were pledged by Silo Capital Resources I LLC to Plaintiff as alleged.

3.    Defendant is without information sufficient to admit or deny the allegations of Paragraph 3 and on that basis denies such allegations.

4.    Defendant admits that "Silo Technologies has not received the money it is owed on Affected Receivables because . . . London Fruit has failed to make full payment, in breach of its purchase agreement(s) with Kickhass," but denies all other allegations of Paragraph 4, which are also editorialized and call for a legal conclusion.

5.    Defendant denies the first sentence of Paragraph 5.  As for the second sentence of Paragraph 5, Defendant is without information sufficient to admit or deny allegations concerning the knowledge of other parties  and on that basis denies such allegations.  Defendant also denies the latter part of the second sentence of Paragraph 5, which is editorialized and calls for  legal conclusion.

6.    Defendant admits that it received a demand for payment from Plaintiff as alleged in the first sentence of Paragraph 6, but denies all other allegations in the first sentence. Defendant denies the second sentence of Paragraph 6, which is editorialized and also calls for a legal conclusion.

7. Defendant admits that it entered into a Forbearance Agreement with Silo Technologies on or about June 19, 2024, and the Forbearance Agreement speaks for itself. Defendant denies all remaining allegations of Paragraph 7.

8. Defendant admits that it made payments under the Forbearance Agreement but denies the remaining allegations of Paragraph 8, which call for legal conclusions. The Forbearance Agreement speaks for itself, and Defendant denies the remaining allegations of Paragraph 8.

9. Defendant is without information sufficient to admit or deny the allegations of Paragraph 9 concerning which "bank statements" were reviewed and on that basis denies such allegations. As for the remaining allegations of Paragraph 9, Defendant admits receiving payments from London Fruit for payments owed to Defendant, but denies the remainder of allegations of Paragraph 9, some of which also call for legal conclusions.

10. Defendant denies the implied suggestions and legal conclusions of Paragraph 10 that all payments received from London Fruit "should have gone to Silo" and could not be used for Defendant's "own business purposes" under the circumstances in which they were received. Defendant admits that its CEO had a telephone call with representatives of Silo on or about Aug. 6, 2024, but denies the mischaracterization and editorialization of that telephone conversation. Defendant denies the last sentence of Paragraph 10 as argumentative and calling for a legal conclusion. Defendant denies all other allegations of Paragraph 10.

11. Defendant responds that the allegations in Paragraph 11 constitute legal conclusions to which no response is required, and on that basis, the allegations are denied.

### PARTIES

12. Defendant is without information sufficient to admit or deny the commercial interrelationships between Plaintiff and its various affiliates and on that basis denies those allegations. Defendant admits the remaining allegations of Paragraph 12.

13. Defendant admits that it has its principal place of business in Shoreline, Washington, but denies the remaining allegations of Paragraph 13.

14. Defendant admits that when it first contracted with defendant London Fruit, it was a Texas corporation with its principal place of business in Pharr, Texas. Upon information and

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

belief and also from a search of the Texas Comptroller of Public Accounts, the company has since been purchased by another company, and its current principal place of business is unknown to Defendant but appears to now be San Francisco, California.

## JURISDICTION AND VENUE

15.    Defendant admits the jurisdictional allegations of Paragraph 15.

16.    Defendant admits the jurisdictional allegations of Paragraph 16.

17.    Defendant states that the Master Services Agreement speaks for itself.  Defendant denies the remaining allegations of Paragraph 17, which call for a legal conclusion.

18.    Defendant does not contest that venue stated in Paragraph 18 is proper in the Northern District of California, San Francisco Division

## GENERAL ALLEGATIONS

### A. Relationship between Kickhass, London Fruit and Silo Technologies

19.    Defendant is without information sufficient to admit or deny the allegations in Paragraph 19 about what types of financing Silo Technologies provides to other "sellers of produce and other perishable food," but admits that it did provide such financing to Defendant.

20.    Defendant is without information sufficient to admit or deny the allegations in Paragraph 20 about the percentage range of advances that Silo Technologies provides to "Produce Sellers" and what types of instructions are provided to "Produce Buyers" and on that basis denies the allegations.

21.    Defendant states that the Instant Pay Program Order Form and the Master Services Agreement speak for themselves, and any remaining allegations of Paragraph 21 are denied.

22.    Defendant admits that the Master Services Agreement attached as Exhibit B speaks for itself, and denies all other allegations of Paragraph 22.

23.    Defendant denies all allegations of Paragraph 23 that call for a legal conclusion about what it may have done "[i]n compliance with" the Master Services Agreement.  Defendant admits that the remainder of Paragraph 23.

24.    Defendant is without sufficient information to admit or deny whether Silo Technologies made any "determin[ation]" about the eligibility of London Fruit under the terms

---

of the Master Services Agreement, and on that basis denies that allegation.  As for the remainder of Paragraph 24, the Master Services Agreement speaks for itself, and any remaining allegations of Paragraph 24 are denied.

25.     Defendant admits the allegations of Paragraph 25.

26.     Defendant admits the allegations of Paragraph 26.

27.     Defendant denies the allegations of Paragraph 27.

28.     Defendant admits the substance of the conference call alleged at Paragraph 28 and the information that was conveyed by London Fruit, but denies the remainder of the allegations of Paragraph 28.

29.     Defendant denies the allegations of Paragraph 29.

30.     Defendant admits that London Fruit made partial payments to Kickhass during a time when Kickhass was also making payments to Silo, but denies the remaining allegations of Paragraph 30.

31.     Defendant admits that "bank statements" speak for themselves.  As for the remaining allegations of Paragraph 31, Defendant admits receiving payments from London Fruit, but denies the remainder of allegations of Paragraph 31, some of which also call for legal conclusions.

32.     Defendant admits that its CEO had a telephone call with representatives of Silo on or about Aug. 6, 2024, but denies the mischaracterization and editorialization of that telephone conversation.  Defendant denies the remainder of Paragraph 32 as argumentative, presuming facts, and calling for a legal conclusion.  Defendant denies all other allegations of Paragraph 32.

33.     Defendant states that the Master Service Agreement speaks for itself, and the remaining allegations of Paragraph 33 call for conclusions of law, all of which are denied

34.     Defendant states that the Master Service Agreement speaks for itself, and the remaining allegations of Paragraph 34 call for conclusions of law, all of which are denied.

**B.  Relationship between Silo Technologies, Silo Capital and Jefferies.**

35.      Defendant admits that Silo Technologies acquired receivables from Defendant as part of a business relationship.  As to all other allegations of Paragraph 35, Defendant is without information sufficient to admit or deny the remainder of the allegations, including the

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

commercial interrelationships between Silo Technologies and Silo Capital, and on that basis denies all such allegations.

36.    Defendant is without information sufficient to admit or deny the allegations of Paragraph 36 and on that basis denies such allegations.

37.    Defendant is without information sufficient to admit or deny the allegations of Paragraph 37 and on that basis denies such allegations.

38.    Defendant is without information sufficient to admit or deny the allegations of Paragraph 38 and on that basis denies such allegations.

39.    The allegations of Paragraph 39 call for conclusions of law about interrelationships between parties affiliated with Plaintiff (of which Defendant is without information sufficient to admit or deny), accordingly, Defendant denies all such allegations.

40.    The allegations of Paragraph 40 call for conclusions of law, all of which are denied.

41.    The allegations of Paragraph 41 call for conclusions of law, all of which are denied.

42.    Defendant admits the allegations of Paragraph 42.

43.    Defendant states that the Kickhass Forbearance Agreement speaks for itself, and the remaining allegations of Paragraph 43 call for conclusions of law, all of which are denied.

44.    Defendant admits that it has failed to pay the payments referenced in Paragraph 44 "in full," but denies the remainder of the allegations of Paragraph 44.

45.     Defendant denies the allegations of Paragraph 45.

46.    Defendant denies the allegations of Paragraph 46.

**COUNT I:  BREACH OF CONTRACT (against Kickhass)**

47.    Defendant incorporates by reference its responses to Paragraphs 1-46 as if fully set forth herein.

48.    Defendant states that the Master Services Agreement speaks for itself.  Any remaining allegations in Paragraph 48 are denied.

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

49. Defendant is without information sufficient to admit or deny any notes, commercial instruments, or security agreements issued or executed between Silo Technologies and Plaintiff, and on that basis denies the allegations in Paragraph 49.

50. Defendant denies the allegations of Paragraph 50.

51. Defendant states that the Master Agreement speaks for itself, and any remaining allegations of Paragraph 51 are denied.

52. Defendant admits that London Fruit made certain payments with respect to the Affected Receivables directly to Kickhass and that Kickhass made payments to Silo's Payment Account; Defendant denies the remaining allegations of the first sentence of Paragraph 52. As for the remainder of Paragraph 52, Defendant states that the Master Services Agreement speaks for itself, and any remaining allegations in Paragraph 52 are denied.

53. Defendant admits only that the "bank statements" speak for themselves. As for the remaining allegations of Paragraph 53, Defendant admits receiving payments from London Fruit, but denies the remainder of allegations of Paragraph 53, some of which also call for legal conclusions.

54. Defendant denies the allegations of Paragraph 54.

55. Defendant denies the allegations of Paragraph 55.

56. Defendant denies the allegations of Paragraph 56.

57. Defendant denies the allegations of Paragraph 57.

## COUNT II: FRAUD (against Kickhass)

58. Defendant incorporates by reference its responses to Paragraphs 1-58 as if fully set forth herein.

59. Defendant denies the allegations of Paragraph 59.

60. Defendant admits that London Fruit made partial payments to Kickhass during a time when Kickhass was also making payments to Silo, but denies the remaining allegations of Paragraph 60.

61. Defendant denies the allegations of Paragraph 61.

62. Defendant denies the allegations of Paragraph 62.

63. Defendant denies the allegations of Paragraph 63.

## COUNT III:  CONVERSION (against Kickhass)

64.    Defendant incorporates by reference its responses to Paragraphs 1-64 as if fully set forth herein.

65.    Defendant admits that London Fruit made partial payments to Kickhass during a time when Kickhass was also making payments to Silo, but denies the remaining allegations of Paragraph 65.

66.    Defendant admits only that the "bank statements" speak for themselves.  As for the remaining allegations of Paragraph 66, Defendant admits receiving payments from London Fruit, but denies the remainder of allegations of Paragraph 66, some of which also call for legal conclusions.

67.    Defendant denies the allegations of Paragraph 67, including all such allegations that call for legal conclusions.

68.    Defendant denies the allegations of Paragraph 68.

69.    Defendant denies the allegations of Paragraph 69, which calls for a legal conclusion.

70.    Defendant denies the allegations of Paragraph 70, which calls for a legal conclusion.

71.    Defendant denies the allegations of Paragraph 71, including all such allegations that call for legal conclusions about issues of harm, causation, and the characterization of any possession or custody of disputed funds.

## COUNT IV:  BREACH OF CONTRACT (against London Fruit)

72.    Defendant incorporates by reference its responses to Paragraphs 1-72 as if fully set forth herein.

73.    Defendant admits the allegations of Paragraph 73.

74.    Defendant states that the Master Services Agreement speaks for itself.  Defendant denies the remaining allegations of Paragraph 74, which call for a legal conclusion.

75.    Defendant is without information sufficient to admit or deny any notes, commercial instruments, or security agreements issued or executed between Silo Technologies and Plaintiff, and on that basis denies the allegations in Paragraph 75.

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

76.    Defendant admits the allegations of Paragraph 76.

77.    Defendant states that the Master Services Agreement speaks for itself, and Defendant denies the remaining allegations of Paragraph 77, which call for a legal conclusion.

78.    Defendant admits that London Fruit has failed to pay amounts outstanding on Defendant's invoices, but denies the remainder of the allegations of Paragraph 78.

79.    Defendant denies the allegations of Paragraph 79, which calls for a legal conclusion.

80.    Defendant denies the allegations of Paragraph 80, including all such allegations that call for legal conclusions about issues of payment, harm, costs, and attorneys' fees.

*    *    *

81.    Defendant further denies any allegations in Plaintiff's complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses to Plaintiff's complaint:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to Plead Fraud with Particularity - Fed. R. Civ. P. 9(b))**

82.    Plaintiff's claim for fraud (Count II) is not pleaded with sufficient particularity to state a cause of action against Defendant under Fed. R. Civ. P. 9(b).

### SECOND AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

83.    Plaintiff's claims, and each purported claim alleged therein, fail to state a cause of action against Defendant under Fed. R. Civ. P. 12(b)(6).

### THIRD AFFIRMATIVE DEFENSE
**(Rescission - Civil Code § 1689(b))**

84.    Plaintiff's claims are barred, in whole or in part, because the Forbearance Agreement is rescinded by operation of law per Civil Code § 1689(b) and other applicable legal principles.

### FOURTH AFFIRMATIVE DEFENSE
**(Bad Faith & Unclean Hands)**

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

85.     Plaintiff's claims are barred, in whole or in part, because the relief sought is barred by their own improper, bad faith, unlawful and inequitable conduct, and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Standing)

86.     Plaintiff's claims are barred, in whole or in part, for lack of standing and/or absence of privity of contract with respect to Defendants' prior Master Services Agreement with Silo Technologies.

## SIXTH AFFIRMATIVE DEFENSE
### (Indemnity and Contribution)

87.     As to each claim  alleged against Defendant, Defendant submits that the Plaintiff and other third parties, including but not limited to defendant London Fruit, Inc., are obligated to indemnify defendant for any damages awarded to Plaintiff or to any other party as a result of the matters alleged.  If Defendant is subjected to any liability to Plaintiff or any other party, then such liability would be due, in whole or in part, to the acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, defendant London Fruit, Inc., or others; and, wherefore, principles of contribution and comparative fault would require that any recovery obtained by Plaintiff against Defendant should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons and entities, their agents, servants and employees who contributed to and/or caused any such injury and/or damages, and the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributed to it.

## SEVENTH AFFIRMATIVE DEFENSE
### (Illegality/Unlawfulness)

88.     Plaintiff's complaint is barred, in whole or in part, because the terms of the Master Services Agreement, the Forbearance Agreement, and any late-payment penalties due under such agreements (including a purported waiver of the automatic stay under 11 U.S.C. § 362) are illegal and/or unlawful under applicable law, including Civil Code § 1671(b), commercial lender licensing laws, and any such late fees previously paid by Defendant should be refunded to Defendant.

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

## EIGHTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment/Payment Under Duress)

89.    Plaintiffs claims are barred, in whole or in part, to avoid Plaintiff's unjust enrichment and its retention of money paid by Defendant under protest and/or under threat of severe economic distress that Defendant had no reasonable alternative except to pay disputed amounts under protest.

## NINTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

90.    Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## TENTH AFFIRMATIVE DEFENSE
### (Set-Off, Offset and/or Recoupment)

91.    Plaintiff's claims are barred, in whole or in part, because for some or all of the claims asserted, Defendant is entitled to a set-off, offset, and/or recoupment of any monetary damages and improper fees.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

92.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to take proper and reasonable steps to avoid, minimize, or mitigate its alleged damages, if any, and to the extent of such failure to mitigate, any damages that may be awarded must be reduced accordingly or eliminated entirely.

## TWELFTH AFFIRMATIVE DEFENSE
### (Privilege)

93.    Plaintiff's claims are barred, in whole or in part, because all acts by Defendant alleged to be unlawful, improper, or amount to a breach of contract were privileged and justified.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

94.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were not directly or proximately caused in whole or in part, by Defendant, and such damages, if any, must be decreased by the extent to which the acts or omissions of Plaintiff or any other third parties were a cause of any such damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Comparative Fault)**

95.    The Complaint and each of its causes of action are barred, or recovery is reduced, by Plaintiff's carelessness, recklessness and/or negligence in connection with the matters alleged in the Complaint.  Plaintiff failed to use ordinary care and diligence in the performance of its duties and/or failed to comply substantially with the reasonable directions of Defendant, and such failure to use ordinary care and diligence proximately caused the alleged losses for which it seeks relief.

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Reasonableness/Good Faith)**

96.    Defendant acted reasonably, in good faith, and with due care at all times based on all relevant facts and circumstances known by Defendant at the time it acted.

### SIXTEENTH AFFIRMATIVE DEFENSE
**(Excuse)**

97.    Plaintiff's claims are barred, in whole or in part, because any performance required of Defendant was excused by virtue of the prior conduct of Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE
**(Unconscionability)**

98.    Plaintiff's claims are barred, in whole or in part, because any Forbearance Agreement executed by Defendant was procedurally and substantively unconscionable and unenforceable.

### EIGHTEENTH AFFIRMATIVE DEFENSE
**(*In Pari Delicto*)**

99.    The Complaint, and each purported cause of action alleged therein, is barred in whole or in part, by the doctrine of *in pari delicto* because Plaintiff was equally responsible for the harms alleged therein.

### NINETEENTH AFFIRMATIVE DEFENSE
**(Lack of Consideration)**

100.    The Complaint, and each purported cause of action alleged therein, is barred in whole or in part, for failure of consideration.

### TWENTIETH AFFIRMATIVE DEFENSE

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

**(Illusory Contract)**

101.    The Complaint, and each purported cause of action alleged therein, is barred in whole or in part, because of illusory promises by Defendant's counterparty.

## ADDITIONAL DEFENSES & RESERVATION OF RIGHTS

102.    Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses to the complaint.  Defendant reserves the right to assert additional defenses in the event it learns, through discovery or otherwise, that any such defenses would be appropriate.  Defendant reserves the right to amend this answer accordingly.

## PRAYER FOR RELIEF

Defendant prays as follows:

1.    That Plaintiff's claims be dismissed with prejudice;

2.    That Plaintiff take nothing by way of its complaint and that judgment be entered in favor of Defendant;

3.    For costs of suit and reasonable attorneys' fees incurred herein; and

4.    For such other relief as the Court deems just and proper.

## JURY DEMAND (ON COMPLAINT)

Defendant demands a trial by jury on Plaintiff's complaint.

---

## FIRST AMENDED COUNTERCLAIM AND CROSSCLAIM

Pursuant to Federal Rule of Civil Procedure 13, Defendant Dasagroup Holdings, Inc. d/b/a Kickhass Avocados ("Defendant/Counterclaimant") hereby asserts the following counterclaim against Plaintiff Jefferies Funding, LLC ("Plaintiff") and cross-claim against Defendant London Fruit, Inc. ("Cross-Defendant").

1.    Defendant incorporates all allegations of his Answer filed in this action, including the factual allegations of his affirmative defenses, as if fully set forth herein.

## PARTIES

2.        Defendant and Counterclaimant/Cross-Claimant Dasagroup Holdings Corp. dba Kickhass Avocados ("Defendant/Counterclaimant") is a Washington corporation with its principal place of business in Shoreline, Washington.

3.        Plaintiff and Counter-Defendant Jefferies Funding LLC is a Delaware limited liability company with its principal place of business in New York, New York.

4.        Defendant and Cross-Defendant London Fruit, Inc. is a Texas corporation.  On information and belief, its new principal place of business is San Francisco, California.

## JURISDICTION

5.        This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1367. Diversity of citizenship exists between the parties; the amount in controversy exceeds $75,000; and the counterclaim and crossclaim asserted are also within the supplemental jurisdiction of this Honorable Court.

6.        Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the complaint occurred in this District. Moreover, assignment to the San Francisco Division is appropriate under Civil Local Rule 3-2(d) because a substantial part of the events giving rise to the claims occurred in San Francisco County, California, where, upon information and belief, Cross-Defendant London Fruit maintains its principal place of business in San Francisco, California.

7.        Pursuant to the choice of law provision in the parties' Master Services Agreement (at ¶ 42), California law governs the parties' rights and obligations in this matter.

## GENERAL ALLEGATIONS

8.        Defendant/Counterclaimant buys and sells wholesale quantities of perishable agricultural commodities, to whit, avocados in interstate and/or foreign commerce.

9.        Defendant/Counterclaimant trades in fresh fruit commodities the United States Department of Agriculture ("USDA") expressly recognize as commodities covered under the provisions of the Perishable Agricultural Commodities Act, 1930, *as amended*, 7 U.S.C. §§ 499a-499t ("PACA").

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

10.     On information and belief Silo Technologies, Inc. ("Silo"), the alleged predecessor in interest of Plaintiff Jeffries, was a Delaware corporation registered to do business in California with its principal place of business located at 149 New Montgomery St., San Francisco, CA 94105. At all times relevant to this action:

      a.   Silo was and is the holder of PACA license number 20210463, which the USDA issued to Silo on or about February 11, 2021;

      b.   As a PACA licensee, Silo was and is a "dealer" of Produce as defined by PACA.

11.     On or about June 6, 2022, Kickhass and Silo entered into a Supplier Receivable Sales Agreement (the "Agreement") whereby Silo provided commercial lending services to Defendant/Counterclaimant through the Silo Instant Pay Program.

12.     Defendant/Counterclaimant received funds as advances on accounts receivables under the Agreement and agreed to repay the principal amount of the loan, plus interest and fees.

13.     Meanwhile, Defendant/Counterclaimant sold produce to Cross-Defendant London Fruit, Inc., which produce was delivered to London Fruit with a promise to pay for the items delivered.

14.     Earlier this year, Cross-Defendant London Fruit was sold to a new parent company and, during the transfer of ownership, defaulted on their payments due to Defendant/Counterclaimant, which thereby caused Defendant/Counterclaimant difficulty maintaining the payment schedule expected by Silo.

15.     Defendant/Counterclaimant informed Silo that they were unable to meet the repayment schedule under the Agreement, giving assurances they would satisfy their payment obligations under the Agreement. Silo threatened a lawsuit, demanding accelerated payment of the entire obligation.

16.     Under this severe economic duress and in order to avoid litigation Defendant/Counterclaimant agreed to enter into a forbearance with Silo and Plaintiff Jefferies Funding LLC, to whom Silo represented it had assigned its interest to in order to satisfy a debt.

17.     Upon information and belief Plaintiff Jefferies Funding LLC is one of several financial partners who provide funding for Silo's lending program.

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

*Jefferies Funding v. Dasagroup Holdings et al.*
No. 3:24-cv-05639-TLT

18.     Unbeknownst to Defendant/Counterclaimant, it was recently discovered that Silo was not properly licensed to provide the financing services that it extended to Plaintiff.  In addition, upon information and belief, Defendant/Counterclaimant has learned of the following concerns relating to Silo, all of which are imputed to Plaintiff Jefferies as the alleged successor in interest of Silo's rights under the Agreement:

a.     Silo does not have capital sufficient to fund its loans and that Silo is essentially an intermediary providing third party funds to clients like Defendant/Counterclaimant Kickhass;

b.     Silo does not hold or maintain a license under California Financing Law to operate as a finance broker or finance lender and, therefore, is not authorized to make or broker commercial loans;

c.     Silo knew or should have known that it was required to obtain and maintain a finance lender and/or finance broker license under California Financing Law and knowingly and willfully failed to obtain said licensure; and,

d.     Silo structured its business and contracts in such a manner as to disguise or conceal the fact that it operated as the public facing member or participant of "table lending" program targeting, *inter alia*, the fresh produce industry.

19.     On information and belief, under the foregoing arrangement Silo provides third party funds and is not sufficiently capitalized to carry out its business and the following sequence of events took place between one of Silo's borrowers:

a.     Upon information and belief, Silo's commercial lending services operated in a manner similar to a "table lending" or "table funding" program wherein Silo would originate loans for which it did not have sufficient capital to fund. Instead, Silo had a financial arrangement with other or larger lenders or investors to provide capital necessary to fund the loans Silo originated for the benefit of itself and the members of its "table lending" program.

b.     Upon information and belief, beginning in January of 2024, Silo lacked adequate capitalization to operate under its written lending agreements, which provided ongoing lending or cash advance obligations on the part of Silo, and it was unable to sustain any losses resulting from its inability to collect upon its own accounts receivable or loan debt.

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

c.   Upon information and belief, in April of 2024, Silo provided one of its clients with multiple email notices regarding "an expected situation that has temporarily affected our banking system" and similar statements regarding Silo's inability to access or provide funding to its customers.

d.   In May of 2024, TechCrunch published an online article that reported that Silo had difficulty collecting a loan from one of its customers and this caused Silo's bank to pause the loan product.

20.    Upon information and belief, due to Silo's inability to manage its own operations, exemplified by its lack of proper licensing to carry out its primary business, makes all prior agreements executed with Defendant/Counterclaimant unlawful and voidable at Defendant/Counterclaimant's prerogative.

21.    Unaware of the foregoing, Defendant/Counterclaimant entered into a Forbearance Agreement ("Forbearance") with Plaintiff and Silo on or about June 19, 2024 for the amounts that Plaintiff claimed were owed under the Supplier Receivable Sales Agreement with Silo, an unlicensed finance lender.

22.    In addition to containing overbroad and unlawful waivers of rights that are void as against public policy, the terms of repayment under the Forbearance are onerous, and contain liquidated damages that are punitive in nature in violation of California Civil Code § 1671(b).

23.    In entering the Forbearance with Defendant/Counterclaimant, Plaintiff coercively demanded the inclusion of a waiver of all claims or threatened litigation.

24.    Some time after execution of the Forbearance, Cross-Defendant London Fruit, Inc. ceased doing business with Defendant/Counterclaimant Kickhass Avocados and refused to pay outstanding invoices owed.

25.    Defendant/Counterclaimant was unable to satisfy the repayment schedule found in the Forbearance and informed Plaintiff, who has since initiated this lawsuit.

26.    Defendant/Counterclaimant therefore brings this compulsory counterclaim for the claims asserted below against Plaintiff and also brings permissive cross-claims against Cross-Defendant London Fruit to obtain payment of the outstanding invoices owed to Defendant/Counterclaimant.

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CLAIM
### Declaratory Relief
### (*Counterclaim Against Jefferies Funding*)

27.     Defendant/Counterclaimant re-alleges and incorporates by reference the allegations contained in this Counterclaim and Cross-Claim as though fully set forth herein and incorporates them as though fully set forth herein.

28.     An actual, present, and justiciable controversy has arisen between Plaintiff and Defendant/Counterclaimant concerning their respective rights under their contractual agreements, including but not limited to the Supplier Receivable Sales Agreement, Forbearance Agreement, and any and all payments made under those agreements to Silo and Plaintiff.

29.     Under Civil Code § 1689 and other applicable law (including laws governing unlicensed commercial lenders), Defendant/Counterclaimant is entitled to a declaration that they may rescind the Supplier Receivable Sales Agreement.

30.     Defendant/Counterclaimant seeks rescission of both Supplier Receivable Sales Agreement and the Forbearance Agreement pursuant to Civil Code § 1689 because of one or more of the following: (i) Defendant/Counterclaimant's consent to those agreements was obtained through duress, menace, fraud, or undue influence; (ii) if the consideration for the obligation of Defendant/Counterclaimant fails in a material respect from any cause; (iii) the contracts are unlawful for causes which do not appear in their terms or conditions, and the parties are not equally at fault (including specific violations of California state law); and/or (iv) because the public interest will be prejudiced by permitting the Agreements to stand.

31.     In addition, the Supplier Receivable Sales Agreement appears to be one-sided and illusory.  The plain language of the Supplier Receivable Sales Agreement document provides no remedy whatsoever for Defendant/Counterclaimant in the event that Silo breaches the agreement or any associated agreement, or commits any other tort or violation of the law in connection with its performance (or nonperformance) of the lending agreement. As such, Silo is at liberty to decide without consequence when and if it will perform, rendering the lending agreement illusory as Silo has no real obligation to do anything.  Therefore, Defendant/Counterclaimant respectfully requests that the Court should determine that the entire lending agreement is void *ab*

*initio*, as it is illusory, void for lack of mutuality, obligation, and consideration, and as such, against public policy.

32.    The Supplier Receivable Sales Agreement also contains unlawful punitive provisions for late payments in violation of California law.

33.    Finally, because Silo was not licensed to engage in commercial lending or operate as a commercial bank, the Supplier Receivable Sales Agreement is unenforceable, as are any of the obligations proceeding therefrom.  Likewise, the Forbearance Agreement that subsumed the obligations Defendant/Counterclaimant owed to Silo into the outstanding debts Silo owed to Plaintiff Jefferies is unenforceable as it proceeds from and seeks to enforce debts incurred under the unenforceable Supplier Receivable Sales Agreement.

34.    The terms of the Forbearance Agreement are, on their own, substantively and procedurally unconscionable and unenforceable.  They also seek to ratify amounts owed under an unenforceable Supplier Receivable Sales Agreement.  The accelerated payment, punitive provisions, and lack of mutuality, obligation, and consideration also render it void and contrary to public policy as well.

WHEREFORE, Defendant/Counterclaimant prays for relief as set forth below.

### SECOND CLAIM
**Unjust Enrichment re: MSA & Forbearance Agreement**
***(Counterclaim Against Jefferies Funding)***

35.    Defendant/Counterclaimant re-alleges and incorporates by reference the allegations contained in this Counterclaim and Cross-Claim as though fully set forth herein and incorporates them as though fully set forth herein.

36.    By their wrongful acts and omissions, Plaintiff was unjustly enriched at the expense of and to the detriment of Defendant/Counterclaimant or while Defendant/Counterclaimant was unjustly deprived.

37.    As stated herein, Plaintiff charged onerous and improper late fees in violation of California law. The late fee provisions operate as an unlawful liquidated damages clause under California Civil Code § 1671(b).

38.    Plaintiff will be unjustly enriched if allowed to retain such funds. Defendant/Counterclaimant is entitled to a refund of all such fees, and seeks an order of this

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

Court disgorging Plaintiff of all improperly held late fees. Defendant/Counterclaimant also seeks costs of suit and other pecuniary loss to be proven at trial.

WHEREFORE, Counterclaimant/Cross-Claimant prays for relief as set forth below.

### THIRD CLAIM
### Rescission
### (*Counterclaim Against Jefferies Funding*)

39.    Defendant/Counterclaimant re-alleges and incorporates by reference the allegations contained in this Counterclaim and Cross-Claim as though fully set forth herein and incorporates them as though fully set forth herein.

40.    Non-party Silo's series of contracts, including the Supplier Receivable Sales Agreement and the Silo Instant Pay Program, constitute a lending agreement under California law, because Silo's lending agreement with Plaintiff is "an express or implied agreement where one person advances money to the other who agrees to repay it according to terms such as time and interest," which was effectively a commercial loan agreement.

41.    Because of Silo's status as an unlicensed lender, the Supplier Receivable Sales Agreement and the Silo Instant Pay Program are voidable transactions, as is the Forbearance Agreement that attempted to ratify and release these unlawful and deficient agreements by an unlicensed lender.

42.    Defendant/Counterclaimant seeks rescission of both Supplier Receivable Sales Agreement and the Forbearance Agreement pursuant to Civil Code § 1689 because of one or more of the following: (i) Defendant/Counterclaimant's consent to those agreements was obtained through duress, menace, fraud, or undue influence; (ii) if the consideration for the obligation of Defendant/Counterclaimant fails in a material respect from any cause; (iii) the contracts are unlawful for causes which do not appear in their terms or conditions, and the parties are not equally at fault (including specific violations of California's Code); and/or (iv) because the public interest will be prejudiced by permitting the Agreements to stand

43.    Silo engaged in the unlawful practice of lending, or brokering loans, without proper licensure in California, and Defendant/Counterclaimant therefore seeks a finding in the alternative that the entire lending agreement with Silo is rescinded and void.

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

44.     If the lending agreement between Silo and Defendant/Counterclaimant is void, then the successor interest claimed by Plaintiff is also void, as is the Forbearance Agreement, which should also be voidable and rescinded.

45.     Defendant/Counterclaimant is entitled to a judgment by this Court that the entire lending agreement between Plaintiff and Silo, as referenced above (including the Supplier Receivable Sales Agreement, Silo Instant Pay Program, and subsequent Forbearance Agreement between Jefferies and Kickhass) are all unenforceable, void, illusory, rescinded, and of no legal effect, and the parties should be restored to the status quo ante.

WHEREFORE, Counterclaimant/Cross-Claimant prays for relief as set forth below.

**FOURTH CLAIM**
**Breach of Covenant of Good Faith and Fair Dealing**
**(*Counterclaim Against Jefferies Funding*)**

46.     Defendant/Counterclaimant re-alleges and incorporates by reference the allegations contained in this Counterclaim and Cross-Claim as though fully set forth herein and incorporates them as though fully set forth herein.

47.     Implied in every contract or agreement is a promise of good faith and fair dealing. This means that each party agrees not to do anything to unfairly interfere with the right of the other party to receive the benefits of the agreement and to refrain from taking actions that will injure the right of the other party to receive the benefits of the contract.

48.     In failing to obtain and maintain a license to act as a commercial lender or operate as a commercial bank and then engaging in that business, Silo, Plaintiff's predecessor in interest breached the implied covenant of good faith and fair dealing, the provisions of the Uniform Commercial Code (as applicable), and prevented Defendant/Counterclaimant from entering into the original Supplier Receivable Sales Agreement with full disclosure from both sides. Plaintiff breached the implied covenant by not revealing this information as well, if they indeed were privy to it.

49.     In threatening litigation and using the imposition of extreme economic duress on Defendant/Counterclaimant to gain their acquiescence to the terms of the Forbearance Agreement Plaintiff breached the implied covenant of good faith and fair dealing and prevented Defendant/Counterclaimant from freely entering into any arrangement.

50.    As a direct and proximate result of Counter-Defendant Jefferies's breach of the covenant of good faith and fair dealing, Counter-Claimant/Cross-Claimant has suffered, and will continue to suffer, compensatory and special damages in an amount to be determined at trial that include, but are not limited to, improper charges under the Forbearance Agreement, disruption with his business relationships, and resulting costs and expenses.

51.    As a further direct and proximate result of the breaches by Counter-Defendant Jefferies Funding, Counter-Claimant/Cross-Claimant is entitled to recover attorneys' fees and other enforcement costs incurred in connection with this action.

WHEREFORE, Counter-Claimant/Cross-Claimant prays for relief as set forth below.

**FIFTH CLAIM**
**Common Count - Money Had and Received**
***(Counterclaim Against Jefferies Funding)***

52.    Defendant/Counterclaimant re-alleges and incorporates by reference the allegations contained in this Counterclaim and Cross-Claim as though fully set forth herein and incorporates them as though fully set forth herein.

53.    Plaintiff Jeffries and its predecessor in interest Silo received money belonging to Defendant/Counterclaimant in the form of payments made to Plaintiff under duress and under protest under the terms of the Supplier Receivable Sales Agreement, Silo Instant Pay Program, and/or subsequent Forbearance Agreement between Jefferies and Kickhass.

54.    Plaintiff Jeffries benefitted from the receipt of these payments, which included payment of unlawful late fees and other penalties.

55.    Under principles of equity and good conscience, Plaintiff should not be permitted to keep these payments, which should be restored to Defendant/Counterclaimant in an amount to be determined at trial.

WHEREFORE, Counter-Claimant/Cross-Claimant prays for relief as set forth below.

**SIXTH CLAIM**
**Unfair/Unlawful Business Practices**
***(Counterclaim Against Jefferies Funding)***

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

*Jefferies Funding v. Dasagroup Holdings et al.*
No. 3:24-cv-05639-TLT

56.    Defendant/Counterclaimant re-alleges and incorporates by reference the allegations contained in this Counterclaim and Cross-Claim as though fully set forth herein and incorporates them as though fully set forth herein.

57.    California's unfair Competition Law ("UCL"), as codified in California Business & Professions Code § 17200 *et seq*. Prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The statutory violations by Plaintiff's predecessor in interest (Silo, as an unlicensed lender), Plaintiff's business arrangement with Silo, and conduct in coercing Defendant/Counterclaimant to accept onerous and unenforceable terms and conditions under threat of litigation and extreme pecuniary hardship constitute unfair, unlawful, and/or fraudulent business acts and/or practices within the meaning of the UCL.

58.    Defendant/Counterclaimant alleges that by engaging in the above-described acts and/or practices as alleged herein, Plaintiff has violated several laws and/or regulations constituting per se violations of Section 17200 *et seq*.  These predicate unlawful business acts and/or practices include Silo's failure to register as a commercial lender, in addition to Plaintiff's violation of Civil Code § 1671(b) through the improper assessment of late penalties, the punitive nature of those liquidated damages, and the attempts at accelerated collection, in addition to the unlawful practice of lending, or brokering loans, without proper licensure in California as alleged previously.

59.    Plaintiff's assessment of late fees is an unlawful liquidated damages penalty under Civil Code § 1671(b) because it was unreasonable under the circumstances existing at the time the contract was made. It would not have been impracticable or extremely difficult to fix the actual damages caused by any delay in payment. The late fee does not represent the result of a reasonable endeavor by Plaintiff to estimate a fair compensation for any loss that may be sustained.

60.    Plaintiff's practices with respect to late fees (a) constitute unlawful, unfair, and fraudulent business acts and/or practices because such charges constitute unfair and wrongful penalties inconsistent with Cal. Civil Code§ 167l(b); (b) such charges were assessed pursuant to contracts of adhesion; (c) the practice is oppressive, unscrupulous, or substantially injurious to consumers; and (d) the utility of the late fee is significantly outweighed by the gravity of the

harm it imposes on Defendant/Counterclaimant. As such, this practice constitutes unfair competition under the UCL. All of Plaintiff's unlawful, fraudulent and unfair conduct, occurred in Plaintiff's general course of business and as part of Plaintiff's general course of conduct.

61.    As a direct and proximate result of Plaintiff's conduct, Defendant/Counterclaimant has suffered injury. Defendant/Counterclaimant brings this claim on behalf of itself and the public as a private attorney general pursuant to Business and Professions Code 17204. Pursuant to Business and Professions Code § 17203, Defendant/Counterclaimant seeks from Plaintiff restitution and disgorgement of all earnings, profits, compensation, benefits, and other gains wrongfully obtained by Plaintiff as a result of Plaintiff's conduct in violation of Business and Professions Code § 17200 et seq. Defendant/Counterclaimant also seeks reasonable attorneys' fees and costs under applicable law, including California Code of Civil Procedure § 1021.5. Pursuant to Business and Professions Code 17204, Defendant/Counterclaimant seeks an order from the Court enjoining Plaintiff, and its predecessors, from continuing to engage in the acts set forth in this complaint, which acts constitute violations of Business and Professions Code § 17200 et seq.

WHEREFORE, Counter-Claimant/Cross-Claimant prays for relief as set forth below.

## SEVENTH CLAIM
### Breach of Contract
#### (*Cross-Claim Against London Fruit*)

62.    Defendant/Counterclaimant re-alleges and incorporates by reference the allegations contained in this Counterclaim and Cross-Claim as though fully set forth herein and incorporates them as though fully set forth herein.

63.    London Fruit, as detailed herein contracted in writing with Kickhass for the delivery of shipments of avocados at an agreed upon rate. The produce was delivered under the terms of the agreement and London Fruit has defaulted in its payments to Kickhass, in breach of the original contract.

64.    Kickhass has fulfilled all conditions, if any, to the filing of this action, and all conditions, if any, in seeking to enforce the contract agreement have been performed or have occurred.

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

65. The consideration exchanged under the contract was adequate — i.e, delivery of avocados in exchange for a promise to pay.

66. Defendant/Counterclaimant is entitled to breach of contract damages in an amount to be proven at trial for Cross-Defendant's breaches of the agreement.

67. As a direct and proximate result of Cross-Defendant's breach of contract, Plaintiff has suffered damages in an amount to be proven at trial.

68. Plaintiff is also entitled to prejudgment interest on all such breach of contract damages in an amount to be determined at trial, running from the time that each breach occurred, at the applicable statutory rate, with any attorneys' fees permitted by law, including on an open book account.

WHEREFORE, Counter-Claimant/Cross-Claimant prays for relief as set forth below.

## EIGHTH CLAIM
### Account Stated
### (*Cross-Claim Against London Fruit*)

69. Defendant/Counterclaimant re-alleges and incorporates by reference the allegations contained in this Counterclaim and Cross-Claim as though fully set forth herein and incorporates them as though fully set forth herein.

70. Multiple accounts were stated in writing by and between Defendant/Counterclaimant and Cross-Defendant with respect to the delivery of avocados and on such statements a considerable balance is due and owing to Cross-Defendant to Defendant/Counterclaimant well in excess of $75,000.

71. Cross-Defendant, by words or conduct, agreed that the amount stated in the account was the correct amount owed to Defendant/Counterclaimant for delivery of the avocados received.

72. Although demanded by Defendant/Counterclaimant from Cross-Defendant, neither all nor any part of the agreed balance has been paid.

73. There is now due, owing, and unpaid from Defendants to Plaintiff a sum in the excess of $600,000, together with interest thereon, after the date the account was stated.

WHEREFORE, Counter-Claimant/Cross-Claimant prays for relief as set forth below.

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

## NINTH CLAIM
### Unjust Enrichment
### (*Cross-Claim Against London Fruit*)

74.    Defendant/Counterclaimant re-alleges and incorporates by reference the allegations contained in this Counterclaim and Cross-Claim as though fully set forth herein and incorporates them as though fully set forth herein.

75.    By their wrongful acts and omissions, Cross-Defendant and Cross-Claimant London Fruit was unjustly enriched at the expense of and to the detriment of Defendant/Counterclaimant or while Defendant/Counterclaimant was unjustly deprived.

76.    As detailed herein, London Fruit received shipment of produce under the terms of the contract. However, London Fruit has failed to make payments to satisfy the terms of the purchase agreement.

77.    London Fruit will be unjustly enriched if allowed to retain such funds. Defendant/Counterclaimant is entitled to a refund of all such fees, and seeks an order of this Court disgorging Cross-Defendant of all improperly held monies. Defendant/Counterclaimant also seeks costs of suit and other pecuniary loss to be proven at trial.

WHEREFORE, Counter-Claimant/Cross-Claimant prays for relief as set forth below.

## PRAYER FOR RELIEF

Defendant/Counterclaimant Dasagroup Holdings prays for the following relief on this Counterclaim and Cross-Claim:

1.    For compensatory damages in an amount to be proven at trial;

2.    For statutory damages, restitution, disgorgement, and/or other equitable relief according to proof and as the Court deems proper;

3.    For the declaratory relief requested herein;

4.    For exemplary or punitive damages in an amount to be proven at trial;

5.    For prejudgment interest as permitted by law;

6.    For costs of suit and reasonable attorneys' fees incurred herein; and

7.    For such other relief as the Court deems just and proper.

---

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM

1

## **JURY DEMAND ON CROSS-COMPLAINT**

2

Defendant/Counterclaimant demands a trial by jury on all triable issues in this

3

Counterclaim and Cross-Claim

4

5

6

7

Dated: Nov. 22, 2024                          Respectfully submitted,

8                                             MOYA LAW FIRM

9

10                                            */s/ Mario A. Moya*

11                                            _____
                                              Mario A. Moya

12
                                              Attorneys for Defendant/Counterclaimant
13                                            DASAGROUP HOLDINGS CORP.
                                                d/b/a KICKHASS AVOCADOS
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S FIRST AM. ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSS-CLAIM