**HOLLAND & KNIGHT LLP**
Michael T. Jones (SBN 290660)
Rebecca G. Durham (SBN 319403)
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: (415) 743-6900
m.jones@hklaw.com
rebecca.durham@hklaw.com

*Additional attorneys in the signature line*

*Attorneys for Plaintiff/Counter Defendant Jefferies Funding LLC and Third-Party Defendant Silo Technologies*

**MOYA LAW FIRM**
Mario A. Moya (SBN 262059)
Rebecca M. Hoberg (SBN 224086)
1300 Clay Street, Suite 600
Oakland, California 94612
Tel: 510 926-6521
mmoya@moyalawfirm.com
rhoberg@moyalawfirm.com

*Attorney for Defendant/Counter-Claimant Dasagroup Holdings Corp. (d/b/a Kickhass Avocados)*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFERIES FUNDING LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DASAGROUP HOLDINGS CORP. (d/b/a KICKHASS AVOCADOS) and LONDON FRUIT, INC,<br><br>　　　　　Defendants.<br><br>DASAGROUP HOLDINGS CORP. (d/b/a KICKHASS AVOCADOS),<br><br>　　　　　Counter- and Cross-Claimant,<br>　v.<br><br>JEFFERIES FUNDING, LLC,<br><br>　　　　　Counter-Defendant,<br><br>and LONDON FRUIT, INC.,<br><br>　　　　　Cross-Defendant | Case No.: 3:24-cv-05639-SK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Hearing Date: January 30, 2025<br>Time: 2:00 p.m.<br>Court: Courtroom C – 15th Floor<br>Judge: Hon. Trina L. Thompson<br><br><br><br>Complaint Filed: August 21, 2024<br><br>Counterclaims Filed: November 4, 2024<br><br>Trial Date: January 4 - 7, 2027 |

JOINT CASE MANAGEMENT STATEMENT
1

Jefferies Funding LLC ("Jefferies"), Dasagroup Holdings Corp. ("Dasagroup"), and Silo Technologies, Inc. ("Silo Technologies") (collectively the "Parties")[1] jointly submit this Joint Case Management Statement for the above-captioned action (the "Action") in accordance with the Standing Order for All Judges of the Northern District of California (effective January 17, 2023), Civil Local Rule 16-9, and the Court's December 9, 2024 Order, ECF No. 29.

**1.      Jurisdiction & Service**

<u>Jefferies's Complaint (ECF No. 1)</u>: Jefferies alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because diversity of citizen exists between Jeffries, Dasagroup, and London Fruit, Inc. ("London Fruit") and the amount in controversy exceeds $75,000. There are no issues pending regarding personal jurisdiction. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events of omissions giving rise to the claims occurred in this District. The Complaint has been served on all defendants. *See* ECF No. 9, 10.

<u>Dasagroup's Counterclaims (ECF No. 28)</u>:  The Court has subject matter jurisdiction over Dasagroup's counterclaims and cross-claims under 28 U.S.C. §§ 1332 and 1367.  Diversity of citizenship exists between the parties; the amount in controversy exceeds $75,000; and the counterclaim and crossclaims are also within the supplemental jurisdiction of this Honorable Court. Dasagroup does not anticipate a challenge to venue because San Francisco County, California is the principal places of business for both Silo Technologies (plaintiff's predecessor) and cross-defendant London Fruit.  Plaintiff intends to effectuate service on London Fruit before the Case Management Conference.

<u>Dasagroup's Third-Party Complaint (ECF No. 23)</u>:  The Court has subject matter jurisdiction over Dasagroup's third party complaint against Silo Technologies under 28 U.S.C. §§ 1332.  Diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.  As noted previously, venue is proper for Silo in this Court.

///

///

---

[1] Defendant London Fruit, Inc. ("London Fruit") has not yet appeared in this Action, and is therefore not part of the joint case management statement.

JOINT CASE MANAGEMENT STATEMENT

2

**2.     Facts**

<u>Jefferies's & Silo Technologies' Statement</u>: As part of a fraudulent scheme that netted it millions of dollars, Dasagroup (i) sold receivables (the "Affected Receivables") to Silo Technologies for millions of dollars pursuant a Supplier Receivable Sales Agreement (the "Sales Agreement"); and then (ii) fraudulently collected and retained millions *more* in payments from its customer, London Fruit, on those very receivables. When confronted and given the opportunity to rectify its actions, Dasagroup—represented by experienced counsel—entered into another agreement under which it (i) acknowledged that the outstanding balance on the Affected Receivables (at that point, nearly $3.1 million) was its responsibility, and (ii) agreed to satisfy that obligation on an agreed timeline. Dasagroup promptly breached that agreement as well.

Jefferies was a secured creditor of Silo Technologies, and it holds a note that is secured by, among other assets, the Affected Receivables at the center of this lawsuit. Consistent with UCC § 9-607—which allows a secured party to exercise the rights of a debtor in enforcing obligations of third parties on collateral—Jefferies participated in discussions with Dasagroup following Dasagroup's initial breach of the Sales Agreement and then was a party to a forbearance agreement under which Dasagroup agreed to satisfy its delinquent payment obligations by making periodic payments directly to Jefferies (the "Dasagroup Forbearance Agreement" or with the Sales Agreement, the "Agreements"). After Dasagroup promptly breached the Dasagroup Forbearance Agreement as well (despite having received over $3.5 million in payments from London Fruit in the three months surrounding execution of that agreement), Jefferies initiated action asserting claims of (1) breach of contract, (2) fraud, and (3) conversion against Dasagroup, as well as a claim for breach of contract against London Fruit.

In response, Dasagroup is attempting, yet again, to evade its legal obligations under the Agreements, by filing Counterclaims against Jefferies (see ECF Nos. 11, 28) and, two weeks later, the Third-Party Complaint against Silo Technologies (see ECF No. 23), both of which make (materially identical) wholly unsubstantiated claims in an effort to render the Agreements void.

<u>Dasagroup's Statement</u>:  In June 2022, Dasagroup and Silo entered into a Supplier Receivable Sales Agreement whereby Silo provided commercial lending services to Dasagroup

through the Silo Instant Pay Program. While the program may have seemed like a legitimate factoring arrangement, unbeknownst to Dasagroup, the Instant Pay Program was a short-term lending program masquerading as a sale/factoring of receivables. The pertinent documents attached to Jefferies's complaint are styled in the form of a "sale" of receivables between Silo and customers like Dasagroup, but the terms of the agreement are byzantine, poorly-written, and not forthcoming about the fees and financing charges to be paid by customers. More importantly, although the documents proclaimed that Silo would be deemed to have purchased the receivables in a "sale," unlike a true sale of receivables, it did not assume the credit risk of nonpayment by counterparties/obligors on those receivables.

By not assuming that credit risk and by charging-back unpaid receivables to customers like Dasagroup (with additional fees), Silo converted its "sales" agreement into a loan, which, for an unlicensed lender like Silo, subjects the entire arrangement to scrutiny under California's lending laws and the California state constitutional prohibition on usury. Dasagroup's counterclaim and the relief it seeks is intended to right this wrong, both for Dasagroup and for others caught in the maw of this predatory arrangement that compounds risk for purveyors of perishable produce and other agricultural commodities. Unbeknownst to Dasagroup, Silo was not properly licensed to provide the financing services that it extended to Dasagroup, and it charged excessive and unlawful fees in connection with that arrangement. Silo also structured its business and contracts in such a manner as to disguise or conceal the fact that it operated as the public facing member or participant of a "table lending" program whereby it and other lenders targeted the fresh produce industry. But Silo did not have capital sufficient to fund the loans it provided and acted as essentially an intermediary providing third-party funds belonging to other undisclosed lenders (like Jefferies) to Dasagroup and other participants in the fresh-produce industry. By its counterclaim, Dasagroup seeks to rescind all agreements it executed with Silo and Jefferies and recover all amounts improperly paid under the Silo Instant Pay Program, in addition to other relief. By its cross-claim, Dasagroup seeks to collect from London Fruit all unpaid invoices for delivery of Dasagroup's avocados, the total amount of which exceeds $662,000 on invoices that were not factored by Silo

under the Instant Pay Program and for which neither Silo nor Jefferies have any enforceable security interests.

Finally, in response to what was written above, there is nothing remarkable about Dasagroup's filings in this matter to preserve its rights on compulsory counterclaims and cross-claims, in addition with respect to its third-party complaint against Silo.

**3.      Legal Issues**

Jefferies's and Silo Technologies' Statement:

The principal legal issues in dispute are (1) whether the Master Services Agreement is a valid, binding, and enforceable contract between Silo and Dasagroup; (2) whether Jefferies is a secured creditor with respect to the Affected Receivables; (3) whether Dasagroup breached the Master Services Agreement by *inter alia* retaining payments that London Fruit made on the Affected Receivables ("Dasagroup Wrongful Retention"); (4) whether London Fruit breached the agreements underlying the Affected Receivables by failing to make full payment on the Affected Receivables; (5) whether the Dasagroup Forbearance Agreement is a valid, binding, and enforceable contract between Silo, Dasagroup, and Jefferies, (6) whether Dasagroup' breached the Dasagroup Forbearance Agreement by failing to pay the Existing Payment Deficiency as agreed; (7) whether Dasagroup' statements that London Fruit had not made payments on the Affected Receivables were false ("Dasagroup' False Representations"); (8) whether Dasagroup' False Representations were made with the intent to defraud Silo and Jefferies and induced their reliance on such statements; (9) whether Silo and Jefferies did rely on Dasagroup' False Representations; (10) whether, as a direct and proximate result of relying on Dasagroup' False Representations, Jefferies suffered harm; and (11) whether Dasagroup' Wrongful Retention constitutes conversion of the payments London Fruit made.

Jefferies denies all allegations raised in Dasagroup's Counterclaims and maintains that all requested relief under the Counterclaims should be denied.

Silo Technologies denies all allegations raised in Dasagroup's Third-Party Complaint and maintains that all requested relief under the Third-Party Complaint should be denied.

Dasagroup's Statement: Dasagroup disputes and denies the editorialization of the legal issues referenced in Jefferies's statement above, but generally concurs with the statement of legal issues above. In addition, Dasagroup believes that the following issues are also pertinent as to its counterclaims against Jefferies: (i) whether Jefferies and/or Silo may seek to enforce debts incurred via a commercial lending arrangement made at the time that Silo was not properly licensed to provide the financing services that it extended to Dasagroup (and/or whether the amounts claimed should be reduced to comply with California law, including the state constitutional prohibition on usury); (ii) whether Silo structured its business and contracts in such a manner as to disguise or conceal the fact that it operated as the public facing member or participant of a "table lending" program targeting the fresh produce industry; (iii) whether Jefferies and/or Silo have attempted to collect on invoices that are not subject to a valid, enforceable security interest that is against public policy under the federal Perishable Agricultural Commodities Act; (iv) whether Dasagroup was under severe economic duress at the time it entered into the Forbearance Agreement; and (v) whether the agreements at issue are invalid/rescindable pursuant to Civil Code § 1689 because of one or more of the following: (a) whether Dasagroup's consent to those agreements was obtained through duress, menace, fraud, or undue influence; (b) the consideration for the obligation of Defendant/Counterclaimant fails in a material respect from any cause; (c) the contracts are unlawful for causes which do not appear in their terms or conditions and the parties are not equally at fault (including specific violations of California state law); and/or (d) the public interest will be prejudiced by permitting the Agreements to stand. As to the cross-claim against London Fruit, Dasagroup believes that London Fruit must pay Dasagroup for avocados delivered to London Fruit (especially as to more than $660,000 of invoices that were not factored to Silo or Jefferies), and whether an account has been stated for collection of invoiced amounts.

**4.   Motions**

   **A.   Pending Motions**

Jefferies's has filed a motion to dismiss Dasagroup's Counterclaims. *See* ECF No. 33. The motion will be fully briefed by January 24, 2025 and is scheduled to be heard on March 4,

JOINT CASE MANAGEMENT STATEMENT
6

2025. Silo Technologies has also filed a motion to dismiss Dasagroup's Third-Party Complaint. *See* ECF No. 51. The motion is scheduled to be heard on March 4, 2025.

### B. Anticipated Future Motions

<u>Jefferies's Statement</u>: Jefferies anticipates filing a motion to enter default judgement against London Fruit, and a motion for summary judgment on its claims against Dasagroup.

To the extent any of Dasagroup' claims against Jefferies and/or Silo Technologies survive the motion to dismiss stage, Jefferies and Silo Technologies anticipate filing a motion for summary judgment on those surviving claims.

<u>Dasagroup's Statement</u>:  In preparing to move for entry of default, Dasagroup has become aware of a possible defect in service of process as to London Fruit (whose registered agent is its parent company's San Francisco-based general counsel) and is attempting to correct that issue. London Fruit has not responded to prior overtures to waive service of process, and Dasagroup may need to move for additional time to effectuate service of process on London Fruit.  Dasagroup may also be moving for leave to amend to add London Fruit's parent company, Grubmarket, Inc., to the lawsuit.  Dasagroup may also file one or more motions for summary judgment as appropriate.

<u>Joint Statement</u>: The Parties reserve the right to file motions to compel discovery or other discovery-related motions, if necessary, as well as motions in limine, and other motions for miscellaneous relief at a later date.

### 5. Amendment of Pleadings

<u>Jefferies's Statement</u>: Jefferies does not anticipate filing amended pleadings at this time, but reserve its right to do so.

<u>Silo Technologies' Statement</u>: Silo Technologies has filed no pleadings in this litigation.

<u>Dasagroup's Statement</u>: Based on recent information learned through further investigation of underlying events, Dasagroup anticipates moving to amend its third-party complaint to add Grubmarket, Inc. — London Fruit's parent company — to the lawsuit.

**6.      Evidence Preservation**

The Parties have agreed to preserve all evidence that may be relevant to this action. The Parties have also reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), as well as the Northern District of California's Checklist for ESI Meet and Confer. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Parties have discussed generally the preservation of evidence relevant to reasonably evident issues. The Parties anticipate that electronically-stored information ("ESI") will be subject to discovery, and they are actively meeting and conferring for purposes of developing a joint protocol for production of ESI. The Parties reasonably anticipate stipulating to a protocol governing ESI discovery in this matter substantially in the form of this Court's Model Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation.

**7.      Disclosures**

Jefferies and Dasagroup served the information required by Federal Rule of Civil Procedure 26(a)(1) on November 18, 2024.

Silo Technologies will serve the information required by Federal Rule of Civil Procedure 26(a)(1) by January 31, 2025.

**8.      Discovery**

Jefferies served its First Request for Document Production on Dasagroup on January 9, 2025. Dasagroup is propounding its first sets of discovery this week. Dasagroup's deadline to respond is February 10, 2025.

The Parties intend to present a proposed protective order to the Court for approval, and Dasagroup has suggested using one of the Court's model order. The Parties will continue to meet and confer on the necessity of a protocol governing the discovery of electronically stored information. There are no current discovery disputes, and the Parties do not have any proposed limitations or modifications to the discovery rules outlined in the Federal Rules of Civil Procedures

*Service*. Service on a party to the litigation of any documents not filed via ECF, and delivery of all correspondence, whether under seal or otherwise, shall be by email to all attorneys for the

receiving party. The Parties will provide each with "service lists" that can be used to serve documents. Where voluminous documents are not practicably transmitted by email, the Parties further agree to accept service by other reasonable and mutually agreed electronic means so long as the sender provides sufficient instructions on how to access the documents, and confidential information is secure. The Parties further agree that a document is deemed served on a particular day if it (or an email providing access to it) is received by 11:59 p.m. Pacific Time on that calendar day.

**9.   Class Action**

Not applicable.

**10.   Related Cases**

The Parties are not currently aware of any cases or proceedings that are "related" within the meaning of Civil Local Rule 3-12(a).

**11.   Relief**

Jefferies's Position: A complete computation of all categories of damages (which continue to accrue) is premature at this stage of litigation and Jefferies reserves the right to supplement its damages categories and calculations. At a minimum, as of November 15, 2024, Jefferies is entitled to at least $3,006,617.90 of compensatory damages, which is the amount outstanding under the Affected Receivables including any late fees accrued as of that date. Jefferies is also entitled to recover any additional interest, finance charges, and/or penalties incurred to the fullest extent permitted by law. Jefferies is further entitled to recover costs of collection, including attorneys' fees, court costs, and expenses. Because such fees and expenses are still accruing, a computation is not currently possible. Finally, Jefferies is entitled to punitive damages from Dasagroup.

With regards to Dasagroup' Counterclaims, Jefferies maintains that all requested relief should be denied.

Silo Technologies' Position: Silo concurs with Jefferies position, above, on the relief to which Jefferies is entitled on its claims. Additionally, Silo is entitled to recover its attorneys' fees,

court costs, and expenses. With regards to Dasagroup's Third Party Claims, Jefferies maintains that all requested relief should be denied.

<u>Dasagroup' Position</u>: Unbeknownst to Dasagroup, its former factoring company/ commercial lender Silo Technologies, Inc. — predecessor to Jefferies — was not properly licensed to provide the financing services that it extended to Dasagroup. Silo also structured its business and contracts in such a manner as to disguise or conceal the fact that it operated as the public facing member or participant of "table lending" program whereby it and other lenders targeted the fresh produce industry. But Silo did not have capital sufficient to fund the loans it provided and acted as essentially an intermediary providing third-party funds belonging to other undisclosed lenders (like possibly Jefferies) to Dasagroup and other participants in the fresh-produce industry. Because of this, Dasagroup seeks to rescind all agreements it executed with Silo and Jefferies. Dasagroup also seeks (i) repayment of all 2% factoring fees and any other excessive or unlawful fees it paid to Silo and/or Jefferies (as applicable) over the course of the Silo Instant Pay Program; (ii) repayment of all improper late-fees and other charges incurred under the Silo Instant Pay Program and/or Forbearance Agreement; (iii) reconveyance/repayment of all improper payments obtained directly from Dasagroup's customers for payments allegedly owed on invoices to which neither Silo nor Jefferies held a valid or enforceable security interest; and (iv) all recoverable costs and attorneys' fees. In addition, more than $660,000 in other invoices is owed by London Fruit to Dasagroup on post-July 2024 receivables that were not factored by Silo.

**12.     Settlement & ADR**

<u>Jeffries' Position</u>:  The Parties have engaged in settlement discussions prior to the filing of Jefferies's Complaint, and have an in-person settlement conference scheduled for May 9, 2025 with Chief Magistrate Judge Donna M. Ryu.

Dasagroup's Position: Dasagroup concurs that a settlement conference is scheduled before Magistrate Judge Ryu, and there have been informal discussions and information exchanges between counsel since the filing of the pleadings identified above.

///

**13. Other References**

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

The Parties will consider issues that can be narrowed by agreement or by motion, as well as potential means to expedite the presentation of evidence at trial.

**15. Scheduling**

The Parties incorporate the Court's Case Scheduling Order entered on December 13, 2024. *See* ECF No. 32.

**16. Trial**

The Parties demand a trial by jury, and incorporate the Court's Case Scheduling Order entered on December 13, 2024. *See* ECF No. 32.

**17. Disclosure of Non-Parties Interested Entities of Persons**

Jefferies' Statement: Jefferies filed its Certification of Interested Entities or Persons as required by L.R. 3-15. ECF No. 7. As stated in its filing, Jefferies is not aware of any interested entities or persons with a financial interest in the subject matter in controversy other than Jefferies Financial Group Inc.

Silo Technologies' Statement: Silo Technologies filed its Certification of Interested Entities or Persons as required by L.R. 3-15. ECF No. 52. As stated in its filing Silo Technologies is not aware of any interested entities or persons with a financial interest in the subject matter in controversy other than AgTech Buyer Inc. and Ag Tech Topco, LP.

Dasagroup' Statement: Dasagroup filed its Certification of Interested Entities or Persons as required by L.R. 3-15. ECF No. 17. Pursuant to Civil L.R. 3-15, the undersigned further certifies that as of this date, other than the named parties (and possibly Grubmarket, Inc., parent company to London Fruit, Inc.), there is no such interest to report.

///

///

**18.** **Professional Conduct**

The attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.** **Other**

Not applicable.

Dated: January 23, 2025            /s/ Rebecca G. Durham
                                   Rebecca G. Durham
                                   Michael T. Jones

                                   Martin L. Seidel (pro hac vice admission)
                                   Stosh M. Silivos (pro hac vice admission)
                                   787 Seventh Avenue, 31st Floor
                                   New York, NY 10019
                                   Telephone: (212) 513-3200

                                   Attorneys for Jefferies Funding LLC and Silo Technologies, Inc.
                                   Attorneys for Jefferies Funding LLC and Third-Party Defendant Silo Technologies

Dated: January 23, 2025            /s/ Mario A. Moya
                                   Mario A. Moya
                                   Attorney for Dasagroup Holding Corp. (d/b/a Kickhass Avocados)

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Rebecca G. Durham, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: January 23, 2025            /s/ Rebecca G. Durham
                                   Rebecca G. Durham
                                   Attorneys for Jefferies Funding LLC and Third-Party Defendant Silo Technologies