1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    JEFFERIES FUNDING LLC,                    Case No.  24-cv-05639-TLT

8                    Plaintiff,

9           v.                                 **ORDER GRANTING IN PART AND
                                               DENYING IN PART MOTION TO
10   DASAGROUP HOLDINGS CORP., et al.,         DISMISS AMENDED
                                               COUNTERCLAIMS AND THIRD-
11                   Defendants.               PARTY COMPLAINT**

12                                             Re: Dkt. Nos. 33, 51, 70

13          This case involves a dispute over fruit; specifically, avocados.  Four parties are in the pit:

14   Plaintiff and Counterclaim-Defendant Jefferies Funding LLC's ("Jefferies"); Counterclaim-

15   Plaintiff Dasagroup Corp. (d/b/a Kickhass Avocados) (collectively "Dasagroup"); Silo

16   Technologies, Inc.'s ("Silo"), and London Fruit, Inc. ("London Fruit").  Except for London Fruit,

17   the parties have filed a complaint, amended counterclaims, and third-party complaint. The

18   underlying allegations of this case remain an unclear mash of conclusory statements.  The Court

19   will require the parties to sufficiently plead their allegations.

20          Pending before the Court are Jefferies' motion to dismiss Dasagroup's amended

21   counterclaims, and Silo's motion to dismiss Dasagroup's third-party complaint. ECF 33, ECF 51.

22   On March 4, 2025, the Court vacated the hearing on Jefferies' and Silo's pending motions.  ECF

23   69.

24          Having considered the parties' briefs, the relevant legal authority, and for the reasons

25   below, the Court **GRANTS in part and DENIES in part** Jefferies' motion to dismiss

26   Dasagroup's first amended counterclaims and **GRANTS in part and DENIES in part** Silo's

27   motion to dismiss the third-party complaint.

28          Because the Court grants Dasagroup leave to amend its first amended counterclaim, the

United States District Court
Northern District of California

1    Court also **DENIES as moot** Dasagroup's motion for leave to file a second amended answer,

2    counterclaim, and cross-claim. ECF 70.

3    **I.    BACKGROUND**

4        **A.    The Parties**

5        Jefferies, an investment banking and capital markets firm, is a Delaware limited liability

6    company with a principal place of business in New York, New York.  ECF 1, Compl. ¶ 12.  Silo, a

7    commercial lending service provider, is a Delaware corporation with a principal place of business

8    in San Francisco, California.  ECF 23, Third Party Compl. ¶ 10.  Dasagroup, an avocado buyer

9    and seller, is a Washington corporation with a principal place of business in Shoreline,

10   Washington.  ECF 28, Amended Countercl. ¶¶ 2, 8.  London Fruit, a fruit buyer, is a Texas

11   corporation with a principal place of business in San Francisco, California.  Third Party Compl. ¶

12   3.

13       **B.    Jefferies' Claims Against Dasagroup**

14       Dasagroup sells avocados in the United States and abroad.  Amended Countercl. ¶¶ 2, 8.

15   To help with its avocado business, Dasagroup participated in Silo's Instant Pay Program ("Pay

16   Program"), which is financed by Jefferies.  Compl. ¶¶ 1, 12, 19–20.  Silo's Pay Program provides

17   produce sellers, like Dasagroup, with an advance of up to 90% of the value of produce.  *Id*. ¶ 20.

18   Pursuant to Silo's Master Services Agreement, produce sellers must direct produce buyers, like

19   London Fruit, to send payments directly to Silo's Payment Account.  Compl. ¶¶ 17, 22.

20       In February and March 2024, London Fruit purchased avocados from Dasagroup through

21   Silo's Pay Program.  *Id*. ¶ 25.  However, in April and May 2024, Dasagroup informed Silo and

22   Jefferies that London Fruit failed to submit payments to the Silo Payment Account.  *Id*. ¶ 27.

23       On June 19, 2024, Jefferies, Silo, and Dasagroup entered into a Forbearance Agreement.

24   *Id*. ¶ 42.  Under the Forbearance Agreement, Jefferies agreed to forbear from exercising its rights

25   as a secured creditor if Dasagroup submitted payments into a Jefferies Payment Account on a set

26   schedule.  *Id*. ¶ 43.  As of August 1, 2024, however, Dasagroup failed to make seven payments

27   pursuant to the agreement.  *Id*. ¶¶ 44, 46.

28       On August 21, 2024, Jefferies filed a complaint alleging: (1) breach of contract (against

United States District Court
Northern District of California

Dasagroup); (2) fraud (against Dasagroup); (3) conversion (against Dasagroup); and (4) breach of contract (against London Fruit).  *See* Compl.

### C.    Dasagroup's Claims Against Jefferies, Silo, and London Fruit

On November 18, 2024, Dasagroup filed a third party complaint against Silo.  ECF 23, Third Party Compl.  On November 22, 2024, Dasagroup filed an amended answer and counterclaim against Jefferies and London Fruit.  ECF 28, Amended Countercl.

Dasagroup alleges that Silo threatened a lawsuit and demanded an accelerated payment of the Dasagroup's entire obligation after Dasagroup disclosed that it would be late in making payment.  *See* Amended Countercl. ¶ 15; Third Party Compl. ¶ 15.  Moreover, Dasagroup discovered that Silo was not properly licensed to provide financial services.  *See* Amended Countercl. ¶ 18; Third Party Compl. ¶ 18.

Dasagroup asserts the following counterclaims: (1) declaratory relief (against Jefferies); (2) unjust enrichment (against Jefferies); (3) rescission (against Jefferies); (4) breach of covenant of good faith and fair dealing (against Jefferies); (5) money had and received (against Jefferies);  (6) unfair/unlawful business practices under California's Unfair competition law ("UCL") (against Jefferies); (7) breach of contract (against London Fruit); (8) account stated (against London fruit); and (9) unjust enrichment (against London Fruit).  *See* ECF 28.

Dasagroup's third party complaint alleges the following claims against Silo: (1) declaratory relief; (2) unjust enrichment; (3) rescission; (4) breach of covenant of good faith and fair dealing; (5) money had and received; (6) unfair/unlawful business practices under California's UCL.  *See* ECF 23.

On December 13, 2024, Jefferies filed a motion to dismiss Dasagroup's amended counterclaims.  EFC 33.  Dasagroup filed a timely opposition, ECF 44, and Jefferies filed a timely reply, ECF 54. Then, on January 17, 2025, Silo filed a motion to dismiss Dasagroup's third party complaint.  ECF 51.  Dasagroup filed a timely opposition and request for judicial notice, ECF 59, and Silo timely filed a reply and opposition to the request for judicial notice, ECF 60–61.

On February 14, 2025, Dasagroup filed an administrative motion seeking to extend the parties' deadline to file a motion for default judgment against London Fruit.  ECF 62.  On

1    February 18, 2025, Jefferies filed a response to Dasagroup's administrative motion, stating that

2    Jefferies did not oppose extending the deadline to file default judgment.  ECF 64.  On February

3    19, 2025, the Court granted the parties' request to extend the deadline to file a default motion

4    against London Fruit.  ECF 65.

5            On March 3, 2025, Jefferies and Dasagroup filed supplemental briefing in response to the

6    Court's concerns over jurisdiction and venue in this matter.  *See* ECF 67, 68.  The Court vacated

7    the March 4, 2025 hearing on Jefferies' and Silo's motions to dismiss.  *See* ECF 33, 51, 69.

8            On March 4, 2025, Dasagroup filed a motion for leave to file a second amended answer,

9    counterclaim, and cross-claim.  ECF 70.

10   **II.    JURISDICTION AND VENUE**

11           Given London Fruit's pending default, *see* ECF 65, the Court found it necessary to raise

12   the question of personal jurisdiction and venue *sua sponte*.  *See Shoaga v. Blosada*, No. 05-cv-

13   2213, 2006 WL 6929450, at *8 (N.D. Cal. 2006) ("[T]he Court finds it necessary to raise the

14   question of personal jurisdiction *sua sponte*."); *Kumar v. Nationwide Mutual Ins. Co*., No. 22-cv-

15   3852, 2023 WL 12013237, at *1 (N.D. Cal. 2023) ("A court may transfer a case to the proper

16   venue *sua sponte*, provided that the defendant has not waived venue and the parties are given an

17   opportunity to present their views on the issue.").  The parties filed supplemental briefing

18   addressing jurisdiction and venue.  *See* ECF 66–68.

19           The parties have sufficiently addressed the Court's concerns regarding jurisdiction and

20   venue.  The parties concede that Dasagroup consented to this Court's personal jurisdiction.  *See*

21   ECF 67 at 4 ("As with personal jurisdiction, Dasagroup consents to venue in the Northern District

22   of California."); ECF 68 at 2 (discussing Dasagroup's waiver of personal jurisdiction)*; see also*

23   *Silbersher v. Valent Pharm. Int., Inc.*, 2023 WL 4946736, at *1 (9th Cir. 2023) ("A defendant may

24   waive a challenge to personal jurisdiction by submitting to the jurisdiction of the court."); *Fry's*

25   *Elec. v. Octave Sys., Inc.*, 211 F.3d 1273, 1273 (9th Cir. 2000) ("Peter's contention that the district

26   court did not have personal jurisdiction over him is meritless because any defects in personal

27   jurisdiction were waived by Peter.") (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)

28   (concluding that a defendant's general appearance or responsive pleading that fails to dispute

United States District Court
Northern District of California

4

1    personal jurisdiction waives any defect in personal jurisdiction)).

2    Regarding waiver, the parties agree that Dasagroup waived venue.  *See* ECF 67 at 4; ECF

3    68 at 5–6 (discussing Dasagroup's waiver of venue); *see also Teyseer Cement Co. v. Halla*

4    *Maritime Corp.*, 794 F. 2d 472, 477 (9th Cir. 1986) (recognizing that "a defendant may waive any

5    objections to personal jurisdiction or venue by consent or conduct"); *In re Apple iPhone Antitrust*

6    *Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) ("A defendant who omits a defense under Rules

7    12(b)(2)–(5)—lack of personal jurisdiction, improper venue, insufficient process, and insufficient

8    service of process—entirely waives that defense.").

9    Accordingly, the Court shall consider the merits of Jefferies' motion to dismiss

10   Dasagroup's amended counterclaims, ECF 33, and Silo's motion to dismiss Dasagroup's third

11   party complaint, ECF 51.

## III.    JUDICIAL NOTICE

13   "The Court may judicially notice a fact that is not subject to reasonable dispute because it:

14   (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

15   readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

16   201(b). The Court may "consider materials that are submitted with and attached to the Complaint.

17   [The Court] may also consider unattached evidence on which the complaint 'necessarily relies' if:

18   (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and

19   (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*,

20   655 F.3d 984, 999 (9th Cir. 2011).

21   Dasagroup asks the Court to judicially notice a total of twenty-nine exhibits in support of

22   its oppositions to Jefferies' and Silo's motions to dismiss.  *See* ECF 44-1 (Dasagroup RJN seeking

23   to admit twelve exhibits); 59-1 (Dasagroup RJN seeking to admit seventeen exhibits).

### A.    Dasagroup's Request for Judicial Notice in Support of Opposition to Jefferies' Motion to Dismiss Amended Counterclaims.

26   Dasagroup seeks judicial notice of twelve exhibits in support of its opposition to Jefferies'

27   motion to dismiss Dasagroup's amended counterclaims:  (1) May 23, 2019 Supply Chain Dive

28   press release titled, *Silo Lands $3 Million Seed Round to Bring Wholesale, Perishable Agriculture*

United States District Court
Northern District of California

5

*Online;* (2) September 24, 2020 Andreessen Horowitz blogpost titled *Investing in Silo*; (3) June 30, 2022 Silo blog titled *Silo Enters into Financing with Jefferies to Help More Produce Suppliers and Distributors Unlock the Cash Flow Needed to Thrive*; (4) August 15, 2023 TrueBridge Capital Partners article titled *Trends from This Year's Next Billion-Dollar Startups Lists*;  (5) July 12, 2023 PR Newswire press release titled *Silo Lands $132 Million to Support the Food Supply Chain*; (6) TechCrunch article titled *Food Supply Chain Software Maker Silo Lays Off ~30% of Staff Amid M&A Discussions*; (7) Crunchbase webpage titled *Silo - Funding, Financials, Valuation & Investors;* (8) Silo webpage titled, *It's Your Cash. Put it to work Silo Instant Pay FAQs*; (9) Silo blog titled *Silo Enters into Financing with Jefferies to Help More Produce Suppliers and Distributors Unlock the Cash Flow Needed to Thrive*; (10) Silo blog titled *Silo: A Better Alternative to Accounts Receivable Factoring*; (11) Silo webpage titled *Modern Approach to B2B Supply Chain Financing*; and (12) Board of Governors Federal Research System excel sheet of primary and secondary credit historical discount rates.  ECF 44-1 at 1–4.

Dasagroup argues that the Court should judicially notice the twelve exhibits because the exhibits are publicly available.  *Id*. at 4.  Dasagroup admits to offering the exhibits to either "show actual statements made by Silo" or "show an adequate factual basis . . . for any amendments that may be required by the Court."  *Id*.  Except for the Federal Research System excel sheet exhibit, Jefferies argues judicial notice is improper because the websites and blog posts are inaccurate and being used for the truth of the matter asserted.  ECF 55 at 2–4.

The Court agrees that Dasagroup is seeking to admit the exhibits for the truth of the matter asserted.  "Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."  *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2009).  The Court declines to convert Dasagroup's motion to dismiss into a motion for summary judgment.  *See* Fed. R. Civ. Pro. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.");  *Chung v. Intellectsoft Group Corp.*, No. 21-cv-3074, 2023 WL 5615456, at *4 (N.D. Cal. 2023) ("Whether to convert a Rule 12(b)(6) motion into one for summary judgment pursuant to Rule

12(d) is at the discretion of the district court.").  Accordingly, the Court **DENIES** Dasagroup's request for judicial notice.  *See Bluebottle Coffee, LLC v. Liao*, 21-cv-6083, 2023 WL 9502073, at *6 (N.D. Cal. 2023) ("Because Plaintiff only seeks judicial notice of these documents to establish disputed facts. . .the Court declines to judicially notice them.").

**B.    Dasagroup's Request for Judicial Notice in Support of Opposition to Silo's Motion to Dismiss Third Party Complaint.**

Dasagroup seeks judicial notice of seventeen documents in support of its opposition to Silo's motion to dismiss the third party complaint: (1) May 23, 2019 Supply Chain Dive press release titled, *Silo Lands $3 Million Seed Round to Bring Wholesale, Perishable Agriculture Online;* (2) September 24, 2020 Andreessen Horowitz blogpost titled *Investing in Silo*; (3) June 30, 2022 Silo blog titled *Silo Enters into Financing with Jefferies to Help More Produce Suppliers and Distributors Unlock the Cash Flow Needed to Thrive*; (4) August 15, 2023 TrueBridge Capital Partners article titled *Trends from This Year's Next Billion-Dollar Startups Lists*;  (5) July 12, 2023 PR Newswire press release titled *Silo Lands $132 Million to Support the Food Supply Chain*; (6) TechCrunch article titled *Food Supply Chain Software Maker Silo Lays Off ~30% of Staff Amid M&A Discussions*; (7) Crunchbase webpage titled *Silo - Funding, Financials, Valuation & Investors;* (8) Silo webpage titled, *It's Your Cash. Put it to work Silo Instant Pay FAQs*; (9) Silo blog titled *Silo Enters into Financing with Jefferies to Help More Produce Suppliers and Distributors Unlock the Cash Flow Needed to Thrive*; (10) Silo blog titled *Silo: A Better Alternative to Accounts Receivable Factoring*; (11) Silo webpage titled *Modern Approach to B2B Supply Chain Financing*; (12) Grubmarket Inc blog titled GrubMarket Raised $90 million in 2020 to Accelerate Nationwide Expansion; (13) October 25, 2021 Grubmarket press release titled *GrubMarket Raises $145 Million Series E to Accelerate Profitable Growth;* (14) August 3, 2023 Grubmarket press release titled *GrubMarket Acquires London Fruit to Expand Further in Texas*; (15) BlackRock excerpt of June 30, 2024 Semi-Annual report; (16) Board of Governors Federal Research System excel sheet of primary and secondary credit historical discount rates; and (17) January 26, 2024 Blackrock Form SC 13G/A filed with the SEC.  ECF 59-1 at 2–5.

Similar to Dasagroup's previously mentioned judicial notice request, Dasagroup admits to

United States District Court
Northern District of California

1    offering the exhibits to either "show actual statements made by Silo" or "show an adequate factual

2    basis . . . for any amendments that may be required by the Court."  ECF 44-1, ECF 59-1 at 5.

3        For the same reasons discussed above, the Court **DENIES** Dasagroup's request for judicial

4    notice.  *See Khoja v. Orexigen Terapeutics, Inc*., 899 F.3d 988, 1003 (9th Cir. 2018) ("[I]t is

5    improper to assume the truth of an incorporated document if such assumptions only serve to

6    dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the

7    prohibition against resolving factual disputes at the pleading stage.").

## IV.    LEGAL STANDARD

9        A motion to dismiss a counterclaim brought under Federal Rule of Civil Procedure

10   12(b)(6) is evaluated under the same standard as a motion to dismiss a complaint.  *AirWair Int'l

11   Ltd. v. Schultz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015).

12       Pursuant to Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon

13   which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To overcome a motion to dismiss, a

14   complaint's "factual allegations 'must . . . suggest that the claim has at least a plausible chance of

15   success.'"  *Levitt v. Yelp! Inc*., 765 F.3d 1123, 1135 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556

16   U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  The Court "accept[s]

17   factual allegations in the complaint as true and construe[s] the pleadings in the light most

18   favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025,

19   1031 (9th Cir. 2008).  However, "conclusory allegations of law and unwarranted inferences are

20   insufficient to avoid a Rule 12(b)(6) dismissal."  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th

21   Cir. 2009).

## V.    DISCUSSION

### A.    Jefferies' Motion to Dismiss Dasagroup's Amended Counterclaims

#### i.    The Court Declines to Address Factual Disputes Underlying Jefferies' Licensing Status.

Jefferies argues Dasagroup's claims fail to the extent the claims rely on Silo's licensing

status.  ECF 33 at 9–13.  Dasagroup argues Silo's materials demonstrate that Silo was unlicensed

and, therefore, its agreements are invalid.  ECF 44 at 11–20.

8

The Court declines the parties' invitation to resolve the factual disputes underlying the parties' licensing status and the agreements. "Such factual disputes are more properly considered at the summary judgment phase or at trial, and not in the context of a motion to dismiss under Rule 12(b)(6), which merely tests the legal sufficiency of the claims asserted in the complaint." *Tech. & Intell. Prop. Strategies Group PC v. Fthenakis*, No. 11-cv-2373, 2011 WL 3501690, at *6 (N.D. Cal. 2011). Accordingly, the Court **DENIES** Jefferies' motion to dismiss Dasagroup's counterclaims to the extent the claims rely on licensing status and unresolved factual disputes. *See Delk v. Ocwen Fin. Corp.*, No. 17-cv-2769, 2017 WL 3605219, at *6 n.4 (N.D. Cal. 2017) ("The factual disputes over the meaning of OLS's representations alone justify denying OLS's motion to dismiss Delk's breach of contract claim.").

### ii.    Dasagroup Fails to Sufficiently Allege Coercion, Duress, Undue Influence, and Menace.

Jefferies argues that the Court should dismiss Dasagroup's claims to the extent the claims allege coercion, duress, undue influence, and menace. ECF 33 at 14. Jefferies asserts that a threat of litigation does not qualify as duress. *Id*. In its opposition, Dasagroup argues coercion and duress are adequately alleged. *See* ECF 44 at 19, 22, 24.

"Economic duress can excuse an innocent party's contractual obligations when the other contracting party does a wrongful act which is sufficiently coercive to cause a reasonably prudent person faced with no reasonable alternative to succumb to the perpetrator's pressure." *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1119 (9th Cir. 2018) (internal quotations omitted). "Economic duress is an equitable doctrine which requires plaintiffs to plead that (1) defendants engaged in a sufficiently coercive wrongful act; (2) a reasonably prudent person in plaintiffs' economic position would have had no reasonable alternative but to succumb to defendants' coercion; (3) defendants knew of plaintiffs' economic vulnerability; and (4) defendants' coercive wrongful act actually caused or induced plaintiffs to sign the severance releases." *Brandt v. Verizon Commc'n, Inc.*, No. 18-cv-7575, 2019 WL 4082562, at *5 (N.D. Cal. 2019).

Here, Dasagroup alleges that "Silo threatened a lawsuit, demanding accelerated payment of the entire obligation," and caused Dasagroup to "enter into a forbearance with Silo and Plaintiff

1    Jefferies Funding LLC." Amended Countercl. ¶ 16.  Dasagroup further alleges that Jefferies

2    "coercively demanded the inclusion of a waiver of all claims or threatened litigation."  *Id*. ¶ 23.

3    These conclusory allegations regarding litigation are, by themselves, insufficient to allege duress

4    or coercion.  *See Philippine Export & Foreign Loan Guaratee Corp. v. Chuidian*, 267 Cal. Rptr

5    457, 466 (Cal. Ct. App 1990) ("A bargain may be avoided on grounds of physical coercion . . .

6    Impermissible threats include *bad faith* threatened use of civil process[.]") (emphasis added);

7    *Green v. AILNH, LLC*, 18-cv-10797, 2019 WL 1883910, at *3 (C.D. Cal. 2019) ("Defendant's

8    alleged threat to sue Plaintiff is not legally sufficient to constitute duress under California law.").

9            Accordingly, the Court **GRANTS** Jefferies' motion to dismiss Dasagroup's declaratory

10   relief, rescission, breach of covenant of good faith and fair dealing, money had and received, and

11   UCL claims to the extent those claims are based on coercion, duress, undue influence, fraud, or

12   menace.

13           **iii.    Dasagroup Cannot Allege a Rescission Claim.**

14           Jefferies argues Dasagroup's rescission claim fails because rescission is not an independent

15   cause of action.  ECF 33 at 15–16.  Dasagroup argues that rescission is a cause of action,

16   Dasagroup sufficiently alleges rescission with restoration to the status quo, and Dasagroup has

17   alleged at least four alternative rationales for rescission.  ECF 44 at 20–22.

18           The Court agrees that Dasagroup may not bring a standalone cause of action for rescission.

19   "Rescission is not a cause of action, but a common-law remedy on the contract."  *Direct Tech.,*

20   *LLC v. Elec. Arts, Inc*., 525 F. App'x 560, 562 (9th Cir 2013); *see also Mangindin v. Washington*

21   *Mut. Bank*, 637 F. Supp. 2d 700, 709 (N.D. Cal. 2009) ("Rescission and injunctive relief are not

22   independent causes of action."); *Wong v. Stroler,* 188 Cal. Rptr. 3d 674, 681 (Cal. Ct. App. 2015)

23   ("In 1961, however, the Legislature abolished the action to obtain judicial rescission and left only

24   an action to obtain relief based on a party effecting rescission. . . The court does not rescind

25   contracts but only affords relief based on a party's rescission.").

26           Accordingly, the Court **GRANTS** Jefferies' motion to dismiss Dasagroup's rescission

27   claim.

28           **iv.    Dasagroup Fails to Sufficiently Allege an Unjust Enrichment Claim.**

United States District Court
Northern District of California

Jefferies argues that Dasagroup fails to sufficiently allege economic loss and a qualifying conduct of mistake, fraud, coercion, or request.  ECF 33 at 16; ECF 54 at 5.  Jefferies also argues that Dasagroup cannot rebut the presumption that liquidated damages clauses in commercial contracts are valid.  ECF 33 at 16.  Dasagroup argues that its late payments were made under coercion and duress. ECF 44 at 22.

As discussed above, the Court finds the amended counterclaims fail sufficiently allege coercion and duress.  *See supra* Section IV(A)(ii).  Moreover, the amended counterclaims fail to allege facts regarding the validity of the liquidated damages provision.  "In California, liquidated damages provisions in commercial contracts are presumed valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made."  *Valenzuela v. ADT Sec. Serv., Inc.*, 475 F. App'x. 115, 117 (9th Cir. 2012).  Dasagroup therefore fails to allege that the agreements are void.  *See Caldwell v. Nordic Naturals, Inc.*, 709 F. Supp. 3d 889, 912 (N.D. Cal. 2024) ("However, to adequately assert quasi-contract/unjust enrichment claim, Plaintiff must allege that the contract between her and Defendant was unenforceable or void.").  Therefore, the Court **GRANTS** Jefferies' motion to dismiss Dasagroup's unjust enrichment claim.

### v.    Dasagroup Fails to Sufficiently Allege a Breach of Good Faith and Fair Dealing Claim.

Dasagroup concedes that the Court should dismiss its breach of good faith and fair dealing claim.  ECF 44 at 20 n.7.  The Court **GRANTS** Jefferies' motion to dismiss Dasagroup's breach of good faith and fair dealing counterclaim.

### vi.    Dasagroup Fails to Sufficiently Allege a Money Had And Received Claim.

Jefferies argues Dasagroup fails to allege that a definite sum was received by Jefferies, as well as consideration and followed by nonperformance.  ECF 33 at 18–19.  Dasagroup argues that California recognizes money had and received claims where a debtor is seeking to recover usurious interest payments.  ECF 44 at 23.

"To prevail on a common count for money had and received, the plaintiff must prove that the defendant is indebted to the plaintiff for money the defendant received for the use and benefit

United States District Court
Northern District of California

1    of the plaintiff." *Rutherford Holdings, LLC v. Plaza Del Rey*, 166 Cal. Rptr. 3d 864, 871 (Cal. Ct.

2    App. 2014). "The elements of a money had and received claim are: (1) the statement of

3    indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3)

4    nonpayment." *Lopez v. Bank of Am., N.A.*, 505 F. Supp. 3d 961, 975 (N.D. Cal. 2020).

5          The Court agrees that Dasagroup fails to sufficiently allege its money had and received

6    claim. Dasagroup simply alleges that Jefferies "received money belonging to [Dasagroup] in the

7    form of payments made to [Jefferies] under duress and under protest . . . ." and that Jefferies

8    "benefitted from the receipt of these payments." Amended Countercl. ¶¶ 53–54. "[U]nder federal

9    pleading standards, [Jefferies'] allegations are insufficient 'to raise a right to relief above the

10   speculative level.'" *Skrabe v. United States Bank, N.A.,* No. 10-cv-3230, 2012 WL 4051212 , at

11   *8 (N.D. Cal. 2012) (quoting *Twombly*, 550 U.S. at 555). Notably missing are factual allegations

12   regarding indebtedness in a definite sum. *See Buckley v. Align Tech, Inc*., No. 13-cv-2812, 2014

13   WL 3778921, at *6 (N.D. Cal. 2014) ("Plaintiff fails to specify what she paid for her own

14   Invisalign treatment. Therefore, the FAC fails to state a claim for money had and received,

15   because Plaintiff does not allege a definite sum that Align received from her.").

16         Accordingly, the Court **GRANTS** Jefferies' motion to dismiss Dasagroup's money had

17   and received claim.

18         **vii.    Dasagroup Fails to Sufficiently Allege a UCL Claim.**

19         Jefferies argues that Dasagroup's UCL claim fails because the claim is predicated on

20   vicarious liability and derivative of Dasagroup's other insufficiently alleged claims. ECF 33 at

21   19–20. Dasagroup argues that it sufficiently alleges a standalone UCL claim based on

22   Dasagroup's unfair and fraudulent business practices. ECF 44 at 23–24. Dasagroup also argues

23   its counterclaims sufficiently allege Jefferies' knowledge and participation in unlawful conduct.

24   *Id.*

25         California's UCL prohibits any "unlawful, unfair or fraudulent business act or practice."

26   Cal. Bus. & Prof. Code § 17200; *see also Cel-Tech Comm'n, Inc. v. L.A. Cellular Tel. Co*., 20

27   Cal.4th 163, 180 (1999). "Because the [UCL] statute is written in the disjunctive, it applies

28   separately to business practices that are (1) unlawful, (2) unfair, or (3) fraudulent." *See Pastoria v.*

1    *Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496 (2003).

2    Because Dasagroup fails to sufficiently allege its other claims, the Court **GRANTS**

3    Jefferies' motion to dismiss Dasagroup's UCL claim to the extent the claim is derivative. *See*

4    *Pratap v. Wells Fargo, NA*, 63 F. Supp. 3d 1101, 1111 (N.D. Cal. 2014) ("Plaintiffs' section

5    17200 claims rise and fall with the substantive causes of action already discussed.") (internal

6    quotations omitted).

7    The Court further finds that Dasagroup fails to sufficiently allege a standalone UCL claim

8    based on unfair or fraudulent business practices. Dasagroup's counterclaims simply allege that

9    Jefferies' "conduct in coercing [Dasagroup] to accept onerous and unenforceable terms and

10    conditions under threat of litigation and extreme pecuniary hardship" constitute unfair, unlawful,

11    or fraudulent business practices under the UCL. Amended Countercl. ¶ 57. Dasagroup also

12    alleges that Silo's failure to register as a commercial lender and Jefferies' improper assessment of

13    late penalties, attempts at accelerated collection, and lending without licensure are unlawful

14    business acts. *Id*. 58–60. These vague allegations fail to "state with reasonable particularity the

15    facts supporting the statutory elements of the [UCL] violation." *Khoury v. Maly's of California,*

16    *Inc.*, 17 Cal. Rptr. 2d 708, 712 (1993); *McKell v. Wash. Mut., Inc.*, 49 Cal. Rptr. 3d 227, 240

17    (2006) ("A business practice is unfair within the meaning of the UCL if it violates established

18    public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to

19    consumers which outweighs its benefits.").

20    Regarding Jefferies' vicarious liability argument, "[i]t is true that the UCL imposes

21    liability only for a party's personal participation in the unlawful practices . . . [h]owever, it is

22    sufficient that the defendant aided and abetted the principal violator." *Plascencia v. Lending 1st*

23    *Mort.*, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008).

24    The Court finds that Dasagroup's counterclaims fail to allege either personal participation

25    or aiding and abetting a principal violator. The counterclaims' general references to a business

26    relationship between Silo and Jefferies and "conduct in coercing" Dasagroup fail to connect either

27    Silo or Jefferies to any qualifying UCL act. *See Barrett v. Apple Inc.*, 523 F. Supp. 3d 1132, 1145

28    – 48 (N.D. Cal. 2021) (finding allegations that Apple "transferred payments to parties it knew or

13

could have known were engaging in unlawful activity . . . retained funds it knew or could have known were received because of unlawful activity . . . made misleading or false statements regarding its ability to respond to unlawful activity occurring within its iTunes ecosystem" insufficient to plead third party liability under the UCL); *In re Juul Labs, Inc., Mktg., Sales Prac., and Prod. Liab. Litig*., 497 F. Supp. 3d 552, 635 (N.D. Cal. 2020) (finding allegation of a "Board's decision" insufficient to plead liability because "[t]here [was] no allegation of a Board vote or other *action* identified and "plaintiffs [did] not identify any specific matters put forward by the defendant Directors together or individually that were approved through their direct control over the full Board").

Moreover, Dasagroup's generalized allegations fail to allege that Jefferies had sufficient knowledge to aid and abet. *See SolarCity Corp. v. Pure Solar City Co.*, No. 16-cv-1814, 2016 WL 11019989, at *11 (C.D. Cal. 2016) (finding complaint failed to allege knowledge for aiding and abetting because "Plaintiff has not established that Karmouta gave any assistance or encouragement to Hitti at the time he obtained Plaintiff's customer information, or that Karmouta was aware of Hitti and Berryman's allegedly unlawful conduct."); *RSB Vineyards, LLC v. Orsi*, 223 Cal. Rptr. 3d 458, 465 (Cal. Ct. App. 2017) ("[K]nowledge can be inferred from the circumstances only if, in the light of the evidence, such inference is not based on speculation or conjecture.  Only where the circumstances are such that the defendant 'must have known' and not 'should have known' will an inference of actual knowledge be permitted.").  Although Dasagroup's opposition asserts facts underlying "Silo's own press-release advertises," those allegations are missing from the Dasagroup's counterclaim and do not save Dasagroup's counterclaims.  *See* ECF 44 at 24; *Volkswagen Group of America, Inc. v. Smartcar, Inc*., No. 21-cv-4895, 2024 WL 4312217, at *11 (N.D. Cal. 2024) ("Smartcar also seeks refuge in VWGoA's allegations in its Second Amended Complaint regarding the scope of VWGoA's operations, but the Court may not look outside the four corners of the counterclaim complaint to define the geographic market.").

Accordingly, the Court **GRANTS** Jefferies' motion to dismiss Dasagroup's UCL claim.

United States District Court
Northern District of California

### viii.    Dasagroup Sufficiently Alleges a Declaratory Relief Claim.

Jefferies argues that Dasagroup's declaratory relief claim should be dismissed because the claim is duplicative of Dasagroup's other claims.  ECF 33 at 20.  Dasagroup argues that its declaratory relief claim is distinct from its other claims.  ECF 44 at 25.

"Declaratory relief is appropriate when (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) it will terminate and afford relief from the uncertainty . . . giving rise to the proceeding."  *In re Google Assistant Priv. Litig.*, 546 F. Supp. 3d 945, 975–76 (N.D. Cal. 2021).  "A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action."  *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009).

Here, Dasagroup's requested relief for declaratory relief claim differs from Dasagroup's other forms of requested relief.  *See* Amended Countercl. ¶ 30 (declaratory relief claim seeking "rescission of both Supplier Receivable Sales Agreement and the Forbearance Agreement.") *with* ¶ 38 (unjust enrichment claim seeking refund for fees and an order disgorging Plaintiff of all improperly held late fees), ¶ 50 (breach of covenant of good faith and fair dealing claim seeking damages); ¶ 54 (money had and received claim seeking late fees and penalties payment); ¶ 61(UCL claim seeking restitution, disgorgement of all earning, profits, compensation, benefits, and other gains wrongfully obtained, and a court order enjoining plaintiff from continuing to engage in the acts set forth in this complaint).  Moreover, as discussed above, California no longer recognizes rescission as an independent cause of action, indicating that Dasagroup's request for rescission is limited to declaratory relief.  Jefferies fails to provide any caselaw or persuasive argument indicating otherwise.

Accordingly, the Court **DENIES** Jefferies' motion to dismiss Dasagroup's declaratory relief claim.  *See Jaber v. Endurance American Specialty Ins. Co*., No. 20-cv-4957, 2020 WL 10357150, at *8 (N.D. Cal. 2020) ("Plaintiffs correctly assert, however, that each cause of action seeks a different remedy . . . Because the cause of action for declaratory relief is not duplicative of the contract causes of action, it will not be dismissed at this stage.")

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### B.    Silo's Motion to Dismiss Dasagroup's Third Party Complaint

Silo seeks to dismiss Dasagroup's rescission, breach of covenant of good faith and fair dealing, unjust enrichment, money had and received, UCL, and declaratory relief claims.  ECF 51.  Notably, Dasagroup's claims against Silo in the third-party complaint are almost completely identical to Dasagroup's claims against Jefferies in Dasagroup's amended counterclaim.  *Compare* ECF 23 (third party complaint) *with* 28 (amended counterclaims).  Similarly, Silo's arguments to dismiss the third-party complaint are nearly identical to Jefferies' arguments to dismiss the amended counterclaim.  *Compare* ECF 33 (Jefferies motion to dismiss amended counterclaim) *with* 51 (Silo motion to dismiss third party complaint).

Because the third-party complaint and motions to dismiss are almost wholly identical and restate the same substantive arguments, the Court hereby incorporates its analysis on Jefferies' motion to dismiss the amended counterclaims to Silo's motion to dismiss the third-party complaint.  *See Rubio v. US Bank N.A*., No. 13-cv-5752, 2014 WL 2602330, at *5 (N.D. Cal. 2014) ("Because the complaint restates many of the same arguments and the opposition is substantively identical, the court incorporates its earlier analysis by reference.").  Accordingly, the Court **GRANTS** Silo's motion to dismiss Dasagroup's rescission, breach of covenant of good faith and fair dealing, unjust enrichment, money had and received, and UCL claims.  The Court **DENIES** Silo's motion to dismiss Dasagroup's declaratory relief claims.

### VI.    LEAVE TO AMEND

Pursuant to Rule 15(a)(2), A party may amend its pleadings with the opposing party's written consent or the Court's leave.  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id*.  This policy is applied with "extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation omitted).  The nonmovant bears the burden of demonstrating why leave to amend should not be granted.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  The Supreme Court has outlined five factors to consider in deciding whether leave to amend is warranted: (1) bad faith on the part of the movant, (2) undue delay by the movant, (3) repeated amendments by the movant, (4) undue prejudice to the nonmovant, and (5) futility of the proposed amendment.  *Foman v. Davis*, 371

U.S. 178, 182 (1962). "Amendment need not be permitted when it would be futile—that is, when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Invenergy Thermal LLC v. Watson*, 2024 WL 5205745, at *3 (9th Cir. 2024) (internal quotation omitted).

Regarding Dasagroup's breach of covenant of good faith and fair dealing, unjust enrichment, money had and received, and UCL claims against Jefferies and Silo in the amended counterclaims and third-party complaint, respectively, the Court finds that prejudice to Jefferies and Silo would be minimal. After considering the remaining Rule 15 factors, the Court finds that the presumption in favor of granting Dasagroup leave to amend under Rule 15 breach of covenant of good faith and fair dealing, unjust enrichment, money had and received, and UCL claims applies. However, the Court denies Dasagroup leave to amend its rescission claim. *See Whiterock v. Old Republic Default Mgmt. Serv.*, No. 12-cv-1699, 2015 WL 3453749, at *8 (N.D. Cal. 2015) ("Since rescission is not an independent cause of action, it must be dismissed without leave to amend.").

Accordingly, the Court **GRANTS** Dasagroup leave to amend its breach of covenant of good faith and fair dealing, unjust enrichment, money had and received, and UCL claims in the amended counterclaims and third-party complaint.

The Court **DENIES** Dasagroup leave to amend its rescission claims in the amended counterclaims and third-party complaint. Because the Court grants Dasagroup leave to amend its breach of covenant of good faith and fair dealing, unjust enrichment, money had and received, and UCL claims, the Court **DENIES as moot** Dasagroup's motion for leave to file a second amended answer, counterclaim, and cross-claim. ECF 70. *See Young v. Garay*, No. 15-cv-3267, 2016 WL 3208677, at *1 (N.D. Cal. 2016) ("[B]ecause the Court granted Plaintiff leave to amend, a motion to amend is unnecessary and the Court denies the motion as moot."); *Mitchell v. Routh Crabtree Olsen, P.S..*, No. 11-cv-3577, 2012 WL 2792360, at *4 (N.D. Cal. 2012) (granting motion to dismiss and denying as moot motion for leave to file second amended complaint). Dasagroup may renew its motion for leave to amend *after* filing a second amended counterclaim and amended third party complaint addressing the deficiencies in this order.

United States District Court
Northern District of California

1    In the second amended counterclaim and amended third party complaint, Dasagroup may

2    not plead new claims.  Should the scope of any amendment exceed the leave to amend granted by

3    this order, the Court will strike the offending portions of the pleading under Rule 12(f).  *See* Fed.

4    R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant,

5    immaterial, impertinent, or scandalous matter.  The court may strike from a pleading an

6    insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court

7    may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading

8    or, if a response is not allowed, within 21 days after being served with the pleading.").

9    Dasagroup shall file a second amended counterclaim and amended third party complaint

10   consistent with this order no later than March 18, 2025.  No new claims or parties may be added

11   without the Court's prior approval.  A failure to meet this deadline will result in dismissal with

12   prejudice under Federal Rule of Civil Procedure 41(b).

## VII.    CONCLUSION

14   For the foregoing reasons, Jefferies' motion to dismiss Dasagroup's amended

15   counterclaims is **GRANTED** in part and **DENIED** in part and Silo's motion to dismiss

16   Dasagroup's third party complaint is **GRANTED** in part and **DENIED** in part.  Dasagroup's

17   motion for leave to amend its first amended answer, counterclaim, and cross-claim is **DENIED** as

18   moot.

19   This Order resolves ECF 33, 51, and 70.

20   IT IS SO ORDERED.

21   Dated: March 5, 2025

22   _____

     TRINA L. THOMPSON
23   United States District Judge

18