MARIO A. MOYA (State Bar No. 262059)
REBECCA M. HOBERG (State Bar No. 224086)
MOYA LAW FIRM
1300 Clay Street, Suite 600
Oakland, California 94612
Tel: 510.926.6521
Fax: 510.340.9055
Email: mmoya@moyalawfirm.com
        rhoberg@moyalawfirm.com

Attorneys for Defendant
DASAGROUP HOLDINGS CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERIES FUNDING, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DASAGROUP HOLDINGS CORP. (d/b/a KICKHASS AVOCADOS) and LONDON FRUIT, INC.,<br><br>　　　　Defendants. | Case No. 3:24-cv-05639-TLT<br><br>**DEFENDANT DASAGROUP'S EX PARTE APPLICATION AND ALTERNATIVE MOTION TO AMEND/CORRECT JULY 16, 2025 ORDER (ECF 114)**<br><br>[Fed. R. Civ. P. 59(e), 60(a)-(b)] |
| DASAGROUP HOLDINGS CORP. (d/b/a KICKHASS AVOCADOS),<br><br>　　　Counter- and Cross-Claimant/<br>　　　　& Third-Party Plaintiff,<br>　　v.<br><br>JEFFERIES FUNDING, LLC,<br><br>　　　　Counter-Defendant,<br><br>LONDON FRUIT, INC., and<br><br>　　　　Cross-Defendant,<br><br>SILO TECHNOLOGIES, INC.,<br><br>　　　　Third-Party Defendant. | |

With trepidation — and with sincere hope of not offending the Court — Defendant Dasagroup Holdings Corp. respectfully brings this ex parte application and/or alternative motion under Federal Rules of Civil Procedure 59(e), 60(a) and/or 60(b), to amend or to correct a clerical mistake, mistake arising from oversight or omission, and/or other reason justifying relief with respect to the Court's July 16, 2025 Order (ECF No. 114) denying Jefferies's administrative motion under Civil Local Rule 79-5(f) to consider whether Dasagroup's materials (which were previously submitted to the Court *ex parte*) should be sealed.

## BACKGROUND

On July 8, 2025, Plaintiff Jefferies filed an Administrative Motion pursuant to Local Rule 79-5(f) to consider whether Dasagroup's materials should be sealed in connection with its filing of a Motion for Leave to File a First Amended Complaint. *See* Moya Decl. 3. The motion recognized that Dasagroup had asserted the confidentiality of certain materials and documents that Jefferies intended to submit with its filing, and triggered an obligation for Dasagroup to respond to defend any confidentiality of such materials under Local Rule 79-5(f). This Local Rule ensures that when a party is filing a document containing materials that another party has designated as confidential or highly confidential under a protective order in the case, the filing party must file such material under seal and give notice per Local Rule 79-5(f) to allow the party whose confidential material is at risk of being exposed provide a declaration supporting sealing the materials. Nothing in the local rule, however, dispensed with the requirement that Dasagroup be served with what Jefferies had filed under seal. The Court's own published guidance even states that such a motion must include a "proof of service" to show the Court that the party asserting confidentiality has received copies of the opponent's intended filings.

When Jefferies filed its motion for leave to amend the complaint and declaration in support of the motion, it filed a redacted version of the papers publicly on CM/ECF-PACER, and filed an unredacted version of the documents confidentially under seal. Those unredacted documents (including declaration exhibits that were only filed confidentially) were only viewable by the Court; they were not viewable by Dasagroup. This was all well and good, filing-wise, but Jefferies failed to serve Dasagroup with the unredacted copies of the materials. Because Jefferies did not serve the unredacted documents on Dasagroup, Dasagroup was forced to guess as to what the redactions were and what materials Jefferies had submitted, *ex parte*, to the Court under seal. Accordingly, to timely <u>respond</u> to the motion

as per ECF filing procedures[1], Dasagroup filed a "response" that asserted an objection and asked that the time to run on briefing the underlying confidentiality issues begin to run when it was actually served with the unredacted materials — i.e., on the date of service, July 14, rather than the date of Jefferies's original filing, July 8.  *See generally* ECF 113 (Dasagroup's response entitled, "Dasagroup's Objection and Request For Additional Time In Response To Jefferies' Sealing Inquiry Re: Materials Not Timely Served").

Ultimately, the Court issued an ECF order (Dkt. 114) that denied Jefferies's motion, but incorrectly mischaracterized Dasagroup's filing as an "oppos[ition]" to the sealing inquiry:

> Because Jefferies concedes that sealing is unwarranted and Dasagroup opposes Jefferies' motion to seal, the Court denies Jefferies' motion. Jefferies' motion to seal also contains an overbroad request to seal the entirety of the amended complaint. See L.R. 79-5(f)(6) ("[O]verly broad requests to seal may result in the denial of the motion")

ECF 114 (entered July 16, 2025).

The clear implication of this ruling appears to be, without adjudicating the merits of the forthcoming confidentiality dispute, is that Jefferies may file the confidential materials in unredacted format, even though Dasagroup was not provided with the mandatory 7-day period to support the sealing of its materials as per Local Rule 79-5(f).

When responding to a Local Rule 79-5(f) motion, Dasagroup is required to submit a declaration substantiating the basis for its confidentiality designations.  But the underlying assumption of this procedure is that Dasagroup is in a position to mount a defense — i.e., that it has actually been served with the materials to be sealed, so that it knows what precise materials it needs to protect.  Here, Dasagroup was not served with unredacted materials, which effectively required it to brief issues and specific documents in the dark.  Accordingly, when the time came for a response, Dasagroup explained these unusual circumstances to the Court in its response to the motion and explained why more time was justified due to Jefferies's clear procedural error in failing to serve the documents it filed with the Court per Fed. R. Civ. P. 5(a).  Moya Decl. ¶ 6; Dkt. 113.  The July 16 ECF order misconstrued Dasagroup's

---

[1] When filing a statement in response to a "motion" filed, the Court's ECF administrative filing options are to select either an "Opposition/Response" or a "Reply."  Because Dasagroup intended to respond to the motion filed with an objection and a request that time begin to run from the time of service of the unredacted materials, it selected the former option and was clear in how it styled the motion that it was only filing an objection and a request for more time because of Jefferies's procedural error.  Moya Decl. ¶ 6.

filing as an "opposition," which is why Dasagroup now seeks corrective relief under Rules 59(e), 60(a) and 60(b).

## STANDARDS OF REVIEW

Rule 60(b) permits the district court to grant relief to a party from a "final judgment, order, or proceeding" "[o]n motion and just terms" for several reasons, including "mistake, inadvertence," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (b)(6). In addition, Rule 60(a) of the Federal Rules of Civil Procedure authorizes district courts to correct a "clerical mistake … whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

Separately, "[Fed. R. Civ. P.] 59(e) permits a district court to reconsider and amend a previous order." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id*.

## ARGUMENT

The Court's order incorrectly characterized Dasagroup's response/objection at ECF No. 113 as an "opposition" to Plaintiff Jefferies's administrative motion filed on July 8. It was not. It was filed as a response to the motion that asserted an important procedural objection (i.e., Jefferies's failure to serve the materials that were provisionally sealed/redacted) and requested that the 7-day period for responding to the motion under Civil Local Rule 79-5(f) begin to run from July 14, which is the date when Dasagroup was finally served with those materials. The Northern District of California's published guidance on filing materials under seal expressly states that any motions filed under Local Rule 79-5(f) must be accompanied by a "proof of service" of the filed materials. See *E-Filing Under Seal in Civil Cases*, U.S. Dist. Court for the Northern Dist. of California, *available at* https://cand.uscourts.gov/cases-e-filing/cm-ecf/e-filing-my-documents/e-filing-under-seal/ (last visited July 15, 2025) ("When the document was designated confidential by another party, you must additionally . . . [f]ile a proof of service").

As noted in Dasagroup's objection, Jefferies's administrative motion was procedurally incorrect. Despite the clear requirements of Fed. R. Civ. P. 5(a) (requiring service of motions and pleadings) and this Court's published ECF Procedures concerning filings under seal, Jefferies did not serve upon

Dasagroup the full unredacted version of the materials it intended to file. Instead, it only served Dasagroup a copy of the redacted materials, leaving Dasagroup guessing about what precise materials had been redacted or submitted to the Court under seal, without notice to Dasagroup. See Moya Decl. ¶¶ 4-6. In essence, Jefferies's motion demanded that Dasagroup brief the merits of the provisionally sealed materials in the dark — i.e., by trying to guess what Jefferies had redacted and submitted to the Court, *ex parte under seal*, in order to defend the confidentiality of those materials. This was a critical procedural error that should have justified striking Jefferies's ex parte submission of materials not served to Dasagroup — including Jefferies' underlying motion for leave to file a first amended complaint and declaration in support thereof — and it also did not provide a fair and adequate opportunity for Dasagroup to brief any pertinent issues relating to sealing the materials. Dasagroup made both of these points in its administrative motion then asked, in an abundance of caution, that if the Court was not inclined to strike the materials, that it be given 7 days to brief the pertinent issues from the day that it was served with the materials. See ECF No. 113 at pp. 3.

The ECF order incorrectly characterized Dasagroup's response as an "opposition" to the sealing. That was incorrect, and it was one of the reasons cited for the Court's ruling. *See* ECF 114 ("Because Jefferies concedes that sealing is unwarranted *and Dasagroup opposes Jefferies' motion to seal*, the Court denies Jefferies' motion.") (emphasis added); Moya Decl. 8. This is clear error justifying relief under Rule 59(e). Dasagroup filing was not an opposition to Jefferies' Rule 79-5(f) motion, and the motion before the Court was not a "motion to seal"; it was something different governed by a specific local rule that gave the affected party 7 days to respond to defend the specific materials to be sealed. The order also could be said to be the product of a clerical mistake or mistake arising from oversight or omission, which justifies appropriate correct relief under Rules 60(a) or 60(b) respectively. It also suffices as another "reason justif[ying]" appropriate corrective relief. *See* Fed. R. Civ. P. 60(b).

Accordingly, Defendant asks that the Court amend and correct the Court's July 16, 2025 Order (ECF No. 114) in entirety to (i) reset Dasagroup's deadline to to file its substantive response to Jefferies' Motion to Consider Whether Dasagroup's Materials Should Be Sealed (ECF No. 108) to seven (7) days after the Court enters an amended and/or corrected order and (ii) to order that the materials that are the subject Jefferies's "Motion to Consider Whether Dasagroup's Materials Should Be Sealed" should remain under provisional seal until otherwise ordered.

## CONCLUSION

Dasagroup respectfully requests that the Court grant this motion and enter the requested relief.

DATED: July 18, 2025

Respectfully submitted,

MOYA LAW FIRM

*/s/ Mario A. Moya*

Mario A. Moya

Attorneys for Defendant/Counterclaimant
Dasagroup Holdings Corp. d/b/a Kickhass

---

DEF. DASAGROUP'S EX PARTE APP. & ALT. MOTION TO AMEND/CORRECT JULY 16, 2025 ORDER

6

*Jefferies Funding v. Dasagroup Holdings et al.*
No. 3:24-cv-05639-TLT