MARIO A. MOYA (State Bar No. 262059)
REBECCA M. HOBERG (State Bar No. 224086)
MOYA LAW FIRM
1300 Clay Street, Suite 600
Oakland, California 94612
Tel:  510.926.6521
Fax: 510.340.9055
Email: mmoya@moyalawfirm.com | rhoberg@moyalawfirm.com

Attorneys for Defendant/Cross-Claimant
DASAGROUP HOLDINGS CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERIES FUNDING, LLC,<br><br>  Plaintiff,<br><br> v.<br><br> DASAGROUP HOLDINGS CORP. (d/b/a KICKHASS AVOCADOS) and LONDON FRUIT, INC.,<br><br>  Defendants.<br> DASAGROUP HOLDINGS CORP. (d/b/a KICKHASS AVOCADOS),<br><br>  Counter- and Cross-Claimant/<br>  & Third-Party Plaintiff,<br><br> v.<br><br> JEFFERIES FUNDING, LLC,<br><br>  Counter-Defendant,<br><br> LONDON FRUIT, INC., and<br><br>  Cross-Defendant,<br><br> SILO TECHNOLOGIES, INC.,<br><br>  Third-Party Defendant. | Case No.: 3:24-cv-05639-TLT<br><br>**DECLARATION OF MARIO A. MOYA IN SUPPORT OF DEFENDANT DASAGROUP'S EX PARTE APPLICATION AND ALTERNATIVE MOTION TO AMEND/CORRECT JULY 16, 2025 ORDER (ECF 114)**<br><br>[Fed. R. Civ. P. 59(e), 60(a)-(b)] |

I, Mario A. Moya, declare:

1. I am an attorney duly admitted to practice before the State of California and in all state and federal courts within the State of California. I am the owner of the Moya Law Firm in Oakland, which is located at 1300 Clay Street, Suite 600, in Oakland, California 94612, and am counsel for Defendant/Cross-Claimant/Third-Party Plaintiff Dasagroup Holdings Corp. ("Dasagroup") in this action. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. I submit this declaration in support of Dasagroup's ex parte application and alternative motion under Federal Rules of Civil Procedure 59(e), 60(a), and/or 60(b) to amend/correct the Court's July 16, 2025 Order (ECF No. 114) denying Jefferies's administrative motion under Civil Local Rule 79-5(f) to consider whether Dasagroup's materials should be sealed.

3. On July 8, 2025, Plaintiff Jefferies filed an Administrative Motion pursuant to Local Rule 79-5(f) to consider whether Dasagroup's materials should be sealed in connection with its filing of a Motion for Leave to File a First Amended Complaint. This Local Rule ensures that when a party is filing a document containing materials that another party has designated as confidential or highly confidential under a protective order in the case, the filing party must file such material under seal and give notice per Local Rule 79-5 to allow the party whose confidential material is at risk of being exposed to provide a declaration in support of sealing.

4. When Jefferies filed its motion for leave to amend the complaint, it filed a redacted version of the papers publicly on CM/ECF-PACER, and filed an unredacted version of the documents confidentially under seal. Those unredacted documents (including declaration exhibits that were only filed confidentially) were only viewable by the Court; they were not viewable by Dasagroup. This allowed the materials to be filed and submitted to the Court, but Jefferies **failed to serve** Dasagroup with the unredacted copies of the materials. In essence, they

were transmitted *ex parte*. Because Jefferies did not serve the unredacted documents on Dasagroup, Dasagroup was forced to guess as to what the redactions were.

5. In filing a response to local Rule 79-5, Dasagroup is required to submit a declaration substantiating the basis for the confidentiality. Doing so is not possible without knowing the exact documents and information that are the subject of the provisional sealing. Dasagroup discovered this problem on July 14, 2025, and alerted counsel for Jefferies. In response, Jefferies transmitted a copy of the unredacted materials, which was the first time Dasagroup received unredacted copies of these filings.

6. Accordingly, to timely respond to the pending L.R. 79-5(f) motion as per ECF filing procedures, Dasagroup filed a "response" that asserted an objection and asked that the time to run on briefing the underlying confidentiality issues begin to run when it was actually served with the unredacted materials — i.e., on the date of service, July 14, rather than the date of Jefferies's original filing, July 8. See generally ECF 113 (Dasagroup's response entitled, "Dasagroup's Objection and Request For Additional Time In Response To Jefferies' Sealing Inquiry Re: Materials Not Timely Served"). When filing a statement in response to a "motion" filed, the Court's ECF administrative filing options are to select either an "Opposition/Response" or a "Reply." Because Dasagroup intended to respond to the motion filed with an objection and a request that time begin to run from the time of service of the unredacted materials, it selected the former option and was clear in how it styled the motion that it was only filing an objection and a request for more time because of Jefferies's procedural error. In its filing, Dasagroup explained these unusual circumstances to the Court in its response to the motion and explained why more time was justified due to Jefferies's clear procedural error in failing to serve the documents it filed with the Court per Fed. R. Civ. P. 5(a).

7. On July 16, 2025, the Court issued an order on Jefferies's motion under L.R. 79-5(f). The ECF order stated as follows:

> Because Jefferies concedes that sealing is unwarranted and Dasagroup opposes Jefferies' motion to seal, the Court denies Jefferie' motion. Jefferies' motion to seal also contains an overbroad request to seal the entirety of the amended

---

DECL. OF M. MOYA I.S.O. DEF.'S EX PARTE APPL. & ALT. MOT. TO AMEND/CORRECT ORDER

3    *Jefferies Funding v. Dasagroup Holdings et al.*
     No. 3:24-cv-05639-TLT

complaint. See L.R. 79-5(f)(6) ("[O]verly broad requests to seal may result in the denial of the motion")

(Dkt. 114). This implication of this ruling appears to be, without adjudicating the merits of the forthcoming confidentiality dispute, is that Jefferies may file the confidential materials in unredacted format, even though Dasagroup was not provided with the mandatory 7-day period to support the sealing of its materials as per Local Rule 79-5(f).

8. By this motion, Dasagroup seeks to amend or correct the order above, which was in error. The ECF order incorrectly characterized Dasagroup's response as an "opposition" to the sealing. That was incorrect, and it was one of the reasons cited for the Court's ruling. See ECF 114 ("Because Jefferies concedes that sealing is unwarranted and Dasagroup opposes Jefferies' motion to seal, the Court denies Jefferies' motion.") (emphasis added). This is clear error justifying relief under Rule 59(e). Dasagroup filing was not an opposition to Jefferies' Rule 79-5(f) motion, and the motion before the Court was not a "motion to seal"; it was something different governed by a specific local rule that gave the affected party 7 days to respond to defend the specific materials to be sealed. The order also could be said to be the product of a clerical mistake or mistake arising from oversight or omission, which justifies appropriate correct relief under Rules 60(a) or 60(b) respectively. It also suffices as another "reason justif[ying]" appropriate corrective relief. See Fed. R. Civ. P. 60(b).

9. No party would be prejudiced by the relief requested herein, which is necessary to ensure a well-developed factual record for a fair adjudication on the issue before the Court.

10. This objection is filed in good faith and not for any improper purpose.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on July 18, 2025, at Larkspur, California.

*/s/ Mario A. Moya*

Mario A. Moya