MARIO A. MOYA (State Bar No. 262059)
REBECCA M. HOBERG (State Bar No. 224086)
MOYA LAW FIRM
1300 Clay Street, Suite 600
Oakland, California 94612
Tel:  510.926.6521
Fax: 510.340.9055
Email: mmoya@moyalawfirm.com
         rhoberg@moyalawfirm.com

Attorneys for Defendant/Counterclaimant
DASAGROUP HOLDINGS CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERIES FUNDING, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DASAGROUP HOLDINGS CORP. (d/b/a KICKHASS AVOCADOS) and LONDON FRUIT, INC.,<br><br>　　　　Defendants. | Case No. 3:24-cv-05639-TLT<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DASAGROUP HOLDING CORP. MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)] |
| DASAGROUP HOLDINGS CORP. (d/b/a KICKHASS AVOCADOS),<br><br>　　　Counter- and Cross-Claimant/<br>　　　　& Third-Party Plaintiff,<br>　v.<br><br>JEFFERIES FUNDING, LLC,<br><br>　　　Counter-Defendant,<br><br>LONDON FRUIT, INC., and<br><br>　　　Cross-Defendant,<br><br>SILO TECHNOLOGIES, INC.,<br><br>　　　Third-Party Defendant. | Date:  Nov. 11, 2025<br>Time: 2:00 p.m.<br>Courtroom: 9<br>Judge: Hon. Trina L. Thompson |

MPA I.S.O. MOT. OF DASAGROUP HOLDINGS CORP MOTION TO DISMISS FIRST AM. COMPL.

1         *Jefferies Funding v. Dasagroup Holdings et al.*
          No. 3:24-cv-05639-TLT

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................... 5
II. BACKGROUND ........................................................................................................................ 7
   A. Jefferies's Pleadings ............................................................................................................ 7
   B. Jefferies's Judicial Admissions re: Inquiry Notice .............................................................. 9
III. ARGUMENT ............................................................................................................................ 10
   A. Standards of Review .......................................................................................................... 10
   B. Penal Code Section 496(c) is Governed by a One-Year Statute of Limitations ................. 11
      1. Plaintiff Admits The Third Claim Accrued No Later Than May 2024, More than One-Year Before It Filed Its FAC on Aug. 6, 2025 ............................................................. 12
      2. The Amendment Does Not Relate Back Because Jefferies Sold and Transferred the Claim in the Interim To Its Subsidiary JFUN, Which Took Further Action Against Dasagroup in Washington State ............................................................................................ 13
   C. The Court Should Dismiss the FAC In Its Entirety Because Jefferies Has Not Maintained a Justiciable Interest In Its Lawsuit Since It Was First Filed ....................................................... 13
IV. CONCLUSION ......................................................................................................................... 15

MPA I.S.O. MOT. OF DASAGROUP HOLDINGS CORP MOTION TO DISMISS FIRST AM. COMPL.

2   *Jefferies Funding v. Dasagroup Holdings et al.*
    No. 3:24-cv-05639-TLT

# TABLE OF AUTHORITIES

**Cases**

*Abdala v. INS*,
  488 F.3d 1061 (9th Cir. 2007)..............................................................................................13

*American Title Ins. Co. v. Lacelaw Corp.*,
  861 F.2d 224, 226 (9th Cir. 1988).........................................................................................10

*ASARCO, LLC v. Union Pac. R.R. Co.*,
  765 F.3d 999, 1004 (9th Cir. 2014).......................................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678 (2009).........................................................................................................9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 570, (2007).........................................................................................................9

*E-Fab, Inc. v. Accountants, Inc. Services*,
  153 Cal. App. 4th 1308, 1319–24 (2007)..............................................................................11

*Fox v. Ethicon Endo-Surgery, Inc.*,
  35 Cal. 4th 797, 807–09 (2005)..............................................................................................11

*Hernandez v. City of El Monte*,
  138 F.3d 393, 402 (9th Cir. 1998).........................................................................................10

*Hollingsworth v. Perry*,
  570 U.S. 693 (2013) ..............................................................................................................13

*Jolly v. Eli Lilly & Co.*,
  44 Cal. 3d 1103, 1110–11 (1988)...........................................................................................11

*Jones v. Las Vegas Metro. Police Dep't*,
  873 F.3d 1123, 1128 (9th Cir. 2017).....................................................................................13

*Le v. Prestige Cmty. Credit Union*,
  2023 U.S.Dist.LEXIS 232717, at *25 (C.D.Cal. Nov. 6, 2023).....................................6, 10

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
  350 F.3d 1018, 1022–23 (9th Cir. 2003)...............................................................................13

*Los Angeles Unified School Dist. v. Superior Court*,
  14 Cal.5th 758, 778 (2023).....................................................................................................11

MPA I.S.O. MOT. OF DASAGROUP HOLDINGS CORP MOTION TO DISMISS FIRST AM. COMPL.

3   *Jefferies Funding v. Dasagroup Holdings et al.*
    No. 3:24-cv-05639-TLT

*Maloney v. Scottsdale Ins. Co.*,
   256 F.App'x 29, 32, n. 3 (9th Cir. 2007)……….……………………….……………….........10

*Morton & Bassett, LLC v. Organic Spices, Inc.*,
   2016 U.S. Dist. LEXIS 120092, at *14-15 (N.D.Cal. Sep. 6, 2016)……..………………....10, 12

*Parks Sch. of Bus. v. Symington*,
   51 F.3d 1480, 1484 (9th Cir. 1995)……….…..………………………………………..……..10

*Prudential Home Mortgage Co. v. Superior Court*,
   66 Cal. App. 4th 1236 (1998)…………….……..…..…………………………….………..6, 10, 11

*Spencer v. Kemna*,
   523 U.S. 1 (1998) …………………….……………….…………………………….…...… 13

*United States use of Wulff v. CMA, Inc.*,
   890 F.2d 1070, 1073 (9th Cir. 1989)…………………….……………………….…..………5

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
   592 F.3d 954, 969 (9th Cir. 2010)……………….…..………….………………….....…...10

**Statutes**

C.C.P. § 338(a) ..………………………………………...……………….……..6

C.C.P. § 340(a) ..…………………………….………….……...……………… passim

Cal. Penal Code § 496(c)…………,…………………………...……………… passim

**Rules**

Fed. R. Civ. P. 12(b)(6) …………………….……………...…………………..9, 10, 14

Fed. R. Civ. P. 15(c) ………………………………..………………...…………………….5

Fed. R. Civ. P. 15(d) ……………………………...…………………………………….5

Fed. R. Civ. P. 17…………………………………………………………………. 6

Fed. R. Civ. P. 17(a) …………………………………………...……….12, 13

Fed. R. Civ. P. 25 ……………………………………...…………………….6

MPA I.S.O. MOT. OF DASAGROUP HOLDINGS CORP MOTION TO DISMISS FIRST AM. COMPL.

4   *Jefferies Funding v. Dasagroup Holdings et al.*
     No. 3:24-cv-05639-TLT

## I. INTRODUCTION

Plaintiff Jefferies's third claim for statutory theft under California Penal Code § 496(c) — asserted for the first time in its First Amended Complaint filed Aug. 6, 2025 — is untimely. The relation-back doctrine and the real-party-in-interest rules of the Federal Rules of Civil Procedure cannot be used to backdate (and backdoor) a time-barred claim that Jefferies had transferred-away to another entity (JFUN AR I, LLC ("JFUN")) after its original complaint was filed. Even though Jefferies alleges that the claims and interests at issue were transferred back to it in July 2025, shortly before it filed its latest pleading (*see* FAC ¶ 30), that fact does not rescue the third claim from dismissal under California's one-year statute of limitations.

While Jefferies styles its latest pleading as a "First Amended Complaint," it is anything but that. Because the alleged assignment of Jefferies's interests of its rights to collect on the debt (*see* FAC  30) were assigned to JFUN *after* this lawsuit was commenced (which assignment JFUN then used to file an amended UCC-1 statement of information in Washington state on Oct. 24, 2024), Jefferies's latest pleading is a supplemental complaint, not an amended complaint. Therefore, Fed. R. Civ. P. 15(d) applies, not Rule 15(c), and there is no "relation back" that rescues the new claim from dismissal under the one-year statute of limitations. *See United States use of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1073 (9th Cir. 1989) (one-year statute of limitations barred Miller Act claim that was subsequently transferred after original complaint was filed).

Plaintiff admitted in paragraph 9 of its original complaint — which was filed one year ago on Aug. 21, 2024 — that by "May 2024," it knew from a "review of [Dasagroup's] bank statements" that Dasagroup had allegedly "received . . . payments made directly from London Fruit to Kickhass" that totaled "nearly $1 million more than Kickhass was obligated to pay to Silo and Jefferies." Dkt. 1 (Orig. Compl.) at pp. 3:2-5 (at ¶ 9). It also alleged in that same paragraph, "Despite having received the money and then some it owed to Silo and Jefferies, Kickhass repeatedly defaulted on the required progress payments, keeping the money that belonged to Silo and Jefferies for Kickhass's own purpose." *Id*. at 3:5-7. That factual admission

MPA I.S.O. MOT. OF DASAGROUP HOLDINGS CORP MOTION TO DISMISS FIRST AM. COMPL.

5                          *Jefferies Funding v. Dasagroup Holdings et al.*
                                   No. 3:24-cv-05639-TLT

of what was known to Jefferies by no later than "May 2024" is an admission of actual notice or inquiry notice that starts the clock on the statute of limitations.

By Jefferies's own judicial admission, it knew in May 2024 that amounts repaid to Dasagroup from London Fruit were kept by Dasagroup and not paid directly to Jefferies and/or Silo, which, they argued in the original complaint, was the basis for a claim of conversion. Therefore, any claims arising from an alleged conversion or theft of those proceeds accrued by no later than May 2024, including any claims for statutory theft under Penal Code § 496(c). Because section 496(c)'s treble-damages remedy is penal in nature, the California courts are clear that a one-year statute of limitations applies under California Code of Civil Procedure ("C.C.P.") § 340(a), which applies to statutory actions for a penalty or forfeiture. *See Prudential Home Mortgage Co. v. Superior Court*, 66 Cal. App. 4th 1236, 1242 (1998) (actions seeking statutory penalties—including statutes awarding double/treble damages—are penal and therefore subject to C.C.P. § 340's one-year limitation, rather than the longer period under C.C.P. § 338(a)); *Le v. Prestige Cmty. Credit Union*, No. 8:22-cv-00259-JVS (KESx)) 2023 U.S.Dist.LEXIS 232717, at *25 (C.D.Cal. Nov. 6, 2023) (finding claim under section 496(c) to have lapsed under one-year statute).

Plaintiff Jefferies waited more than a year after May 2024 to file its latest pleading, and, during that time, it deliberately transferred-away its rights to sue on the alleged underlying debt so that its subsidiary JFUN could take further adverse action against Dasasgroup while Jefferies maintained its suit in this Court. Just weeks after this lawsuit was filed approximately one year ago, JFUN filed an amended UCC-1 filing in Washington state to assert rights under a previously-filed financing statement by Silo Technologies, Inc. That UCC-1 incorrectly claimed an overbroad security interest in "[a]ll accounts and accounts receivable of Debtor [Dasagroup], wherever located or situated and whether now existing or arising in the future, and whether now owned or at any time in the future acquired by Debtor. . . ." *See* RJN Exhs. B (Silo UCC-1, description of collateral) & C (JFUN UCC Amendment).

MPA I.S.O. MOT. OF DASAGROUP HOLDINGS CORP MOTION TO DISMISS FIRST AM. COMPL.

6    *Jefferies Funding v. Dasagroup Holdings et al.*
No. 3:24-cv-05639-TLT

The real-party-in-interest and substitution principles in Federal Rules 17 and 25 are intended to permit parties who make honest pleading mistakes to cure real-party in interest problems and to allow litigants to sue on the basis of an assignment of another party's claim, that is not the case here. The amendment cannot relate back because Plaintiff sold/assigned the claim during that period and thus lacked ownership (and standing) to pursue it. Rule 17's "real party in interest" safety valve does not allow a litigant to use substitution to revive a time-barred, transferred claim or to cure a fundamental standing defect. Because the claim is untimely, it should be dismissed with prejudice.

## II.  BACKGROUND

### A.  Jefferies's Pleadings

Plaintiff Jefferies filed its original Complaint in this action on August 21, 2024, alleging three claims against Defendant Dasagroup for breach of contract, fraud, and conversion. Plaintiff Jefferies filed its First Amended Complaint nearly one year later on August 4, 2025. In its FAC, Jefferies has alleged — for the first time — a claim under California Penal Code Section 496 ("receiving or concealing stolen property"). Jefferies alleges that Defendants engaged in a scheme whereby they "systemically diverted and retained payments made by London Fruit on the Affected Receivables," by keeping those payments for Dasagroup instead of paying them to Silo and/or Jefferies. Dkt. 122 (FAC) ¶ 54.

The Third Claim under Section 496 alleges that "Defendant . . . deprive[d] Silo and Jefferies of any value those receivables had, by systematically and unlawfully diverting, concealing, and withholding London Fruit's payments on the Affected Receivables (the "Affected Receivables Payments")—payments to which Ward and Dasagroup knew they had no legal right, title or interest." *Id.* ¶ 97  It further alleges that "[Defendants'] conduct constitutes theft under California law, including theft by false pretenses and theft by misappropriation." *Id.* ¶ 98. Because of this, Jefferies alleges that "Silo and Jefferies sustained millions of dollars in actual damages" and "Jefferies is the assignee of the Affected Receivables and all claims in any way related to the Affected Receivables, including fraud claims." *Id.* ¶¶ 101, 102. Because of

this, Defendants are allegedly "liable to Jefferies under Cal. Penal Code § 496(c)" and enhanced damages in the form of "three times the amount of Jefferies's and Silo's actual damages, costs of suit, and reasonable attorney's fees." *Id.* 103.

Elsewhere, the FAC alleges that, following its filing of the original complaint, Plaintiff Jefferies' interest in the Affected Receivables was transferred to another entity (which is not a party to this action) **after the date this action was filed** (August 21, 2024). Paragraphs 27 through 30 of the FAC explain as follows: Jefferies's claims in this action center on 34 Purchased Receivables, corresponding to Dasagroup Invoice Numbers 10751 to 10784, on which London Fruit was the purported Obligor (the "Affected Receivables")." FAC 27. "Jefferies was a secured creditor of Silo, and it held a note that was secured by, among other assets, the Affected Receivables." FAC 28. "[P]ursuant to a Bill of Sale and Assignment dated, October 7, 2024 (the "Original Bill of Sale"), Silo transferred all of its right, title, and interest in and to the Affected Receivables to a Jefferies subsidiary, JFUN AR I LLC ("JFUN")." FAC 30. "On November 8, 2024, the Original Bill of Sale was amended and restated, clarifying that Silo's assignment to JFUN included all claims in any way related to the Affected Receivables, including fraud claims." *Id*.

Despite this ongoing lawsuit by Jefferies to recover on the Affected Receivables (see generally, Compl. ¶¶ 35-41), after the assignment, JFUN took adverse action against Dasagroup in Washington state relating to this same debt by filing a UCC-1 amendment to a previously-filed financing statement by Silo Technologies, Inc. That financing statement claimed an overbroad security interest in "[a]ll accounts and accounts receivable of Debtor [Dasagroup], wherever located or situated and whether now existing or arising in the future, and whether now owned or at any time in the future acquired by Debtor. . . " *See* Request for Judicial Notice ("RJN") Exhs. B (Silo UCC-1, description of collateral) & C (JFUN UCC Amendment).

According to the FAC, JFUN continued to hold all of the "right, title, and interest in and to the Affected Receivables" — including "all claims in any way related to the Affected Receivables, including fraud claims" — from October 7, 2024 right up until **July 3, 2025**, when

MPA I.S.O. MOT. OF DASAGROUP HOLDINGS CORP MOTION TO DISMISS FIRST AM. COMPL.

8   *Jefferies Funding v. Dasagroup Holdings et al.*
No. 3:24-cv-05639-TLT

JFUN inexplicably transferred all of its interest in the claims back to Jefferies. FAC 30 (emphasis added). Meanwhile, as the Court is aware and the public docket shows, Jefferies continued to vigorously litigate its original claims on the same debt in this lawsuit, even despite not having any further standing to pursue the action in light of the assignment.

### B. Jefferies's Judicial Admissions re: Inquiry Notice

The two affirmative pleadings that Jefferies has filed in this lawsuit both admit that by May 2024, at the very latest, Jefferies was aware that Dasagroup had received payments from London Fruit that Jefferies believed should have been sent directly to Silo.

In paragraph 9 of the original complaint filed on Aug. 21, 2024, Jefferies alleged that it knew, as of May 2024, that the amounts allegedly received as payment by Dasagroup had not been paid to Silo or Jefferies, but instead were kept by Dasagroup for its own purposes:

> [F]rom review of Kickhass's bank statements, Kickhass received at least $1.6 million in payments from London Fruit in May 2024, at least $1.2 million in June, and at least $770,000 in July. This totals at least $3.57 million in payments made directly from London Fruit to Kickhass—nearly $1million more than Kickhass was obligated to pay to Silo and Jefferies. Despite having received the money and then some it owed to Silo and Jefferies, Kickhass repeatedly defaulted on the required progress payments, keeping the money that belonged to Silo and Jefferies for Kickhass's own purpose.

Dkt. 1 (Compl.) 9.

In its most-recent pleading filed on Aug. 6, 2025, Jefferies has again alleged that by May 2024, it knew from account statements received from Dasaagroup on May 6, 2024 and from conversations with Jerry Garcia of London Fruit on May 23, 2024, that Dasagroup had "misappropriated payments" that should have allegedly been paid to Silo, which was then used as a basis for Jefferies to demand that Dasagroup agree to the Forbearance Agreement that was executed on June 19, 2024. *See* Dkt. 122 (FAC) at ¶¶ 59-63. The second recital to that Forbearance Agreement further states that by this date, it was known to Jefferies that Dasagroup had not paid amounts received on the factored receivables directly to Silo:

> WHEREAS, Jefferies alleges that Kickhass, through certain of its officers and employees, has informed Silo that, with respect to certain Receivables sold by Kickhass to Silo identified on Exhibit A attached hereto (such Receivables, the

> "Affected Receivables"), payments from the Obligors with respect to such Affected Receivables have not been timely made to Silo, but have instead been made to deposit accounts other than Silo's Payment Account, which is a violation of Section 5 of the Sales Agreement and an Event of Default under Section 18 of the Sales Agreement . . .

Dkt 122 (FAC) at Exh. B (Forbearance Agreement), Second Recital.

## III.  ARGUMENT

### A.  Standards of Review

To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007).  A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a Rule 12(b)(6) motion to dismiss, the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper when the defendant/moving party "shows some obvious bar to securing relief on the face of the complaint." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).  This includes a defense on the basis of the statute of limitations.  A claim may be dismissed as barred by the applicable statute of limitations when the running of the statute is apparent on the face of the complaint.  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010); *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998).

Finally, "[u]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988); *see also*, *Maloney v. Scottsdale Ins. Co.*, 256 F.App'x 29, 32, n. 3 (9th Cir. 2007) ("Judicial admissions apply only to factual statements, not statements of law.").  Such admissions are sufficiently binding that may warrant dismissal under Rule 12(b)(6). *See Morton & Bassett, LLC v. Organic Spices, Inc.*, No. 15-cv-01849-HSG) 2016 U.S. Dist. LEXIS 120092,

MPA I.S.O. MOT. OF DASAGROUP HOLDINGS CORP MOTION TO DISMISS FIRST AM. COMPL.

10     *Jefferies Funding v. Dasagroup Holdings et al.*
No. 3:24-cv-05639-TLT

at *14-15 (N.D.Cal. Sep. 6, 2016) (dismissing Lanham Act claim based on litigant's admission that its trade dress was unregistered).

### B. Penal Code Section 496(c) is Governed by a One-Year Statute of Limitations.

Section 340(a) of the California Code of Civil Procedure provides a one-year limitations period for "an action upon a statute for a penalty or forfeiture." C.C.P. § 340(a). The courts have recognized that Penal Code § 496(c) is a penal statute, and the statute authorizes treble damages and fees to a private plaintiff injured by theft. California and federal courts applying California law hold that statutes providing double or treble damages are "penal" in nature and subject to the one-year statute of limitations found in CCP § 340(a). *See Le v. Prestige Cmty. Credit Union*, 2023 U.S. Dist. LEXIS 232717, at *25 (citing *Prudential Home Mortg. Co.*, 66 Cal. App. 4th at 1242). In *Prudential Home Mortg.*, the California Court of Appeals evaluated the following three factors to determine whether sums imposed under a statute constituted a penalty or forfeiture governed by the one-year statute of limitations, or whether they were remedial and governed by a longer limitations period: (1) whether the statute's language characterizes the sums as a penalty or forfeiture, (2) whether the legislative history refers to the sums as a penalty or forfeiture, and (3) whether the sums are imposed without reference to the actual damage sustained by the plaintiff.

Here, all three factors weigh in favor of finding that Jefferies's Third Claim for relief under Penal Code § 496(c) is subject to a one-year statute of limitations. Section 496(c) is found in the Penal Code and requires underlying proof of buying or receiving stolen property, which is a crime defined under subsection (a). The amendments and legislative history in the notes to the statute show that it has always been a Penal Code enactment. *See* Penal Code § 496, amendments. The enhanced penalties of treble damages, costs of suit, and reasonable attorney's fees under subsection (c) are fixed, do not vary on a sliding scale, and are imposed without reference to the amount of damages sustained by the plaintiff. *See Los Angeles Unified School Dist. v. Superior Court*, 14 Cal.5th 758, 778 (2023) ("This court and others have frequently characterized treble damages as exemplary or punitive.").

MPA I.S.O. MOT. OF DASAGROUP HOLDINGS CORP MOTION TO DISMISS FIRST AM. COMPL.

11   *Jefferies Funding v. Dasagroup Holdings et al.*
No. 3:24-cv-05639-TLT

1. **<u>Plaintiff Admits The Third Claim Accrued No Later Than May 2024, More than One-Year Before It Filed Its FAC on Aug. 6, 2025.</u>**

Under California law, the accrual of a claim occurs when it is complete with all essential elements or when the plaintiff has reason to suspect an injury and its cause. *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110–11 (1988); *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807–09 (2005) (plaintiff must plead diligence; inquiry notice triggers accrual). Inquiry notice exists when circumstances would prompt a reasonable person to investigate. *E-Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1319–24 (2007).

In its original complaint, Plaintiff alleged (at ¶ 9) that it knew, as of May 2024, that the amounts allegedly paid to Dasagroup on the underlying receivables were not paid to Silo or Jefferies. This is a judicial admission that is binding on Jefferies and warrants dismissal. *See Morton & Bassett,* 2016 U.S. Dist. LEXIS 120092 at *14-15. And even though Jefferies has filed a First Amended Complaint asserting this new Third Claim for relief under section 496(c), none of Jefferies's newest allegations walks-back or undermines its prior admissions that it knew of alleged acts of misappropriation of funds by May 2024, which were even formally memorialized in the second recital to the Forbearance Agreement dated June 19, 2024. *See* Dkt. 122 (FAC) at ¶¶ 59-63 & Exh. B (Forbearance Agreement, second recital).

These factual admissions compel the conclusion that Plaintiff was on actual notice — and certainly inquiry notice — of any alleged theft or misappropriation that is the subject of the third claim under the FAC for treble damages under California Penal Code § 496(c). Therefore, the one-year limitations period thus began to run no later than May 2024, and it had certainly expired by the time Jefferies filed its FAC on Aug. 6, 2024. As further explained below, the fact that Jefferies admits at FAC ¶ 30 that it voluntarily assigned its rights on the underlying claim *after* it filed its original complaint, which allowed JFUN to seek further collection activity against Dasagroup in Washington state UCC filings, means that Jefferies's "First Amended Complaint" is no such thing; it is essentially a supplemental complaint, and it cannot toll or

MPA I.S.O. MOT. OF DASAGROUP HOLDINGS CORP MOTION TO DISMISS FIRST AM. COMPL.

12   *Jefferies Funding v. Dasagroup Holdings et al.*
No. 3:24-cv-05639-TLT

exclude time for limitations purposes while it had no standing to pursue any claims for relief against Dasagroup. *See infra.*

In any event, because Plaintiff did not assert (or re-assert) § 496(c) within one year of being placed on notice of the facts underlying its Third Claim for relief, the claim is time-barred.

### 2. The Amendment Does Not Relate Back Because Jefferies Sold and Transferred the Claim in the Interim To Its Subsidiary JFUN, Which Took Further Action Against Dasagroup in Washington State.

After the original complaint was filed, Plaintiff sold and/or assigned its claims for relief against Dasagroup — including its section 496(c) claim — to a third party, Jefferies's subsidiary, JFUN. See FAC ¶ 30. Once assigned, Plaintiff ceased to be the real party in interest and, more importantly, ceased to have standing to pursue this action. See Fed. R. Civ. P. 17(a); *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) ("To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings."). Jefferies's failure to maintain this interest in its claims against Dasagroup mooted its interest in the proceedings during the time of the intervening assignment of its claims to JFUN and rendered its complaint against Dasagroup to be nonjusticiable for lack of standing. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'"). Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies, not hot-potato gamesmanship between parents and subsidiaries seeking to misuse the civil justice system and waste judicial resources with moot claims. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.").

### C. The Court Should Dismiss the FAC In Its Entirety Because Jefferies Has Not Maintained a Justiciable Interest In Its Lawsuit Since It Was First Filed.

At no time did Jefferies alert the Court or Dasagroup that Jefferies no longer had standing to pursue the complaint it had filed or that its principal lawsuit had become moot. The only time it notified the Court that it had "lost" such standing was when it opportunistically filed its First

MPA I.S.O. MOT. OF DASAGROUP HOLDINGS CORP MOTION TO DISMISS FIRST AM. COMPL.

13    *Jefferies Funding v. Dasagroup Holdings et al.*
No. 3:24-cv-05639-TLT

Amended Complaint and disclosed, for the first time, that it had made an intervening assignment of its interest to JFUN after it filed its initial complaint. But Jefferies wants bygones to be bygones because, it alleges, these transferred interests have been recently transferred back to Jefferies so it could try to seek new relief and enhanced remedies under Penal Code § 496(c) in a purported amended complaint.

The Federal Rules and Article III do not work that way. While Fed. R. Civ. P. 17 and 25 respectively permit parties who make honest pleading mistakes to cure real-party in interest problems and to allow litigants to sue on the basis of an assignment of another party's claim, nothing in those rules allows a party with a properly-asserted claim to assign-away its interest and destroy justiciability so that a related subsidiary can take other action to chase the defendant in parallel. Here, Jefferies assigned its interests in JFUN so that JFUN could file state administrative UCC filings claiming interests in Dasagroup so as to up the pressure and make it appear to the Dasagroup's creditors and other potentially interested parties that there are more claims asserted on the Defendant's assets than there truly are. Certainly Jefferies knew that this lawsuit has affected Dasagroup's ability to do business, and its intervening assignment to JFUN allowed JFUN to file a UCC amendment that re-asserted Silo's original improper interest in "all" of Dasagroup's assets arising from the same alleged debt (which, again, only arises from an Instant Pay contract that only grants a secured interests in only what the Supplier (Dasagroup) has factored).

Here, the plaintiff assigned away all interests in the contract and the alleged conversion for nearly a year, then reacquired them. During that interval, the Court was divested of its subject matter jurisdiction, and Plaintiff knew of this. This is not a situation contemplated by Rule 17(a)(3) where an honest mistake had been made in choosing the correct plaintiff. *See Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017) (holding that Rule 17(a)(3) aims to prevent forfeiture where an honest mistake occurred). To the contrary, Jefferies deliberately assigned-away its justiciable rights in the action it filed in this Court so that its subsidiary could pursue shenanigans against Dasagroup while Jefferies, meanwhile, wasted

MPA I.S.O. MOT. OF DASAGROUP HOLDINGS CORP MOTION TO DISMISS FIRST AM. COMPL.
14      *Jefferies Funding v. Dasagroup Holdings et al.*
No. 3:24-cv-05639-TLT

everyone's time and this Court's precious resources.  Dismissal of its complaint, in its entirety, is the appropriate remedy.  Fundamental standing defects cannot be cured by later amendment or substitution of a new plaintiff.  *See Lierboe v. State Farm Mut. Auto. Ins. Co*., 350 F.3d 1018, 1022–23 (9th Cir. 2003) (lack of standing cannot be remedied by substituting a new class representative).   If dismissal of Jefferies's complaint in its entirety is not an option for this Court, then the Court should find that Jefferies does not get the benefit of relation-back under Rule 15(c).

Time has run on its Third Claim, and it should be dismissed without leave to amend.

## IV.   CONCLUSION

The Court should grant this motion and dismiss Jefferies's First Amended Complaint in its entirety, or, in the alternative, dismiss the Third Claim for relief as time barred, without leave to amend.

Dated: Aug. 20, 2025                                           MOYA LAW FIRM

                                                               */s/ Mario A. Moya*
                                                               _____
                                                                Mario A. Moya

                                                               Attorneys for Defendant/ Counterclaimant
                                                               DASAGROUP HOLDINGS CORP.

MPA I.S.O. MOT. OF DASAGROUP HOLDINGS CORP MOTION TO DISMISS FIRST AM. COMPL.

15     *Jefferies Funding v. Dasagroup Holdings et al.*
       No. 3:24-cv-05639-TLT