UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFERIES FUNDING LLC,<br><br>Plaintiff,<br><br>v.<br><br>DASAGROUP HOLDINGS CORP., et al.,<br><br>Defendants. | Case No. 24-cv-05639-TLT (PHK)<br><br>**ORDER RESOLVING DISPUTE RE ATTORNEY-CLIENT PRIVILEGE FOR CERTAIN DASAGROUP DOCUMENTS**<br><br>Re: Dkt. 125 |

This case has been referred to the undersigned for all discovery purposes. *See* Dkt. 74. Now pending before the Court is a joint letter brief regarding a dispute between Plaintiff Jefferies Funding ("Jefferies") and Defendant Dasagroup Holdings ("Dasagroup") as to whether (a) Dasagroup's privilege log is adequate and (b) whether certain documents withheld from production as trade secrets should be produced. [Dkt. 125]. The Court has reviewed the Parties' briefing and exhibits and finds this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

**LEGAL STANDARD**

The relevant legal standards for discovery are well-known and summarized herein. Federal Rule of Civil Procedure 26(b)(1) delineates the scope of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense and proportional to the needs of the case." (emphasis added). Rule 26(b)(5) requires that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material,

1   the party must: (i) expressly make the claim; and (ii) describe the nature of the documents,
2   communications, or tangible things not produced or disclosed—and do so in a manner that,
3   without revealing information itself privileged or protected, will enable other parties to assess the
4   claim." Fed. R. Civ. P. 26(b)(5).

5         "The attorney-client privilege protects confidential communications between attorneys and
6   clients, which are made for the purpose of giving legal advice." *In re Grand Jury*, 23 F.4th 1088,
7   1091 (9th Cir. 2021) (quoting *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir.
8   2020)).  The privilege attaches when "(1) legal advice of any kind is sought (2) from a
9   professional legal adviser in his capacity as such, (3) the communications relating to that purpose,
10  (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from
11  disclosure by himself or by the legal adviser, (8) unless the protection be waived." *United States
12  v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *In re Grand Jury Investigation*, 974 F.2d
13  1068, 1071 n.2 (9th Cir. 1992)).  The privilege protects only communications and not underlying
14  facts.  *Upjohn v. United States*, 449 U.S. 383, 396 (1981) (holding that a party "may not refuse to
15  disclose any relevant fact within his knowledge merely because he incorporated a statement of
16  such fact into his communication to his attorney").

17        The attorney-client privilege is "narrowly and strictly construed," and the party asserting it
18  has the burden of proving that the privilege applies. *United States v. Gray*, 876 F.2d 1411, 1415
19  (9th Cir. 1989) (citations omitted).  The Ninth Circuit has "previously recognized a number of
20  means of sufficiently establishing the privilege, one of which is the privilege log approach." *N re
21  Grand Jury*, 974 F.2d at 1071.  "The Ninth Circuit has held that a party meets its burden of
22  demonstrating the applicability of the attorney-client privilege by submitting a log that identifies
23  (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities
24  shown on the document to have received or sent the document, (d) all persons or entities known to
25  have been furnished the document or informed of its substance, and (e) the date the document was
26  generated, prepared, or dated." *Khasin v. Hershey Co.*, No. 5:12-cv-01862-EJD-PSG, 2014 WL
27  690278, at *2 (N.D. Cal. Feb. 21, 2014) (citing *In re Grand Jury*, 974 F.2d at 1071); *see also Club
28  Level, Inc. v. City of Wenatchee*, 619 Fed. Appx. 316, 319 (9th Cir. 2015) (affirming district

1  court's determination that challenged privilege log satisfied Rule 26(b)(5) where privilege log
2  "disclosed the nature of the correspondence, the date of sending, the sender and recipient(s), and a
3  brief statement describing the subject of the content.").
4        The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar.*
5  *Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude
6  in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of
7  discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). As part of its
8  inherent discretion and authority, the Court has broad discretion in determining relevancy for
9  discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)
10 (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). A court's determination as to
11 proportionality of discovery is also within the district court's discretion. *See Jones v. Riot*
12 *Hospitality Group LLC*, 95 F.4th 730, 737–38 (9th Cir. 2024) (finding district court did not abuse
13 discretion on proportionality ruling). Ultimately, "the timing, sequencing and proportionality of
14 discovery is left to the discretion of the Court." *Toro v. Centene Corp.*, No. 19-cv-05163 LHK
15 (NC), 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020). The Court's discretion extends to
16 crafting discovery orders that may expand, limit, or differ from the relief requested. *See*
17 *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to
18 tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may
19 limit the scope of any discovery method if it determines that "the discovery sought is unreasonably
20 cumulative or duplicative, or can be obtained from some other source that is more convenient, less
21 burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

**ANALYSIS**

### I.  PRIVILEGE LOG DISPUTE

24       Dasagroup's privilege log at issue includes, for each row corresponding to a withheld
25 email document, the following fields of information: (a) beginning and ending Bates numbers, (b)
26 Custodian, (c) Sent Date and Sent Time, (d) Email From, (e) Email To, (f) Email CC, (g) Email
27 BCC, (h) Email Subject, (i) File Name, (j) File Author, (k) Privilege Claimed, and (l) Privilege
28 Description/General Subject Matter. [Dkt. 125 at 8].

With regard to certain entries for which Dasagroup redacted the "Email Subject" and "File Name" fields, Jefferies argues that Dasagroup's privilege log is insufficient to establish the assertion of privilege. *Id.* at 1-2. Jefferies complains that these redactions fail to provide the necessary information about the subject matter of these withheld documents, so as to allow Jefferies to have a basis to determine whether the assertion of privilege is justified or not.

Dasagroup argues that the "Email Subject" lines from the withheld emails are themselves privileged attorney-client communications and that they were redacted in order to avoid disclosing the contents of those attorney-client communications embodied in the Email Subject lines. *Id.* at 3-4. Similarly, Dasagroup argues that the "File Names" of attachments to emails are such that the names disclose attorney-client communications as well, and thus were redacted to avoid disclosing those privileged attorney-client communications inherent in the File Names. *Id.*

To the extent Jefferies seeks an order requiring the privilege log entries to be unredacted or amended to reveal these redacted Email Subject lines and File Names, that remedy is not well-supported by Ninth Circuit law. As discussed above, the Ninth Circuit does not require a privilege log to contain a verbatim recitation of the email subject line of a withheld email. *In re Grand Jury*, 974 F.2d at 1071. Under Ninth Circuit standards, what is required for a privilege log in this respect is "a brief statement describing the subject of the content" of the document (*i.e.*, the nature of the document). *Id.*; *see also Club Level*, 619 Fed. Appx. at 319. To the extent an email subject line or a file name reasonably constitutes an attorney-client communication in and of itself, redacting that information from a privilege log does not run afoul of the Ninth Circuit's standards or Rule 26(b)(5).

However, Jefferies argues that the final column or field for these privilege log entries, titled "Privilege Description/General Subject Matter," is equally deficient because for these redacted entries Dasagroup has not provided any description of the contents or even general nature of the withheld documents. [Dkt. 125 at 1-2]. Rather, the "Privilege Description/General Subject Matter" for these documents with redacted email subject lines/file names consist of nothing more than recitations of the assertion that each document is a privileged attorney-client communication, with nothing more. *Id.* For example, the entirety of one such challenged entry states in the

4

1  "Privilege Description/General Subject Matter" field: "Privileged and confidential communication
2  between attorney and client set for the purpose of obtaining legal advice or in furtherance of
3  providing such advice." *Id.* at 8 (entry for first row). Jefferies argues that, coupled with the
4  complete redaction of the "Email Subject" field and the "File Name" field, this text fails to
5  provide any information about the contents or general nature of the withheld document.

6  In this regard, Jefferies is correct. Dasagroup's mere insertion of text which asserts the
7  conclusion that each withheld document is privileged, with nothing more, is plainly not a
8  disclosure of the "nature of the document" or a "brief statement of the subject of the content" of
9  the document, as required by the Ninth Circuit. For these redacted privilege log entries,
10 Dasagroup has failed to justify the assertion of privilege by failing to provide sufficient
11 description of the subject matter, substance, or contents to allow the Court to determine whether
12 the assertion of privilege is justified (which is the whole purpose of a privilege log, in the first
13 place). As to these redacted entries, Dasagroup is **ORDERED** to serve an amended privilege log
14 which provides, in the "General Subject Matter" field, sufficient textual description of the nature
15 of the document (*i.e.*, a brief statement of the subject of the content) to justify the assertion of
16 privilege, both as to the underlying document and (to the extent different) as to the redacted
17 "Email Subject" and redacted "File Name" to the extent Dasagroup maintains that those constitute
18 attorney-client communications in and of themselves.

19 Second, Jefferies complains that several of the entries in the privilege log do not contain
20 information as to author or recipient, date, or "Email Subject" because these withheld documents
21 appear to be attachments to emails. *Id.* at 2. Dasagroup argues that every entry on the privilege
22 log identifies the senders and recipients of emails and attachments. *Id.* at 3. Based on
23 Dasagroup's representation, and construing the privilege log in light of that statement, it appears
24 from the privilege log that these disputed documents are, in fact, attachments to an email in the
25 preceding row above. However, the privilege log's "General Subject Matter" field is unhelpful in
26 this regard because, as noted, the text therein states merely that the document at issue is privileged
27 without providing a description of the nature of the document or a brief statement of the subject of
28 the content thereof. Some of the entries refer to litigation matters by docket number and refer also

5

to the issue of whether an email subject line should be redacted in the privilege log—which is further confusing because these documents do not appear themselves to be emails but rather attachments to an email.

It may be that these attachments are themselves privileged communications but without further information (such as privilege log entries for these documents setting forth the author, recipient, date, and nature of the document) it is difficult to ascertain.  For these reasons, the Court finds that Dasagroup's privilege log entries for these documents are insufficient to make a determination whether these separately listed documents are privileged.  As to these privilege log entries, Dasagroup is **ORDERED** to serve an amended privilege log which provides information on the author(s), recipient(s), date, and, in the "General Subject Matter" field, sufficient textual description of the nature of the document (*i.e.*, a brief statement of the subject of the content) to justify the assertion of privilege as to each withheld document.  The description of the document in the "General Subject Matter" field shall also indicate whether each withheld document is, as suspected, an attachment to an email (and identify the email such as by indicating that the document is attached to the email described in the row above, or by Bates number or otherwise).  Because the privilege log entries for these withheld attachments or documents are to be edited, the Court makes no finding at this time as to whether the privilege assertion is justified as to each such withheld attachment or document but notes that the burden remains on Dasagroup to justify the assertion of privilege as to each document.  *See City of Roseville Emps. Ret. Sys. v. Apple Inc.*, No. 19-cv-02033-YGR (JCS), 2022 WL 3083000, at *23 (N.D. Cal. Aug. 3, 2022).

## II.     DOCUMENTS WITHHELD ON TRADE SECRETS GROUNDS

Jefferies raises a dispute regarding hundreds of documents Dasagroup withheld from production on the grounds that these documents reveal trade secrets owned by Dasagroup or a third party. [Dkt. 125 at 2-3].  Jefferies argues that there is no basis for withholding documents on these grounds because there has been an insufficient showing that disclosure would cause sufficiently serious harms to warrant withholding, particularly in light of the fact that the documents can be produced as Attorneys-Eyes Only confidentiality under the Stipulated Protective Order in this case.  *Id.* at 3.

Dasagroup clarifies that it only withheld documents which, if produced, would reveal Dasagroup's trade secrets (and thus is not making a vicarious claim on behalf of a third party's trade secrets). *Id.* at 4-5. While maintaining that Dasagroup had a basis to withhold these documents, Dasagroup short-circuits this dispute by agreeing to produce within thirty days these disputed documents with the proper Attorneys-Eyes Only designation under the Protective Order in this case.

Accordingly, the Court **DENIES** Jefferies' motion to compel these documents as **MOOT**. The Court **ORDERS** Dasagroup to honor its commitment and produce these disputed, withheld "trade secrets" documents on a rolling basis starting on or before **September 15, 2025** (thirty days from the date of the instant letter brief) and concluding by no later than **September 26, 2025**.

## CONCLUSION

For all the reasons set forth herein, the Court **GRANTS** the motion to compel Dasagroup to serve a revised privilege log. The Court **ORDERS** Dasagroup to serve a revised privilege log with such edits and revisions which **SHALL** address and correct the issues raised in this Order, by **September 26, 2025**.

The Court **DENIES AS MOOT** the dispute as to the documents withheld on the basis of trade secrets law. As Dasagroup agreed, the Court **ORDERS** Dasagroup to produce these no-longer disputed documents, designated as AEO (or otherwise, as Dasagroup reasonably concludes) under the Stipulated Protective Order in this case, on a rolling basis starting on or before **September 15, 2025** and completed by **September 26, 2025**.

This **RESOLVES** Dkt. 125.

**IT IS SO ORDERED.**

Dated: September 10, 2025

_____
PETER H. KANG
United States Magistrate Judge