MARIO A. MOYA (State Bar No. 262059)
REBECCA M. HOBERG (State Bar No. 224086)
MOYA LAW FIRM
1300 Clay Street, Suite 600
Oakland, California 94612
Tel:  510.926.6521
Fax: 510.340.9055
Email: mmoya@moyalawfirm.com
       rhoberg@moyalawfirm.com

Attorneys for Defendant
DASAGROUP HOLDINGS CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERIES FUNDING, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DASAGROUP HOLDINGS CORP. (d/b/a KICKHASS AVOCADOS) and LONDON FRUIT, INC.,<br><br>    Defendants. | Case No. 3:24-cv-05639-TLT<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT/ CROSS-CLAIMANT / COUNTER-CLAIMANT/ THIRD-PARTY PLAINTIFF DASAGROUP HOLDINGS CORP.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| DASAGROUP HOLDINGS CORP. (d/b/a KICKHASS AVOCADOS),<br><br>    Counter- and Cross-Claimant,<br><br>v.<br><br>JEFFERIES FUNDING, LLC,<br><br>    Counter-Defendant,<br><br>LONDON FRUIT, INC., and<br><br>    Cross-Defendant<br><br>SILO TECHNOLOGIES, INC.,<br><br>    Third-Party Defendant. | Date:  Nov. 25, 2025<br>Time:  2:00 pm.<br>Courtroom 9 (19th Floor)<br>Judge:  Hon. Trina L. Thompson |

# NOTICE OF MOTION AND MOTION TO WITHDRAW

**TO THIS HONORABLE COURT, ALL PARTIES AND COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on Tuesday Nov. 25, 2025, at 2:00 p.m., or as soon thereafter as the matter can be heard in Courtroom 9, 19th floor of the Phillip Burton Federal Building & United States Courthouse located at 450 Golden Gate Avenue, the Moya Law Firm and its attorneys, counsel of record for Defendant/Cross-Claimant/Counter-Claimant and Third-Party Plaintiff Dasagroup Holdings Corp. d/b/a Kichkhass ("Dasagroup"), will move this Court for an order allowing the Moya Law Firm to withdraw as counsel of record in this matter.

This Motion is made pursuant to Rule 11-5 of the Civil Local Rules for the Northern District of California, Rules 1.16(b)(4) and (b)(5) of the California Rules of Professional Conduct, and also pursuant to the federal common law, on the grounds that Dasagroup has materially breached its engagement agreement with this law firm, and an irreconcilable breakdown in the attorney-client relationship has arisen that renders it unreasonably difficult for counsel to carry out its representation effectively.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities (*see infra*), Declaration of Mario A. Moya, Proposed Order, and Certificate of Service, as well as the pleadings, papers and records in this action, and such oral argument as may be presented at the time of the hearing.

Dated: Sept. 17, 2025

Respectfully submitted,

MOYA LAW FIRM

*/s/ Mario A. Moya*

_____
Mario A. Moya

Attorneys for Defendant/Counterclaimant
DASAGROUP HOLDINGS CORP.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rule 11-5 and in compliance with California Rules of Professional Conduct 1.16(b)(4) and (5), all attorneys of the Moya Law Firm ("MLF") hereby move for withdrawal as counsel for Defendant/ Counterclaimant/ Cross-Claimant/ and Third-Party Plaintiff Dasagroup Holdings Corp. in this action. This motion is based on the accompanying Declaration of Mario A. Moya ("Moya Decl.") in support of this motion.

### I. BACKGROUND

#### A. Procedural History

Since being retained in this case, MLF has diligently and zealously represented Dasagroup's rights and interests in accordance with all applicable professional obligations. On November 4, 2024, Dasagroup filed an Answer and Counterclaims (Dkt. No. 11) against plaintiff Jefferies Funding, LLC for (1) declaratory relief; (2) unjust enrichment re: MSA & Forbearance Agreement; (3) rescission; (4) breach of covenant of good faith and fair dealing (5) common count - money had and received; (6) unfair/unlawful business practices, in addition to cross claims against defendant London Fruit for (7) breach of contract; (8) account stated; and (9) unjust enrichment. See Dkt. No. 11. This filing was subsequently amended without leave, with minor amendments, on Nov. 22, 2024. *See* Dkt. No. 28. On Nov. 18, 2024, Dasagroup filed a third-party complaint to add Silo Technologies, Inc. ("Silo") as a third-party defendant to the action. *See* Dkt. No. 23. Jefferies and Silo filed motions to dismiss the amended counterclaims and third-party complaint, respectively. See Dkt. Nos. 33, 51. The Court granted in part and denied in part the motions to dismiss, with leave to amend. Dkt. No. 72.

Following motion practice, in March 2025, Dasagroup filed a Second Amended Answer and Counterclaim against Jefferies and a First Amended Third Party Complaint against Silo. *See* Dkt. No. 78, 79. Jefferies and Silo filed a joint motion to dismiss, which the Court granted in part and denied in part on June 16, 2025. *See* Dkt. Nos. 85, 99. Dasagroup subsequently filed its Third Amended Answer and Counterclaim and Second Amended Third Party Complaint with narrowed claims following orders on dispositive motions. See Dkt. Nos. 101, 102. Jefferies and Silo ultimately filed their respective answers on July 14, 2025. Dkt. Nos. 111-112.

On Aug. 6, 2025 Jefferies filed a First Amended Complaint (FAC) adding Mr. Ward as an additional defendant to the action and asserting new claims under California Penal Code Section 496(c). Dkt. No. 122. In response, Dasagroup filed a motion to dismiss the FAC, and, in particular, the claim for treble damages under California Penal Code Section 496 on Aug. 20, 2025. Dkt. No. 133.

On Sept. 4, 2025, Jefferies filed an administrative motion for an order allowing alternative service on Mr. Ward, seeking to serve Mr. Ward by, among other things, service on the Moya Law Firm as counsel for Dasagroup. *See* Dkt. No. 138. The undersigned counsel filed an opposition to the administrative motion, clarifying that counsel for Dasagroup was not authorized to accept service on behalf of Mr. Ward individually and that the Moya Law Firm had not been retained to represent Mr. Ward in his individual capacity. See Dkt. No. 139. On Sept. 10, 2025, the Court entered an Order granting as modified Jefferies's administrative motion, but excluded service on the Moya Law Firm as an option for service of Mr. Ward. Dkt. No. 141. Following the Court's order, counsel for Jefferies has informed the undersigned counsel that it has taken steps to effectuate service on Mr. Ward, but no proof of service has yet to be filed.

Trial date is set in this case for January 4, 2027. *See* Dkt. No. 29. The Court's most-recent case management and scheduling order was entered on Aug. 22, 2025. Dkt. No. 129, 136. The close of fact discovery is currently set for Nov. 30, 2025. See Dkt. 129. The parties have engaged in significant discovery in this case. To date, Dasagroup has produced 17,060 pages of documents in this case over the course of 8 productions. Moya Decl. ¶ 10. In addition, Dasagroup has responded to seven sets of written discovery from Jefferies and Silo, including a combined 42 requests for production, 47 interrogatories, and 66 requests for admissions. *Id*.

To date, only one deposition has taken place (of defaulted Defendant London Fruit's corporate representative), and the deposition of third-party Kitzia Lauren Huerta (Mr. Ward's wife) has been recently set for October 17, 2025. *Id*. No other depositions are currently set. *Id*.

### B. Grounds for Withdrawal & Avoidance of Prejudice

The Moya Law Firm has represented Dasagroup Holdings Corp. since last year. *See* Moya Decl. ¶ 4. As noted in the accompanying declaration of counsel, there has recently been

an irreparable breakdown in the attorney-client relationship between Dasagroup and MLF such that the firm cannot continue to effectively represent Dasagroup in connection with this matter. Moya Decl. ¶¶ 18-19. In addition — and unrelated to the breakdown in the attorney-client relationship — Dasagroup has materially breached its representation agreement with MLF. *See id*. ¶¶ 11-16. This breach has placed a significant financial burden on MLF, which will be exacerbated if this motion to withdraw is not granted. *Id*. 17.

Professional considerations require withdrawal. Counsel has provided Dasagroup with written notice of their intent to withdraw, as required by Local Rule 11-5(a), in correspondence sent on July 29, 2025; August 22, 2025; Sept. 15, 2025; and today, Sept. 16, 2025, with an additional copy of this motion — noticed for hearing on Nov. 11 — being served via email and U.S. mail. *See* Moya Decl. ¶¶ 20-22. Counsel for Jefferies and Silo was provided notice of counsel's intent to withdraw orally on Sept. 15, 2025. *Id*. 24. On behalf of Dasagroup, counsel seeks a 60-day continuance of all pending deadlines to allow for substitution of counsel.

The undersigned counsel has taken reasonable steps to avoid foreseeable prejudice to Dasagroup and others resulting from any anticipated withdrawal. The undersigned counsel has filed a motion to dismiss the First Amended Complaint filed against Dasagroup challenging the standing and justiciability of original Jefferies's lawsuit (which the FAC and other recently-discovered state UCC filings made readily apparent), in addition to a statute-of-limitations challenge to a new third claim for relief asserted under Penal Code § 496(c). See Moya Decl. ¶¶ 9, 21. That motion presents a narrow issue of standing that is largely unaddressed by prior case law on similar facts to this case — i.e., whether UCC 9-607 (i.e., Cal. Commercial Code § 9607) confers sufficient standing for a secured party to sue a defendant on behalf of a third-party debtor. For reasons briefed in that motion, there is no Article III standing on the facts originally pleaded by Jefferies, and such issues cannot be waived under the Federal Rules and binding authority from the Supreme Court.

By this motion to withdraw, which is set for hearing on Nov. 11, 2025 (which is the earliest date available per the Court's online calendar), counsel asks the Court to stay any pending litigation deadlines until the company is able to secure new counsel. In the meantime, I

have informed my client that I would be willing to provide interim assistance to comply with Magistrate Judge Ryu's recent ADR order, which was entered just yesterday.  See ECF 144.

## II. ARGUMENT

### A. Standard of Review

Under Civil Local Rule 11-5(a), counsel "may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case."  N.D.Cal. Civ. L.R. 11-5(a).  The California Rules of Professional Conduct apply to requests to withdraw as counsel of record.  *See* Civ. L.R. 11-4; *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008).  California Rule of Professional Conduct 1.16(b) states that, subject to permission granted by a tribunal, counsel "may withdraw from representing a client" for several enumerated reasons, including when, as here, "(4) the client [by other conduct not enumerated in subsections 1 through 3]. . . renders it unreasonably difficult for the lawyer to carry out the representation effectively," or "(5) . . . breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation," and the lawyer has given the client a reasonable warning of withdrawal unless the breach is cured.  Cal. R. Prof Conduct 1.16(b)(4)-(5), 1.16(c).

Rule 3.1362(c) of the California Rules of Court provides that the declaration offered in support of a motion to be relieved as counsel "must state in general terms and without compromising the confidentiality of the attorney-client relationship," but the disclosure must state no more than is necessary to substantiate a basis to withdraw.  To this end, Formal Opinion 2015-192 of the State Bar of California's Standing Committee on Professional Responsibility and Conduct provides the following guidance of what lawyers may ethically disclose to the Court in connection with a motion to be relieved as counsel:

> An attorney may disclose to the court only as much as is reasonably necessary to demonstrate her need to withdraw, and ordinarily it will be sufficient to say only words to the effect that ethical considerations require withdrawal or that there has been an irreconcilable breakdown in the attorney-client relationship. In attempting to demonstrate to the court her need to withdraw, an attorney may not disclose confidential communications with the client, either in open court or in camera.

Cal. Bar Formal Op. 2015-192.

In ruling on a motion for withdrawal, the courts consider "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Goldberg v. Teachbk, Inc*, No. 24-cv-04525-LJC, 2025 U.S. Dist. LEXIS 89337, at *1-2 (N.D.Cal. May 9, 2025) (quoting *Atkins v. Bank of Am., N.A.*, No. 15-cv-00051, 2015 U.S. Dist. LEXIS 89360, *2 (N.D.Cal. July 9, 2015)). "[T]he consent of the client is not dispositive." *General Star Indem. Co. v. First Am. Title Ins. Co.*, 2021 U.S. Dist. LEXIS 50318, at *7 (N.D.Cal. Mar. 17, 2021) (quoting *Robinson v. Delgado*, 2010 U.S. Dist. LEXIS 92924, at *5 (N.D. Cal. Aug. 18, 2010)).

In addition, counsel "shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel," releasing all client materials and property to the client upon termination, and refunding the client for any fee or expense "paid in advance that the lawyer has not yet earned or incurred." Cal. Prof. Conduct Rule 1.16(d)-(e).

### B. Leave to Withdraw is Appropriate Under the California Rules of Professional Conduct.

Withdrawal is appropriate under California Rules of Professional Conduct 1.16(b)(4) and (5), each of which individually and collectively establish good cause for allowing the undersigned counsel to withdraw from representing Dasagroup in this action.

First, as noted in the accompanying declaration of counsel, Dasagroup has materially breached its representation agreement with its counsel. Despite being provided with notice and an opportunity to cure, Dasagroup has not cured this breach. See Moya Decl. ¶¶ 12-16. This material breach threatens considerable hardship to the undersigned law firm if it is forced to continue to represent Dasagroup through trial. *Id*. ¶¶ 16-17. This material breach is good cause to grant counsel leave to withdraw. *See, e.g., Morrow v. Mid Peninsula Hotels, LLC*, 2020 U.S. Dist. LEXIS 155277, at *2 (N.D.Cal. Aug. 26, 2020) (granting motion to withdraw filed by small law firm whose corporate client's nonpayment of legal fees threatened firm with financial hardship); *General Star Indem. Co. v. First Am. Title Ins. Co.*, 2021 U.S.Dist.LEXIS 50318, at *8

(N.D.Cal. Mar. 17, 2021) ("A client's failure to pay legal fees constitutes good cause to permit an attorney's withdrawal.") (collecting cases); *Kannan v. Apple Inc.*, 2020 U.S. Dist. LEXIS 2308, at *4 (N.D. Cal. Jan. 7, 2020) (granting motion to withdraw where litigant "has refused or failed to pay costs and fees incurred during the past two and a half months").

Second, as carefully noted in counsel's declaration to avoid disclosure of privileged matters and in compliance with State Bar Formal Opinion 2015-192, withdrawal is also necessitated by a breakdown in the attorney-client relationship. See Moya Decl. ¶¶ 18-19. This is also an independent basis for withdrawal. *See Nob Hill Catering, Inc. v. Back of the House LLC*, 2024 U.S. Dist. LEXIS 237711, at *4 (N.D.Cal. Sep. 19, 2024) (granting motion to withdraw pursuant to RPC 1.16(b)(4) resulting from "a disagreement as to the overall strategy of the case, issues with communication, and broken trust" and also granting motion, in part, because the "the Court will not require counsel to work without compensation"); *Perplexity Solved Sols., Inc. v. Perplexity AI, In*c., 2025 U.S.Dist.LEXIS 150757, at *3 (N.D.Cal. Aug. 5, 2025) (granting motion to withdraw based on attestation by counsel of "a breakdown in the attorney-client relationship such that her firm's continued representation of Plaintiff is unreasonably difficult"); *Max v. Hernandez*, 2007 U.S. Dist. LEXIS 107157, *2-4 (S.D. Cal. Oct. 11, 2007) (granting motion to withdraw based on counsel's statement that "withdrawal is necessitated by a breakdown in the attorney-client relationship due to disagreements regarding the best way to proceed and Plaintiff's unwillingness to follow . . . advice").

### C. Withdrawal Will Not Prejudice Other Litigants, Will Not Harm the Administration of Justice, and Will Not Delay the Resolution of the Case.

The undersigned counsel have provided Dasagroup with reasonable notice of its intent to file a motion to withdraw from this case and it has complied with all notice requirements. See Cal. RPC 1.16(b)(5), (d); Civ. L. R. 11-5(a); Moya Decl. ¶¶ 15, 20; Certificate of Service.

Counsel respectfully submits that said withdrawal of counsel will not prejudice other parties, will not harm administration of justice, and will not delay resolution of the case. First, there would be little prejudice to other litigants if this motion were granted because the trial date in this matter is set for January 4, 2027, well over a year away. Even if there were a short stay of the action while Dasagroup finds substitute counsel, this still provides ample time for the action

to proceed thereafter with the current trial date, and no trial continuance will be necessary. Moreover, Dasagroup's CEO was only recently added to this lawsuit and has yet to enter an appearance. Moya Decl. ¶ 10. Mr. Ward will likely need time to obtain counsel on his own behalf, to respond to the FAC, and to protect his own interests. Thus, a brief continuance to allow Dasagroup to obtain new counsel at this juncture would not prejudice the parties.

All other litigants in this case are represented by common counsel at Holland & Knight and appear to be working in close coordination. Given that the current trial date in this action is set for **January 4, 2027**, well more than one year away, there is ample time for Dasagroup to substitute in new counsel without much disruption to opposing parties, who are presently represented in common. To date, there has only been one deposition of the defaulted party London Fruit, and the parties have yet to take depositions of any employees, officers and directors of the other parties to the action (i.e., Dasagroup, Silo and Jefferies). Moya Decl. ¶¶ 23

There is also likely little prejudice or delay because of the non-waivable challenge to subject matter jurisdiction currently pending before the Court. *See id.* ¶ 21. Among other things, the motion challenges Jefferies's standing and the justiciability of the original lawsuit it filed against Dasagroup, with an additional Rule 12(b)(6) challenge to the timeliness of its new third claim for relief. See Dkt Nos. 131-133, 143 (motion and reply briefing). This motion presents a narrow issue of standing that is largely unaddressed by prior case law on similar facts of this case — i.e., whether UCC 9-607 (i.e., Cal. Commercial Code § 9607) confers sufficient standing for a secured party to sue a defendant debtor on behalf of a third-party creditor that is not a plaintiff to the action. For reasons briefed in the motion currently before the Court, we believe that there is no Article III standing on the facts originally pleaded, and the issue cannot be waived under the Federal Rules and binding authority from the Supreme Court. To the extent necessary, I would be willing to specially appear for any oral argument if the Court and Dasagroup are so inclined. *See* Moya Decl. ¶ 21.

All parties have been notified of this motion. Counsel has notified Plaintiff/Counter-Defendant Jefferies Funding, LLC and Third-Party Defendant Silo Technologies, Inc. of their intention to withdraw on Sept. 15, 2025, and this motion is being publicly filed via the CM/ECF system. *Id.* ¶ 24.

As to Dasagroup, it has been specially served with notice of this motion via mail and email to the company's CEO as shown on the accompanying proof of service. According to Washington state corporation filings, Dasagroup may be served through its registered agent at the following address, which is the same address to which copies of this motion have been sent:

Dasagroup Holding Corp.
℅ Jeffery R. Pollock, PLLC, Registered Agent
2204 Riverside Dr Ste 250
Mount Vernon, WA 98273-5494

In the meantime, until the Court rules on this motion, the undersigned counsel is willing to continue to serve all papers filed on Dasagroup to its client contact via the same means as it has communicated with its client before this motion to withdraw was filed. This motion is made in good faith and not made for any improper purpose. Moya Decl. ¶ 28.

### III.   CONCLUSION

The Court should grant this motion and grant Dasagroup a reasonable amount of time of no less than 60 days in which to obtain substitute counsel, with a stay of deadlines during that period. *See Union Pac. R.R. Co. v. Golden Gate Petroleum Co.*, 2021 U.S. Dist. LEXIS 64229, at *6 (N.D.Cal. Apr. 1, 2021).

Dated: Sept. 17, 2025

Respectfully submitted,

MOYA LAW FIRM

*/s/ Mario A. Moya*

_____
Mario A. Moya

Attorneys for Defendant/Counterclaimant
DASAGROUP HOLDINGS CORP.