MARIO A. MOYA (State Bar No. 262059)
REBECCA M. HOBERG (State Bar No. 224086)
MOYA LAW FIRM
1300 Clay Street, Suite 600
Oakland, California 94612
Tel:  510.926.6521
Fax: 510.340.9055
Email: mmoya@moyalawfirm.com
          rhoberg@moyalawfirm.com

Attorneys for Defendant
DASAGROUP HOLDINGS CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERIES FUNDING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DASAGROUP HOLDINGS CORP. (d/b/a KICKHASS AVOCADOS) and LONDON FRUIT, INC.,<br><br>Defendants. | Case No. 3:24-cv-05639-TLT<br><br>**DECLARATION OF MARIO A. MOYA IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT/CROSS-CLAIMANT /COUNTER-CLAIMANT AND THIRD-PARTY PLAINTIFF DASAGROUP HOLDINGS CORP.** |
| DASAGROUP HOLDINGS CORP. (d/b/a KICKHASS AVOCADOS),<br><br>Counter- and Cross-Claimant,<br>v.<br><br>JEFFERIES FUNDING, LLC,<br><br>Counter-Defendant,<br><br>LONDON FRUIT, INC., and<br><br>Cross-Defendant<br><br>SILO TECHNOLOGIES, INC.,<br><br>Third-PartyDefendant. | Date:  Nov. 25, 2025<br>Time:  2:00 p.m.<br>Courtroom 9 (19th Floor)<br>Judge:   Hon. Trina L. Thompson |

I, Mario A. Moya, hereby declare as follows:

1. I am an attorney duly admitted to practice before the State of California and in all state and federal courts within the State of California. I am the owner of the Moya Law Firm, which is located at 1300 Clay Street, Suite 600, in Oakland, California 94612. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. I am counsel for Defendant/Cross-Claimant/Counter-Claimant and Third-Party Plaintiff Dasagroup Holdings Corp. d/b/a Kichkhass ("Dasagroup") in this action. I submit this declaration in support of my law firm's accompanying motion to withdraw as counsel for Dasagroup Holdings Corp. in this action and with respect to all pleadings, as defendant, counterclaimant, cross-claimant and third-party plaintiff.

Case Background

3. Jefferies Funding, LLC ("Plaintiff" or "Jefferies") initiated this action against Dasagroup and London Fruit on Aug. 21, 2024. *See* Dkt. 1. Through its prior counsel, Dasagroup was able to secure an extension of time to respond to the complaint until Nov. 4, 2024.

4. After this lawsuit was filed but before answering the complaint on Nov. 4, the Moya Law Firm was retained to represent Dasagroup in this action pursuant to a written engagement agreement. After reviewing some of the initial documentary evidence in the case and other matters of public record, I assessed that Dasagroup would need to file compulsory counterclaims and cross-claims when it answered the complaint.

5. On Nov. 4, 2024, defendant Dasagroup filed an answer to the complaint with a jury demand, with an assertion of counterclaims against Plaintiff and a cross-claim against defendant London Fruit. This filing was subsequently amended without leave, with minor amendments, on Nov. 22, 2024. *See* Dkt. Nos. 11, 28. On Nov. 18, 2024, Dasagroup also filed a third-party complaint to add Silo Technologies, Inc. ("Silo") as a third-party defendant to the action. *See* Dkt. No. 23.

6. Jefferies and Silo filed motions to dismiss the amended counterclaims and

third-party complaint, respectively. *See* Dkt. Nos. 33, 51. The Court granted in part and denied in part the motions to dismiss, with leave to amend. Dkt. No. 72. Following motion practice, in March 2025, Dasagroup filed a Second Amended Answer and Counterclaim against Jefferies and a First Amended Third Party Complaint against Silo. *See* Dkt. No. 78, 79. Jefferies and Silo filed a joint motion to dismiss, which the Court granted in part and denied in part on June 16, 2025. *See* Dkt. Nos. 85, 99.

7. Dasagroup subsequently filed its Third Amended Answer and Counterclaim and Second Amended Third Party Complaint with narrowed claims following orders on dispositive motions. See Dkt. Nos. 101, 102. Jefferies and Silo ultimately filed their respective answers on July 14, 2025. Dkt. Nos. 111-112.

8. On Aug. 6, 2025, Jefferies filed a First Amended Complaint (FAC) adding Mr. Ward as an additional defendant to the action and asserting new claims under California Penal Code § 496(c). *See* Dkt. 122.

9. Dasagroup filed a motion to dismiss the FAC, and, in particular, the claim for treble damages under California Penal Code Section 496 on Aug. 20, 2025. *See* Dkt. 133.

10. Dasagroup's CEO, Mr. Ward, has yet to appear in this action. To date, the parties have engaged in significant discovery. Dasagroup has produced over 17,060 pages of documents in this case over the course of eight productions. In addition, Dasagroup has responded to seven sets of written discovery from Jefferies and Silo, including a combined 42 requests for production, 47 interrogatories, and 66 requests for admissions.

<u>Basis for Withdrawal: RPC 1.16(b)(5)</u>

11. I have determined that under the California Rules of Professional Conduct, my and my law firm's withdrawal is appropriate at this time. California Rules of Professional Conduct 1.16(b)(4) and (5) each apply here, and they individually (and collectively) establish good cause for allowing the undersigned counsel to withdraw from representation.

12. First, Dasagroup has materially breached and continues to materially breach its obligations to this law firm under the representation agreement.

13. To substantiate the necessary requirements for withdrawal under California RPC 1.16(b)(5), counsel also discloses that it previously warned Dasagroup, after it had breached its

obligations under the representation agreement, that counsel would withdraw unless Dasagroup cured that breach.

14. On July 29, I informed Dasagroup that continued breach of its obligations would possibly require the firm to move to withdraw as counsel in this action.

15. In subsequent correspondence sent Aug. 22, Sept. 15, and Sept. 16, I advised Dasagroup that I would be filing a motion for this firm to withdraw as Dasagroup's counsel in this action.

16. Under the present circumstances, Dasagroup has materially breached its obligations to this firm, and this has resulted in a significant hardship to this firm, which is a small law firm of only three persons (i.e., two attorneys and one paralegal).

17. Due to Dasagroup's material breach of its obligations, continued representation of Dasagroup will present an unreasonable burden upon this law firm, which necessitates withdrawal.

Basis for Withdrawal: RPC 1.16(b)(4)

18. Second, by other conduct not covered by Rules 1.16(b)(1)-(3), there has been a breakdown in the attorney-client relationship such that this firm's continued representation of Dasagroup is unreasonably difficult under the present circumstances. The reasons for this basis for withdrawal are privileged, and I do wish to be mindful of the continuing duty of confidentiality owed as an attorney. See Cal. Bus. & Prof. Code § 6068(e)(1) (requiring an attorney "[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client").

19. An irreconcilable breakdown in the attorney-client relationship has arisen, including irreconcilable differences on important privileged matters, all of which makes it unreasonably difficult to carry out the representation effectively. Under the present circumstances, neither I nor my law firm believe that we are in a position to fully comply with our duties as counsel required to effectively represent Dasagroup and comply with all required duties imposed by the Court.

Avoidance of Prejudice

20. Before filing this motion, in accordance with applicable rules and local

requirements, I advised Dasagroup of my intention to file a motion to withdraw. In my most recent correspondence, I also advised my client, per local requirements, that corporations can only appear through counsel.

21. Currently pending before the Court is a dispositive motion and related briefing challenging subject matter jurisdiction. Among other things, the motion challenges Jefferies's standing and the justiciability of the original lawsuit it filed against Dasagroup, with an additional Rule 12(b)(6) challenge to the timeliness of its new third claim for relief. *See* Dkt Nos. 131-133, 143 (motion and reply briefing). This motion presents a narrow issue of standing that is largely unaddressed by prior case law on similar facts of this case — i.e., whether UCC 9-607 (i.e., Cal. Commercial Code § 9607) confers sufficient standing for a secured party to sue a defendant debtor on behalf of a third-party creditor that is not a plaintiff to the action. For reasons briefed in the motion currently before the Court, we believe that there is no Article III standing on the facts originally pleaded, and the issue cannot be waived under the Federal Rules and binding authority from the Supreme Court.

22. By this motion to withdraw, which has been set for hearing on Nov. 11, 2025 (which is the earliest date available per the Court's online calendar), I have asked the Court for a 60-day stay of pending litigation deadlines until the company is able to secure new counsel. In the meantime, I am still counsel of record and will comply with case deadlines, including providing assistance to comply with Magistrate Judge Ryu's recent ADR order, which was entered just yesterday. *See* ECF 144. Also, to the extent that the Court requests oral argument on the pending challenge to Jefferies's standing and Article III subject matter jurisdiction, I would also be willing to provide such oral argument via special appearance if necessary (and if Dasagroup so consents).

23. I do not believe that my firm's withdrawal will prejudice any other litigant, harm the administration of justice, or unduly delay a potential resolution of this case. Dasagroup has produced a considerable volume of documents in this lawsuit — more than Jefferies and Silo combined — and has answered voluminous written discovery. Also, Dasagroup's CEO has been recently sued in his individual capacity, and the Court recently granted plaintiff Jefferies's motion for an order granting its request to serve him by alternative means. The other parties

who have appeared in this action, plaintiff Jefferies and third-party defendant Silo Technologies, Inc., are represented (quite inexplicably) by common counsel at Holland & Knight LLP. As of the date of this filing, no officer, director or employee of Jefferies or Silo (whether current or former) has yet to be deposed in this action, which is an additional reason why there would be no prejudice to other litigants if withdrawal were granted.

24. On the late afternoon of Sept. 15, 2025, I informed opposing counsel, Stosh Silivos and Rebecca Durham of Holland & Knight LLP, that my firm would be moving to withdraw as counsel for Dasagroup in this lawsuit.

25. I am prepared to transfer all case-related files to Dasagroup's new counsel, once it is retained. This includes files held by this firm and by other authorized custodians under existing contracts and service agreements with this law firm. In the meantime, I am also willing to continue to serve papers to Dasagroup's CEO via means we have typically used in corresponding about the case.

26. If the Court were to require additional information pertaining to this motion to withdraw, I will to the extent permissible provide such information and respond to any questions the Court may have *in camera* subject to my continuing duties of confidentiality as an attorney.

27. I have served this motion and supporting documents on my client Dasagroup via email and U.S. Mail to the company's CEO (at the company's Ballinger Way address in Shoreline, Washington) and also via U.S. Mail to the company's registered agent, which is shown on the accompanying certificate of service. According to Washington state corporation filings, Dasagroup may be served through its registered agent at the following address, which is the same address to which copies of this motion have been sent:

Dasagroup Holding Corp.
℅ Jeffery R. Pollock, PLLC, Registered Agent
2204 Riverside Dr Ste 250
Mount Vernon, WA 98273-5494

(**Due to a calendaring error, I had mistakenly attempted to notice this motion for Nov. 11, which I discovered was Veteran's Day while attempting to file the motion via PACER. Accordingly, I have revised these papers to ensure that the correct hearing date of Nov. 25, 2025

DECLARATION OF MARIO A. MOYA IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

6               *Jefferies Funding v. Dasagroup Holdings et al.*
                No. 3:24-cv-05639-TLT

is selected, and I have re-served the corrected versions in accordance with the Certificate of Service that accompanies this filing, which is being served after midnight on Sept. 17. The materials have been deposited in a U.S. Post Office collection box within the hour of this filing on Sept. 17, 2025.).

28.     This motion is made in good faith and not made for any improper purpose.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on Sept. 17, 2025 at Novato, California

*/s/ Mario A. Moya*
_____
  Mario A. Moya