UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFERIES FUNDING LLC,<br><br>Plaintiff,<br><br>v.<br><br>DASAGROUP HOLDINGS CORP., et al.,<br><br>Defendants. | Case No. 24-cv-05639-TLT   (PHK)<br><br>**ORDER RESOLVING DISPUTES RE INTERROGATORIES AND REQUESTS FOR ADMISSION**<br><br>Re: Dkt. 146 |

This case has been referred to the undersigned for all discovery purposes. *See* Dkt. 74. Now pending before the Court is a letter brief submitted by Plaintiff Jefferies Funding LLC and Third-Party Defendant Silo Technologies Inc. (collectively "Jefferies") regarding a dispute with Defendant Dasagroup Holdings Corp. ("Dasagroup") as to the sufficiency of Dasagroup's responses to certain interrogatories and requests for admission. [Dkt. 146]. Dasagroup has filed an opposition letter brief, stating the dispute at issue is "very narrow" in scope and asking that Court's resolution of the matter be deferred "until a reasonable time after the Court adjudicates the pending motion to withdraw." [Dkt. 151]. As discussed below, the Parties did not file a joint discovery letter brief, in violation of this Court's Standing Order for Discovery. The Court has reviewed the Parties' briefing and finds this matter suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

## LEGAL STANDARD

The Parties and their counsel are presumably well aware of the well-known legal standards for discovery in federal actions. With regard to the scope of discovery in federal civil actions, Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id.* Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-md-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the common-sense concept of proportionality: "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. In evaluating the proportionality of a discovery request, a court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the

discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). As part of its inherent discretion and authority, the Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). Similarly, a district court's determination as to proportionality of discovery is within the district court's discretion. *See Jones v. Riot Hospitality Grp. LLC*, 95 F.4th 730, 737-38 (9th Cir. 2024) (finding district court did not abuse discretion on proportionality ruling).

Ultimately, "the timing, sequencing and proportionality of discovery is left to the discretion of the Court." *Toro v. Centene Corp.*, 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

## **ANALYSIS**

While Jefferies' letter brief goes to lengths to describe Dasagroup's failure to reasonably engage in discovery and communicate in the meet and confer process, the letter brief presents three specific discovery disputes for resolution, two concerning responses to interrogatories and

the final dispute relating to a response to a request for admission. [Dkt. 146].

## I.    INTERROGATORY NO. 5

Jefferies first raises a dispute as to the sufficiency of Dasagroup's response to Interrogatory No. 5 ("ROG 5"). ROG 5 asks Dasagroup to "[e]xplain all circumstances, if any, that increased or decreased the amount London Fruit owed on the Affected Receivables after issuance of the Invoices." [Dkt. 146 at 2]. Dasagroup's original response to ROG 5 reportedly referenced or repeated the response to an unrelated interrogatory. *Id.* Dasagroup reportedly acknowledged this error on June 24, 2025, and again, on August 1, 2025. *Id.*

As noted, Dasagroup did not participate in the filing of a joint discovery letter brief on this issue. It is, however, unclear how much effort Jefferies expended in attempting to coordinate the preparation of a joint brief. *See* Standing Order for Discovery at § H(3) ("Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments."). Dasagroup's responsive one-page letter does not dispute the representation as to the error in the original response to ROG 5 and does not dispute that Dasagroup acknowledged that error over several months. *See* Dkt. 151.

To date, Dasagroup has not served an amended response which corrects or addresses the apparently admitted error in the original response to ROG 5. Thus, Dasagroup has failed to provide an adequate response to ROG 5.

Accordingly, Jefferies' motion is **GRANTED** with regard to ROG 5. Dasagroup is **ORDERED** to serve an amended response to ROG 5 which cures the error and in good faith responds to that interrogatory (subject to any specific and justified objections) by no later than **OCTOBER 31, 2025**.

## II.   INTERROGATORY NO. 12

Jefferies next request for relief relates to a dispute over the adequacy of Dasagroup's response to Interrogatory No. 12 ("ROG 12"). [Dkt. 146 at 2]. ROG 12 asks Dasagroup to "[s]tate the amount, if any, that You contend London Fruit currently owes on the Affected Receivables and explain the complete methodology You used to calculate that amount." *Id.*

4

Jefferies argues that Dasagroup's original response to ROG 12 is inadequate because that response "merely" referred to documents produced in this litigation. *Id.* While Jefferies does not reference Rule 33(d), the Court presumes that Dasagroup's response to ROG 12 referenced documents or business records under the provisions of that rule.

As a general matter, under Rule 33 it is not inappropriate to refer to documents in a response to an interrogatory. *See Gamevice, Inc. v. Nintendo Co.*, 2019 WL 2763008, at *2 (N.D. Cal. July 2, 2019) (quoting Fed. R. Civ. P. 33(d)(1)) ("Rule 33(d) allows a reference to documents 'if the burden of deriving or ascertaining the answer will be substantially the same for either party,' and the responding party 'specif[ies] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.'"); *accord Lyft, Inc. v. Quartz Auto Techs. LLC*, 2022 WL 17076703, at *4 (N.D. Cal. Nov. 18, 2022).

Unlike the other discovery disputes discussed herein, Jefferies did not attach as an exhibit to their letter brief a copy of Dasagroup's response to ROG 12. Therefore, Court does not have sufficient information to determine whether Dasagroup properly invoked Rule 33(d) in responding to ROG 12. *See* Fed. R. Civ. P. 33(d)(1) ("If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]").

However, Jefferies represents that the referenced documents do not even refer to the Receivables at issue which are referenced in ROG 12 directly. [Dkt. 146 at 2]. Further, Jefferies cites case law to argue that relying "exclusively" on documents in a response to a contention interrogatory is "under most circumstances impermissible." *Id.* (quoting *Moeller v. Taco Bell Corp.*, No. C 02-5849 PJH (JL), 2008 WL 11454816, at *3 (N.D. Cal. Aug. 28, 2008)).

As noted, Dasagroup did not participate in the filing of a joint discovery letter brief on this issue. Dasagroup's responsive one-page letter does not dispute the characterization of

5

1   Dasagroup's response to ROG 12 and, more importantly, does not dispute the characterization that
2   the referenced documents do not even refer to the Receivables which are the subject of ROG 12.
3   *See* Dkt. 151.
4       Accordingly, based on Jefferies' counsel's representation that the documents referenced in
5   the response to ROG 12 do not address the Affected Receivables which are the subject of the
6   interrogatory, Dasagroup does not appear to dispute that its original response does not fairly
7   respond to ROG 12.  On this basis, the Court concludes that Dasagroup's original response to
8   ROG 12 is inadequate.
9       In light of the discussion above, Jefferies' motion with regard to ROG 12 is **GRANTED.**
10  Dasagroup is **ORDERED** to serve an amended response to ROG 12 which responds in good faith
11  to that interrogatory (subject to any specific and justified objections) by no later than **OCTOBER**
12  **31, 2025**.
13      **III.   REQUEST FOR ADMISSION NO. 22**
14      The final dispute raised by Jefferies concerns Dasagroup's response to Request for
15  Admission No. 22 ("RFA 22").  That RFA 22 asks that Dasagroup "[a]dmit that London Fruit paid
16  Dasagroup, in full, for the Affected Receivables."  [Dkt. 146 at 2, 12].
17      Jefferies argues that Dasagroup's original response to RFA 22 is evasive and non-
18  responsive.  *Id.*  Unlike the dispute as to ROG 12 above, Jefferies provided a copy of Dasagroup's
19  response to RFA 22.  *See id.* at 12.  The Court has reviewed Dasagroup's response to RFA 22
20  which states in full as follows:

> **RESPONSE TO REQUEST NO. 22**:
>
> Responding Party objects that the request is vague and ambiguous. Responding Party objects to this request on the grounds that, as written, it seeks all information in existence, and is not limited to information that is within the current knowledge of Responding Party. There may be additional facts, documents, and persons in support of Responding Party's claims that are within the knowledge of Defendants or other third parties and that have not yet been identified or disclosed to Responding Party, and Responding Party reserves the right to use any such evidence at trial. Responding Party objects to the extent that the request presumes that the amount paid by London Fruit, Inc. and/or Grubmarket, Inc. was accurate and reflected the true price earned on London's sale of avocados.
>
> Subject to and without waiving the foregoing objections, following a diligent search and reasonable inquiry, the Responding Party responds as follows: Admitted to the extent that Dasagroup received what was purported to be full payment by London Fruit, Inc. and/or Grubmarket, Inc. on those receivables, but denied to the extent that other evidence may show that Dasagroup was underpaid on those invoices.

*Id.*

As is evident from the response to RFA 22, Jefferies' characterization that this response to "evasive" and "non-responsive" is not well-supported. Dasagroup's response to RFA 22 sets forth objections which explain why Dasagroup cannot admit to this RFA 22 in full: Dasagroup "objects to the extent that the request presumes that the amount paid by London Fruit, Inc. and/or Grubmarket, Inc. was accurate and reflected the true price earned on London's sale of avocados." *Id.* A denial in response to a request for admission is required to specifically deny the request or state in detail why the responding party is unable to truthfully admit or deny that request. *See* Fed. R. Civ. P. 36(a)(4). While Jefferies may dispute the substantive merit of this objection, the fact that Dasagroup explained its position is neither fairly described as "evasive" or "non-responsive." *See* Fed. R. Civ. P. 36(a)(5) ("The grounds for objecting to a request must be stated."). Notably, Jefferies does not argue the merits of this objection and nowhere seeks an order overruling this objection. As presented to the Court, this appears to be a situation in which the Parties have a dispute over an issue of fact. Simply because Jefferies believes it is correct as to this issue of fact (which has not been resolved at this stage and for which the Court makes no implied or express findings), that alone does not make Dasagroup's response to RFA 22 inadequate.

Further, as shown above, Dasagroup responded to the RFA 22 by admitting in part and denying in part different portions of the subject matter of RFA 22. Under Rule 36, a responding party like Dasagroup is supposed to do precisely that. "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *See* Fed. R. Civ. P. 36(a)(4).

Normally, the discussion above would end the matter. However, counsel for Jefferies reports that Dasagroup committed to serve an amended response to RFA 22. [Dkt. 146 at 3]. As noted, Dasagroup did not participate in the filing of a joint discovery letter brief on this issue. Dasagroup's responsive one-page letter does not dispute the representation that Dasagroup previously agreed to serve an amended response to RFA 22. *See* Dkt. 151. To that extent, then, this dispute would appear to be moot as to the merits of the issue.

Accordingly, Jefferies' motion to compel an amended response to RFA 22 is **DENIED WITHOUT PREJUDICE** as moot. Based on Jefferies's counsel's representation and the lack of objection from Dasagroup, the Court **ORDERS** Dasagroup to comply with its agreement to serve an amended response to RFA 22, and Dasagroup **SHALL** serve that amended response by no later than **NOVEMBER 14, 2025**.

### CONCLUSION

For all the reasons discussed herein, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Jefferies' motion to compel.

This **RESOLVES** Dkt. 146.

**IT IS SO ORDERED.**

Dated: October 14, 2025

PETER H. KANG
United States Magistrate Judge