Philip Ward, Defendant Pro Se

23903 56th Ave W

Mountlake Terrace, WA 98043

felipe@kickhass.com | 425-260-1805

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFERIES FUNDING LLC,<br><br>　　　　　Plaintiff(s),<br><br>　vs.<br><br>DASAGROUP HOLDINGS CORP. and PHILIP WARD,<br><br>　　　　　Defendant(s). | Case No. 3:24-cv-05639-TLT<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: March 3, 2026<br><br>Time: 2:00 p.m<br>**Filed: October 17, 2025**<br>**Courtroom: 9 – San Francisco Division**<br>**Judge: Hon. Trina L. Thompson** |

**I. INTRODUCTION**

Plaintiff's lawsuit is both jurisdictionally defective and substantively deficient. The undisputed facts demonstrate that Plaintiff Jefferies Funding LLC ("Jefferies") lacked standing to bring this action when it was filed and later divested itself of any residual interest through subsequent assignments of rights. Moreover, Jefferies' third claim under California Penal Code § 496(c) is

time-barred because it seeks treble damages, which are penal in nature and therefore governed by a one-year statute of limitations. For these reasons, Defendant Philip Ward respectfully requests that this Court dismiss the First Amended Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**II. LEGAL STANDARDS**

Rule 12(b)(1). A motion under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. Kingman Reef Atoll Invs., LLC v. United States, 541 F.3d 1189, 1197 (9th Cir. 2008). A factual challenge permits the Court to consider evidence beyond the pleadings. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

Rule 12(b)(6). A motion under Rule 12(b)(6) tests the sufficiency of the complaint. To survive dismissal, a plaintiff must plead sufficient facts to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper when the moving party "shows some obvious bar to securing relief on the face of the complaint." ASARCO, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2014). This includes a defense based on the statute of limitations. A claim may be dismissed as time-barred when the running of the statute is apparent on the face of the complaint. Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010); Hernandez v. City of El Monte, 138 F.3d 393, 402 (9th Cir. 1998).

## III. PLAINTIFF LACKED STANDING AT THE COMMENCEMENT OF SUIT

Standing is determined at the time a complaint is filed. Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 n.5 (1992). The plaintiff bears the burden to establish injury in fact, causation, and redressability. Id. at 561. Here, Jefferies' original complaint asserted tort and contract claims arising from alleged harms to a third party, Silo, without any evidence of a valid assignment of ownership of those claims. See original complaint paragraphs 27 - 30.  A mere "security interest" under UCC § 9-607 does not confer standing to sue an account debtor, as the statute "does not determine whether an account debtor owes a duty to a secured party." Cal. Com. Code § 9607(e); BNY Midwest Trust Co. v. Nat'l Union Fire Ins. Co., 213 F. App'x 563, 567 (9th Cir. 2006). Because Jefferies lacked ownership of the claims at the outset, it had no standing, and the case must be dismissed. Cortlandt St. Recovery Corp. v. Hellas Telecomms., 790 F.3d 411, 422 (2d Cir. 2015).

## IV. PLAINTIFF LOST STANDING THROUGH INTERVENING ASSIGNMENTS

Even assuming arguendo that Jefferies initially possessed standing, it later lost any justiciable interest through subsequent assignments of its rights to JFUN AR I, LLC. See Dkt 132.  Such assignments divest the assignor of the injury necessary to support Article III jurisdiction. Valdin Invs. Corp. v. Oxbridge Capital Mgmt., 651 F. App'x 5, 7 (2d Cir. 2016). Once the alleged injury is no longer redressable by a favorable judgment, standing is destroyed. Lujan, 504 U.S. at 561. Jefferies' own filings acknowledge this intervening assignment; therefore, dismissal is required under Rule 12(b)(1).

# V. PLAINTIFF'S THIRD CLAIM IS TIME-BARRED UNDER THE ONE-YEAR LIMITATIONS PERIOD

Jefferies' Third Claim for Relief under Cal. Penal Code § 496(c) seeks treble damages, which are penal in nature and governed by the one-year limitations period of Cal. Civ. Proc. Code § 340(a). See Prudential Home Mortg. Co. v. Superior Court, 66 Cal. App. 4th 1236, 1242 (1998); Le v. Prestige Cmty. Credit Union, 2023 U.S. Dist. LEXIS 232717, at 25–26 (C.D. Cal. Nov. 6, 2023). In its original complaint, At paragraph 9, Jefferies alleged that it knew, as of May 2024, that amounts allegedly paid to Dasagroup on the underlying receivables were not paid to Silo or Jefferies. This judicial admission warrants dismissal. Morton & Bassett, LLC v. Organic Spices, Inc., 2016 U.S. Dist. LEXIS 120092, at 14–15 (N.D. Cal. Sept. 6, 2016). The Forbearance Agreement attached to the original complaint further states that Jefferies was on notice of the alleged wrongful conduct by June 2024, when it executed the Agreement describing the same alleged misrepresentations. Because Jefferies did not move to amend until July 2025—more than one year later—its § 496(c) claim is untimely. The "discovery rule" and "fraudulent concealment" doctrines do not apply where the plaintiff was already on inquiry notice. MGA Ent., Inc. v. Mattel, Inc., 41 Cal. App. 5th 554, 565 (2019).

# VI. CONFLICT OF INTEREST AND IMPROPER JOINT REPRESENTATION

Plaintiff's counsel appears to represent both Silo (the original factoring entity) and Jefferies Funding LLC (the alleged assignee), despite their potentially adverse interests.

This dual representation violates California Rule of Professional Conduct 1.7, which prohibits representation of multiple clients with conflicting interests absent informed written consent.

An attorney is "automatically disqualified" from simultaneously representing clients with directly adverse interests in the same litigation. See City and County of San Francisco v. Cobra Solutions (2006) 38 Cal.4th 839, 846. "The paradigmatic instance of such prohibited dual representation — one roundly condemned by courts and commentators alike — occurs where the attorney represents clients whose interests are directly adverse in the same litigation." Flatt v. Superior Court (1994) 9 Cal. 4th 275, 284 n.3 (emphasis in original); see also, People ex rel. Dept. of Corps. v. SpeeDee Oil Change Sys., Inc. (1999) 20 Cal. 4th 1135, 1139 ("For attorneys in the same firm to represent adverse parties in the same litigation is so patently improper that the rule of disqualification is a per se or 'automatic' one."); M'Guinness v. Johnson (2015) 243 Cal. App. 4th 602, 608 ("[D]isqualification is not generally disfavored. Indeed, when the circumstances of a disqualifying conflict exist . . . disqualification is required.").

While the Rules of Professional Conduct bars simultaneous representation of adverse clients in the absence of informed written consent, the courts have taken a strong stance in favor of disqualification in cases involving non-waivable conflicts — i.e., situations in which an attorney's representation of one client would compromise the interests of another in a contested matter. In such cases, there can be no informed consent. See Flatt, 9 Cal. 4th at 288 ("[A]n attorney is precluded from assuming any relation which would prevent him from devoting his entire energies to his client's interests. . . . The rule is designed not alone to prevent the dishonest practitioner from fraudulent conduct, but as well to preclude the honest practitioner from putting

himself in a position where he may be required to choose between conflicting duties, or be led to attempt to reconcile conflicting interests, rather than to enforce to their full extent the rights of the interest which he should alone represent.") (citation omitted); Klemm v. Superior Court (1977) 75 Cal. App. 3d 893, 898 ("As a matter of law a purported consent to dual representation of litigants with adverse interests at a contested hearing would be neither intelligent nor informed. Such representation would be per se inconsistent with the adversary position of an attorney in litigation, and common sense dictates that it would be unthinkable to permit an attorney to assume a position at a trial or hearing where he could not advocate the interests of one client without adversely injuring those of the other.").

Again, It is well settled that attorneys are prohibited from advancing a client's position in a contested matter if that position would also harm the interests of another client in the same or a concurrent matter.  The most "egregious" conflict of interest is "simultaneously representing opposing parties in the same litigation." Flatt, 9 Cal.4th at 283-84. "When counsel owes a duty of loyalty to two clients, it is impossible for him or her to advise either one as to a disputed claim against the other." Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd. (1993) 12 Cal. App. 4th 74, 95-96; see also, Walker v. Apple, Inc. (2016) 4 Cal. App. 5th 1098, 1102.  The law is clear that concurrent representation is absolutely precluded when clear rights of indemnification exist by one client against another joint client for misconduct.  See Juniper Garden Town Homes, 12 Cal. App. 4th at 96.  Here, because Jefferies has admitted that it already foreclosed on Silo for the underlying lending facility — and agents of Silo encouraged and are directly implicated in the alleged misconduct that is at issue in Jefferies' complaint — neither

Jefferies nor Silo can be represented by their current counsel, who, upon information and belief, advised them on the underlying lending facilities or earned fees on the underlying securitized instruments.

Counsel cannot ethically argue both positions. Flatt v. Superior Court, 9 Cal. 4th 275, 282 (1994); People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc., 20 Cal. 4th 1135, 1146 (1999).

This conflict undermines the integrity of Plaintiff's filings and is an additional ground to question standing and credibility.

**VII. PLAINTIFF'S UNLAWFUL LENDING AND FINANCING ACTIVITIES IN CALIFORNIA**

Even if Jefferies could otherwise assert standing, its claims are barred because neither Jefferies Funding LLC nor Silo held a valid California finance-lender license under the California Financing Law ("CFL"), Cal. Fin. Code §§ 22000 et seq. Also, the Silo Instant Pay lending program was usurious in nature, and the amount of fees, charges, and other amounts that Silo and Jefferies charged under the program charged unlawful interest <u>in excess of 10% per annum</u> that violates the California state prohibition on usury. Public DFPI records show no active license for either entity during the relevant period.

Operating as a lender or factor without such a license renders any loan, advance, or receivables agreement void and unenforceable. Cal. Fin. Code § 22750(b); Montgomery v. GCFS, Inc., 237 Cal. App. 4th 724, 732 (2015). Because the alleged "Instant Pay Program" was, in substance, a lending arrangement conducted without authorization, Jefferies' and Silo's claims are unlawful and unenforceable. De la Torre v. CashCall, Inc., 5 Cal. 5th 966, 980 (2018).

Unlicensed and usurious lenders have no right to recover on void contracts; thus, the complaint should be dismissed with prejudice.

**VIII. CONCLUSION**

For the foregoing reasons, Defendant Philip Ward respectfully requests that the Court dismiss Plaintiff's First Amended Complaint with prejudice for lack of subject matter jurisdiction under Rule 12(b)(1) and, in the alternative, for failure to state a claim under Rule 12(b)(6).

Respectfully submitted,

DATED: OCTOBER 17, 2025

_____

PHILIP WARD

In Pro Se