UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERIES FUNDING LLC,<br>Plaintiff,<br>v.<br>DASAGROUP HOLDINGS CORP., et al.,<br>Defendants. | Case No. 24-cv-05639-TLT (LJC)<br><br>**ORDER SETTING EVIDENTIARY HEARING FOR MOTION FOR DEFAULT JUDGMENT AND DETERMINING CHOICE OF LAW FOR INTEREST CALCULATION**<br><br>Re: Dkt. Nos. 280, 309 |

## I. INTRODUCTION

Before the Court is a Motion for Default Judgment (Motion) by Defendant and Cross-Claimant Dasagroup Holdings Corp. (Dasagroup) against Defendant and Cross-Claim Defendant London Fruit, Inc. (London Fruit). ECF No. 280. The presiding judge referred the Motion to the undersigned for a report and recommendation. ECF No. 284. In addition to opposing the Motion, London Fruit filed an Administrative Motion for an Evidentiary Hearing on the Motion, which Dasagroup later agreed to. ECF Nos. 291, 309, 318.

On November 17, 2026, the Court held a hearing on the Motion for Default Judgment and the Administrative Motion for an Evidentiary Hearing. The Court now GRANTS the Administrative Motion for an Evidentiary Hearing and determines that it will recommend the application of Texas law to the calculation of interest on damages owed to Dasagroup by London Fruit. Based on the parties' stipulation at the hearing, the objections filed at ECF Nos. 293, 294, 310, and 311 are MOOT.

United States District Court
Northern District of California

United States District Court
Northern District of California

## II. BACKGROUND

This order presumes the reader's familiarity with the case and incorporates the Background section of the presiding judge's Order Granting in Part and Denying in Part Jefferies Funding, LLC and Silo Technologies, Inc.'s Motion for Summary Judgment. ECF No. 313 at 2–6.

In summary, Dasagroup is a Washington corporation that buys and sells avocados. *Id.* at 2. Dasagroup has a principal place of business in Shoreline, Washington. *Id.* Philip Ward is Dasagroup's president and CEO, and the presiding judge in this case has held that Dasagroup is Ward's alter ego. *Id.* at 2, 10. London Fruit is a Texas corporation with a principal place of business in San Francisco, California. *Id.* at 2. To support its business, Dasagroup entered into an agreement with Third-Party Defendant Silo Technologies, Inc. (Silo) to participate in its Instant Pay Program financed by Plaintiff Jefferies Funding, LLC (Jefferies). *Id.* Dasagroup sells Silo receivables purportedly arising from Dasagroup's avocado sales to London Fruit in exchange for Silo's right to collect payment on purchased receivables from London Fruit directly. *Id.* at 2–3. Jefferies alleges that Silo funded approximately $2.9 million in receivables, and that Dasagroup collected $1.7 million from London Fruit on receivables purchased by Silo and failed to remit those collections to Silo as required by their agreement. *Id.* at 3.

On June 19, 2024, Jefferies and Silo entered into a Forbearance Agreement with Dasagroup under which Dasagroup acknowledged owing $3,076,444.56 and agreed to make weekly payments toward its debt, but Dasagroup quickly defaulted, leaving $3,729,257.94 outstanding. *Id.* Jefferies then filed this action against Dasagroup and London Fruit on August 21, 2024. ECF No. 1. Dasagroup answered Jefferies' Complaint, asserting cross-claims against London Fruit and Counterclaims against Jefferies before amending its responsive pleading to assert First Amended Counterclaims and Crossclaim and filing a Third-Party Complaint against Silo. ECF Nos. 23, 28.

On November 12, 2024, the Clerk entered default against London Fruit on Jefferies' request, and on March 18, 2025, entered default against London Fruit on Dasagroup's Crossclaims. ECF Nos. 76–77. London Fruit moved to set aside the entries of default on April 2, 2026. ECF No. 219. The presiding judge denied that motion because London Fruit's prior

behavior was "sufficient to constitute legally culpable conduct," its own admission of liability "did not meet the minimal burden of satisfying the meritorious defense requirement," and there was prejudice to Jefferies and Dasagroup. ECF No. 252 at 8–10.

On August 5, 2026, Dasagroup filed its Motion for Default Judgment against London Fruit, asking the Court to award it $5,759,744.63 for unpaid invoices and an additional $1,573,197.13 in pre-judgment interest at a rate of ten percent per annum from the date each invoice became due based on California law, for a total of $7,332,941.76 in combined principal and interest. ECF No. 280 at 9–10. In its Opposition brief to Dasagroup's Motion, London Fruit disputes both the amount of principal owed and the applicable interest rate, which it contends should be calculated under Texas law because where Dasagroup delivered avocados to London Fruit's warehouse in Texas, the contract between the two parties was performed in Texas. ECF No. 291 at 17–18; ECF No. 291-1 (Inigo Decl.) ¶ 5. Dasagroup responded by asserting in its Reply that the interest rate should be determined under Washington law rather than California or Texas law. ECF No. 305 at 5. The Motion for Default Judgment and the subsequent briefing raise other issues, but the undersigned here addresses only the issue of which state's law should control the question of prejudgment interest.

On September 24, 2026, London Fruit filed an Administrative Motion for an Evidentiary Hearing on the Motion for Default Judgment. ECF No. 309. On November 5, 2026, Dasagroup filed a Non-Opposition to and Agreement with the Administrative Motion. ECF No. 318. The undersigned held a hearing on the Motion for Default Judgment and the Administrative Motion for an Evidentiary Hearing on November 17, 2026. ECF No. 323.

## III. THE EVIDENTIARY HEARING

London Fruit's Administrative Motion for an Evidentiary Hearing (ECF No. 309) is GRANTED. A full-day hearing is set for January 20, 2027, beginning at 9:30 a.m. in San Francisco, Courtroom G, 15th Floor, though the parties may only require a half-day hearing.

By January 6, 2027, the parties must agree on and submit a joint filing including: (1) a joint statement of stipulated facts; (2) a final list of witnesses to appear, the time needed for each witness by both parties, and a statement about which issues the parties attend to address for each witness;

(3) a joint schedule separating agreed transactions from disputed pricing, deductions, missing payments, and other differences;[1] (4) the exhibits the parties intend to submit during the hearing; and (5) any advance rulings the parties intend to request.

## IV. CHOICE OF LAW GOVERNING INTEREST

### A. Legal Standard

A federal court in diversity actions applies the forum state's choice-of-law rules. *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001). California applies the governmental-interest test, first determining whether the foreign law differs materially from California law (meaning, application of the laws leads to different results) and, if so, applies the law of the state whose interests would be more impaired if its law were not applied. *Id.* (citing *Wash. Mut. Bank, FA v. Super. Ct.*, 24 Cal. 4th 906, 918–21 (2001)).

A choice-of-law analysis is made on an issue-by-issue basis. *S. A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.*, 641 F.2d 746, 749 (9th Cir. 1981). The party invoking a foreign forum's law has the burden of proof. *Zinser*, 253 F.3d at 1187.

Under California law, a contract is interpreted "according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." Cal. Civ. Code § 1646. "A contract 'indicates a place of performance' within the meaning of section 1646 if the contract expressly specifies a place of performance or if the intended place of performance can be gleaned from the nature of the contract and its surrounding circumstances." *The Pep Boys Manny Moe & Jack of Cal. v. Old Republic Ins. Co.*, 98 Cal. App. 5th 329, 347 (2023) (cleaned up) (citing Cal. Civ. Code § 1646; *Frontier Oil Corp. v. RLI Ins. Co.*, 153 Cal. App. 4th 1436, 1443 (2007)).

[1] The joint schedule may take the form of a table or a modified version of the spreadsheet (adding columns) that includes, at a minimum, the invoice date, invoice number, the alleged unpaid balance (as alleged by Dasagroup), whether the transaction is disputed or not, and a column or section per party to explain their side of the dispute, with clear citations to any underlying records or other evidence supporting their position. It should also include a column for the Court's notes. In addition to filing the joint schedule on the docket, the parties must email an editable version of the schedule to ljcpo@cand.uscourts.gov.

**B. Analysis**

London Fruit contends that Texas law applies and that it differs materially from California law with respect to prejudgment interest: under Texas law, "prejudgment interest accrues at the rate for postjudgment interest and it shall be computed as simple interest." ECF No. 291 at 17 (quoting *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532 (Tex. 1998) *superseded by statute on other grounds* Tex. Fin. Code Ann. § 304.1045). For breach of contract claims, the applicable rate is the Federal Reserve prime rate subject to a 5% floor in contrast to California's 10% rate, Tex. Fin. Code Ann. § 304.003, and interest starts accruing no earlier than the earlier of 180 days after written notice of the claim or the date suit is filed, not from the due date of the invoices, *Johnson*, 962 S.W.2d at 531. ECF No. 291 at 17. London Fruit argues that the contract is governed by Texas law because, according to the agreement, every relevant contact is in Texas—the contract provides for (and Dasagroup performed) delivery of avocados to London Fruit's warehouse in Texas and London Fruit is a Texas entity while Dasagroup is not a California entity. Thus, London Fruit argues, California has no interest in applying its prejudgment rule to this contract dispute. *Id.* at 18.

In response to London Fruit's dispute of the applicable law, Dasagroup newly advances the application of Washington law in its Reply, arguing that the contracts and invoices originated in Washington, payments were expected and received in its Washington bank account, and all of its work was performed in Washington, although the fruit was delivered in Texas. ECF No. 305 at 5. Dasagroup argues that the issue in dispute is the consequence of London Fruit's failure to pay its debt—harm to Dasagroup—and Washington has an interest in protecting its citizens from breaches; Texas, on the other hand, has no interest in the dispute because London Fruit is the tortfeasor and no interest in protecting Texas citizens applies. *Id.* Under the Revised Code of Washington § 19.52.010, prejudgment rates are set at 12%.

The issue is then whether Texas or Washington law controls as Dasagroup has abandoned its initial assertion of California law. Texas law applies.

First, the foreign laws differ materially from California law as demonstrated by the parties. *Zinser*, 253 F.3d at 1187. Under California law, when the interest rate is not specified in a

contract, prejudgment interest accrues at a rate of ten percent per annum after a breach. Cal. Civ. Code § 3289; *Soleimany v. Narimanzadeh*, 78 Cal. App. 5th 915, 923 (2022). Under Texas law it "is calculated as simple interest and is based on the postjudgment interest rate applicable at the time of judgment," and the postjudgment interest rate is either "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of the computation" if above five percent per annum and below fifteen percent per annum, five percent per annum if the prime rate is below five percent, and fifteen percent if the prime rate is above fifteen percent. *Siam v. Mountain Vista Builders*, 544 S.W.3d 504, 514 (Tex. App. 2018); Tex. Fin. Code Ann. § 304.003. Finally, under Washington law, prejudgment interest accrues "at the higher figure of either 12 percent or the average treasury bill rate plus 4 percent." *TJ Landco, LLC v. Harley C. Douglass, Inc.*, 186 Wash. App. 249, 255 (2015) (citing Wash. Rev. Code Ann. § 19.52.020(1)).

Second, the Court has the discretion to decline consideration of an argument first raised on reply, which Dasagroup has done here. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Third, the points that Dasagroup advances in favor of applying Washington law are ones that London Fruit can likely counter with its own points: just as Dasagroup issued invoices from Washington and expected and received payments in its Washington bank account, London Fruit could likely have made the argument that it received invoices in Texas and made payments from a Texas bank account had Dasagroup invoked Washington law in its Motion and allowed London Fruit an opportunity to reply. The Court does not require such a showing as Dasagroup first raised its argument on Reply. With those factors aside, the distinguishing factor that remains concerning the performance of the contract is that the actual delivery of avocados happened in Texas. Under California law, that means that Texas law governs the contract. Cal. Civ. Code § 1646.

Fourth, Dasagroup's contention that Washington has an interest in protecting its citizens from breaches and that Texas has no interest in the dispute because London Fruit is the tortfeasor is not supported by the law. The California Supreme Court has held that "each state has an interest in setting the appropriate level of liability for companies conducting business within its territory." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 592 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th

United States District Court
Northern District of California

Cir. 2022) (citing *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 91 (2010)). Texas has an interest in limiting London Fruit's liability in these circumstances, particularly where the delivery of goods occurred in Texas.

Therefore, under both California Civil Code Section 1646 and California's governmental-interest test, Texas law applies to the parties' agreement, including the calculation of prejudgment interest on unpaid invoices.

## V. CONCLUSION

London Fruit's Administrative Motion for an Evidentiary Hearing (ECF No. 309) is GRANTED. A full-day hearing is set for January 20, 2027, beginning at 9:30 a.m. in San Francisco, Courtroom G, 15th Floor. The pre-hearing filings described in this Order are due January 6, 2027.

The Court will recommend that Texas law govern the calculation of interest on damages owed to Dasagroup by London Fruit in this case.

The objections filed at ECF Nos. 293, 294, 310, and 311 are MOOT.

**IT IS SO ORDERED.**

Dated: November 19, 2026

LISA J. CISNEROS
United States Magistrate Judge